# In the United States Court of Federal Claims

|  |  |
|---|---|
| Franklin: Maldonado©, Trustee of | ) |
| Maldonado's Familia GodTrust | ) |
| Plaintiff(s), | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Case No. _25-1289 T_____

Judge _____

## COMPLAINT

Your complaint must be clearly handwritten or typewritten, and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space, you may use another blank page. A fillable pdf is available at http://uscfc.uscourts.gov/filing-a-complaint.

If you intend to proceed without the prepayment of filing fees (*in forma pauperis* (IFP)), pursuant to 28 U.S.C. § 1915, you must file along with your complaint an application to proceed IFP.

1. **JURISDICTION.** State the grounds for filing this case in the United States Court of Federal Claims. The United States Court of Federal Claims has limited jurisdiction (*see* e.g., 28 U.S.C. §§ 1491-1509).

This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), to adjudicate claims for monetary relief against the United States founded upon the Constitution, federal statutes, and contracts. This Complaint arises from violations of the Takings Clause of the Fifth Amendment, the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, the procedural guarantees of the Sixth Amendment, and the Supremacy Clause of Article VI, Clause 2 of the United States Constitution. The United States is liable for monetary damages resulting from unconstitutional takings, denial of due process, obstruction of fair tribunal access, federal agency inaction, and state-level judicial misconduct committed under color of law in direct conflict with federal supremacy.

Received – USCFC

AUG – 4 2025

A-5

## 2. PARTIES

Plaintiff, _Franklin: Maldonado©, Trustee_ , resides at _c/o 671 Exeter Road_
                                                                  (Street Address)

_Lebanon, Connecticut [06249]_                    , _(959) 223-7573_
        (City, State, ZIP Code)                        (Telephone Number)

If more than one plaintiff, provide the same information for each plaintiff below.

_____
_____
_____

## 3. PREVIOUS LAWSUITS. Have you begun other lawsuits in the United States Court of Federal Claims?        ☐ Yes ☑ No

If yes, please list cases: _____
_____

## 4. STATEMENT OF THE CLAIM. State as briefly as possible the facts of your case. Describe how the United States is involved. You must state exactly what the United States did, or failed to do, that has caused you to initiate this legal action. Be as specific as possible and use additional paper as necessary.

Plaintiff brings this action under the Tucker Act, 28 U.S.C. § 1491, for constitutional and economic injury caused by the failure of federal agencies—including the U.S. Department of Justice (DOJ), the U.S. Department of Housing and Urban Development (HUD), and other oversight bodies—to perform mandatory enforcement and disclosure duties after receiving formal notice, affidavits, and FOIA submissions. Their prolonged inaction allowed state actors to proceed under color of law with unlawful judicial processes, resulting in commercial interference, asset conversion, and a foreclosure scheme involving federally backed REMIC Trust assets.

As a direct result of these agency omissions, Plaintiff was subjected to procedural suppression in state foreclosure proceedings where judges and clerks disregarded federal supremacy, ignored unrebutted affidavits, and suppressed constitutional objections and due process rights.

The harm includes the unlawful taking of private commercial assets and trust property without just compensation in violation of the Fifth Amendment, denial of meaningful access to a fair tribunal under the Sixth and Fourteenth Amendments, and institutional misconduct in violation of the Supremacy Clause (Article VI, Clause 2). These violations collectively injured Plaintiff's rights as Trustee and Secured Party of MALDONADO'S FAMILIA GODTRUST©.

**5. RELIEF.** Briefly state exactly what you want the court to do for you.

Plaintiff demands $25,000,000 for harm caused by federal agency failure, including HUD and DOJ omissions, denial of FOIA, and refusal to enforce trust protections. Relief includes monetary judgment, recognition of federal liability, and any other just remedy.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 1_____ day of August_____, 2025____ .
         (day)              (month)          (year)

_____
Signature of Plaintiff(s)

A-7

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**MALDONADO'S FAMILIA GODTRUST©,**
*By and through its Trustee and Secured Party,*
**FRANKLIN: MALDONADO©,**
**Claimant,**

v.

**THE UNITED STATES OF AMERICA,**
**Defendant.**

Civil Claim No. (To Be Assigned)

COMPLAINT FOR MONETARY DAMAGES UNDER THE TUCKER ACT, FIFTH AMENDMENT, EXECUTIVE ORDER 13818, AND COMMERCIAL LAW

## COMPLAINT

This Court operates under Article I of the U.S. Constitution, with jurisdiction governed by 28 U.S.C. § 1491 (The Tucker Act). It may adjudicate monetary claims against the United States founded upon the Constitution, statutes, or commercial instruments.

This Complaint is brought under lawful standing, fiduciary authority, and perfected security interest, seeking redress for commercial takings, constitutional violations, and systemic failures arising under color of law—while the United States held regulatory, supervisory, and delegated enforcement jurisdiction.

Claimant further incorporates all **attached Exhibits A through W** into the record of this Complaint and reserves the right to supplement as necessary.

## I.    PRELIMINARY STATEMENT

This complaint is not merely a grievance — it is a constitutionally lawful demand for remedy to a series of deliberate and compounding injuries, executed under color of state law, and left uncorrected by federal oversight mechanisms despite lawful and timely notice, depriving the Claimant of property, commercial instruments, due process, and equal protection in violation of the Constitution and statutory safeguards.

At the heart of this matter is a judicial process that no longer resembled adjudication. The Connecticut trial and appellate courts engaged in a deliberate and documented pattern of

Received – USCFC

AUG – 4 2025

procedural suppression, transcript tampering, void judgments, and record manipulation—all of which were enforced against a private trust holding perfected commercial liens and unrebutted security interest in the underlying property. These acts were not accidental or negligent; they were systemic, coordinated, and constitutionally intolerable.

Despite multiple lawful attempts by the Claimant to engage the judicial process through verified affidavits, trust documentation, perfected UCC filings, and unrebutted judicial notices, the state court actors—both at the trial and appellate levels—repeatedly suppressed critical evidence, dismissed filings without opinion or hearing, and permitted fraudulent documents submitted by private attorneys to remain in the record, unrebutted and untested. This culminated in a foreclosure process that was not only legally void, but constitutionally offensive.

To be clear, this claim does not seek appellate review of a state foreclosure decision. It seeks compensatory relief against the United States for harm caused by state actors whose abuse of authority occurred within and under federally regulated frameworks—namely mortgage securitization, REMIC trust structures, and property-related due process protections that fall within the scope of federal interest and oversight.

While the U.S. Department of Housing and Urban Development (HUD), the Department of Justice (DOJ), the Office of Foreign Assets Control (OFAC), and the Federal Bureau of Investigation (FBI) were all notified in good faith through formal documentation—including FOIA submissions, sanctions referrals, and procedural complaints—the federal agencies did not act with the urgency the situation demanded. Their delayed response, though not necessarily malicious, allowed the harm to crystallize under color of judicial authority. Had timely oversight or intervention occurred, the harm now before this Court may have been prevented.

The damages sustained by the Claimant are not abstract or speculative. They are grounded in economic injury, trust violations, property deprivation, redaction failures, and unrebutted public record fraud—all of which can be substantiated with documentary evidence, court dockets, certified affidavits, and unrebutted filings. This claim now seeks just compensation under the Tucker Act, the Fifth Amendment, and applicable federal law for injuries that occurred through the failure of federally-anchored protections to shield the Claimant from judicial abuse.

The United States, though not the author of this harm, is the party constitutionally tasked with ensuring that such harm is not carried out under its watch.

## II.    JURISDICTION AND STANDING

This Court has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, which grants the United States Court of Federal Claims authority to hear claims against the United States founded upon the Constitution, federal statutes or regulations, or express or implied contracts with the federal government. The present action arises under the Fifth Amendment of the United States

Constitution, specifically the Takings Clause and Due Process protections, and involves federal interests in property rights, commercial liens, and regulatory obligations within federally influenced judicial environments.

The Claimant, Franklin: Maldonado©, appears in his private capacity as Trustee and Secured Party of MALDONADO'S FAMILIA GODTRUST©, a private trust holding perfected and unrebutted commercial liens over the subject matter property. The Claimant has standing under Article III, as he has suffered concrete, particularized, and actual injury caused by the denial of due process and constitutional protections during state-level foreclosure proceedings conducted under color of law and within federally regulated structures, including those involving mortgage securitization.

Although the conduct at issue was perpetrated primarily by state court officials and private actors, the United States retains liability for allowing such injury to occur uncorrected within the realm of federal regulatory interest. Federal agencies, including HUD, DOJ, FBI and OFAC, were placed on formal notice through verified submissions, FOIA requests, and documentary filings identifying systemic abuse and procedural fraud. The harm ultimately sustained occurred not because the United States committed the initial acts, but because it failed to act where obligated by law to protect the rights and property interests secured under federal frameworks.

Accordingly, this Court has subject matter jurisdiction over the claims asserted herein, and the Claimant possesses lawful standing to seek redress for commercial injury, property deprivation, and constitutional violations that occurred under color of law within a federally governed legal environment.

## III.    PARTIES

**Claimant:**
Franklin: Maldonado© appears in his private capacity as the lawful Trustee and Secured Party of **MALDONADO'S FAMILIA GODTRUST©**, a private ecclesiastical trust holding perfected and unrebutted commercial liens over the subject matter property. The Claimant resides within the territorial jurisdiction of the United States and maintains standing as both a fiduciary and injured party whose trust estate has been damaged through state-sanctioned judicial misconduct, property deprivation, and federal regulatory neglect.

Claimant's legal interest is grounded in:

- Perfected Uniform Commercial Code filings (UCC-1 Financing Statement No. 0005136101 and UCC-3 Assignments),
- Verified trust declarations and instruments of title,

- Public notices and unrebutted affidavits preserved within administrative, judicial, and international forums.

**Defendant:**

The **United States of America**, acting through its executive and administrative agencies, including but not limited to the U.S. Department of Housing and Urban Development (HUD), the U.S. Department of Justice (DOJ), and related federal regulatory bodies, is named as the sole defendant under the Tucker Act, 28 U.S.C. § 1491.

While the immediate harm was committed by state judicial officers, clerks, and private attorneys under color of state law, the federal government bears liability for failing to intervene, correct, or prevent such injury within a framework that is federally regulated—namely, mortgage securitization, property trust administration, civil rights protections, and administrative due process. The United States is responsible under federal law for redressing such constitutional and commercial injuries when they occur in areas subject to its jurisdiction, regulatory influence, and oversight duties.

## IV.    STATEMENT OF FACTS

### A.  Claimant's Legal Position and Perfected Standing

Claimant Franklin: Maldonado© is the lawful Trustee and Secured Party of **MALDONADO'S FAMILIA GODTRUST©**, a private ecclesiastical trust holding perfected and unrebutted commercial liens over the subject property. Through Uniform Commercial Code filings— including **UCC-1 Financing Statement No. 0005136101, UCC-3 Continuation No. 0005163088,** and **Assignment No. 0005282014**—the trust established perfected security interest and control over all commercial liability related to the mortgage loan, which was improperly originated and transferred through REMIC structures in violation of federal and contractual law.

The Claimant also holds certified trust declarations, collateral schedules, unrebutted affidavits, and administrative filings showing full commercial dominion and legal standing over the property and instruments at issue.

This case is not merely about foreclosure. It is about the systemic hijacking of due process and the weaponization of judicial machinery against a secured trust estate, while the very agencies tasked with oversight stood silent. The harm is not speculative — it is documented, unrebutted, and repeatable. This Court is now the last lawful venue available to enforce the Constitution.

### B.  Fraud and Procedural Misconduct at the Trial Court Level

Despite these lawful interests, the Connecticut Superior Court (New London Judicial District, Case No. KNL-CV23-6062914-S) proceeded with foreclosure adjudication under false presumptions of standing and jurisdiction. Plaintiff's attorneys submitted defective affidavits, void assignments, and an exterior-only appraisal, all in support of a fraudulent complaint that lacked lawful authority.

The trial court ignored:
1. Lawfully filed objections,
2. Judicial estoppel notices,
3. Verified trust declarations and lien evidence.

- **Judge James Spallone**, acting under color of law as presiding judge in the trial court, engaged in a pattern of constitutional violations, procedural suppression, and judicial misconduct. He denied the Claimant meaningful access to justice, ignored unrebutted affidavits and lien documents, and sustained a default judgment despite clear procedural defects in violation of **Connecticut Practice Book §§ 10-12, 17-20, and 11-10**. He suppressed filings invoking federal oversight, refused to address perfected lien instruments, and permitted the concealment of opposing counsel's procedural fraud. These actions, taken together, constitute direct violations of the **5th, 6th, and 14th Amendments** to the U.S. Constitution, as well as **Article VI, Section 2 (Supremacy Clause)**. His conduct violated **Canon 2.2 (impartiality), Canon 2.4(B) (external influence), and Canon 2.6(A) (right to be heard)** of the Connecticut Code of Judicial Conduct, resulting in **irreparable due process injury, denial of confrontation rights, and procedural fraud under the guise of judicial discretion**.

- **Clerk Olivia Boudreau** entered a default judgment despite unrebutted filings and lawful notices, in violation of **Practice Book §§ 10-12, 17-20, and 11-11**. She obstructed multiple filings and imposed filing procedures inconsistent with lawful practice, exacerbating the procedural harm caused under color of law.

### C.  Transcript Tampering and Public Record Abuse

Trial transcripts submitted to the appellate court were manipulated in violation of **18 U.S.C. §§ 1512 and 1519**, removing material parts of the record including:
1. The Claimant's reservation of rights under **UCC § 1-308**,
2. Invocation of the judge's oath,
3. Objections to contract joinder and jurisdiction.

In addition, the trial court publicly published the Claimant's private identifying information, violating court rules on redaction and **federal privacy standards** governing judicial filings.

### D. Procedural Suppression at the Appellate Level

The Connecticut Appellate Court (**Case No. AC 47815**) denied all judicial notices, estoppel filings, and constitutional evidence without explanation. The panel—**Judge Alvord, Judge Clark**, and **Judge Eveleigh**—issued a **per curiam affirmance** on **June 13, 2025**, despite:

1. **Unrebutted judicial estoppel notices,**
2. **Verified UCC lien filings** and trust documentation,
3. **Documented violations of due process,**
4. **Evidence of transcript tampering** and unlawful default entry.

Two court case managers—**Attorney Samuel Thomas** and **Attorney Corey M. Daige**—acted as institutional filters and suppressors of due process filings:

1. **Samuel Thomas** dismissed a lawful opposition to the appellee's extension motion, calling it "ridiculous," despite it citing **Practice Book § 4-2**, which prohibits attorneys from signing court documents under a name not matching their attorney roll identity.
2. **Corey M. Daige** dismissed multiple unopposed filings by the Claimant, including the **"Notice of Appellate Judicial Estoppel and Federal Record Finalization"** and **"Notice of Procedural Suppression and Federal Parallel Review."** His repeated suppression of unrebutted filings rendered the appellate process void of neutrality and judicial integrity.

### E. Admissible Statement by Opposing Counsel

During trial proceedings, opposing counsel for Lakeview Loan Servicing admitted on record that their client had **'never claimed to be a holder in due course,'** only a **'holder.'** This is a critical legal distinction under **UCC § 3-302**, as only a holder in due course may foreclose on a negotiable instrument **absent original possession and clear title free of defenses.** This admission **disqualifies Lakeview from enforcing foreclosure** under controlling commercial law and establishes a fatal standing defect, supporting the Claimant's position of wrongful foreclosure and judicial estoppel.

### F. Preserved Record of Judge Thomas Cecil's Misconduct (July 16, 2025 Hearing):
a. During the July 16, 2025 hearing in case KNL-CV-23-6062914-S, Judge **Thomas Cecil** engaged in judicial misconduct by **coaching opposing counsel on the record,** instructing them on how to refile a defective *Motion to Reset Sale Date* after the Claimant had already filed a written objection (**Entry #149.00**) and preserved all rights under UCC § 1-308.
Judge Cecil did **not acknowledge the timely motion,** failed to address the objection, and instead acted in a way that **violated multiple judicial canons,** including:

1. **Canon 2.2** – Failing to maintain impartiality;
2. **Canon 2.4(B)** – Providing procedural assistance to counsel;
3. **Canon 2.6(A)** – Denying the right to be heard.

His actions amounted to **procedural fraud** and **a denial of due process** under the **Fifth and Fourteenth Amendments**, further supporting the Claimant's demand for federal review, judicial estoppel, and relief from void state proceedings conducted under color of law.

b. **Judicial Notice and Commercial Liability Filing:** On or about July 25, 2025, the Claimant submitted a sworn *Master Notice of Liability, Commercial Violations, and Demand for Judicial Record Entry* into the state case record as a judicial notice of procedural suppression, federal estoppel, and unrebutted liability. This document—preserved under affidavit, 28 U.S.C. § 1746, and UCC § 1-308—details the full timeline of court-level misconduct, commercial lien suppression, transcript tampering, and federal escalation history. It stands unrebutted in the record and is hereby incorporated by reference as *Exhibit W* to this federal complaint.

## G. Federal Oversight Was Timely Invoked But Not Enforced

The Claimant lawfully notified multiple federal oversight entities of the unfolding violations, including:

1. **U.S. Department of Housing and Urban Development (HUD)** – via FOIA Request No. **25-FI-HQ-02286,** partially fulfilled, with remaining inquiries unanswered as of July 2025;
2. **U.S. Department of Justice (DOJ)** – via Executive Order 13818 complaint, Case No. **596182-VNZ;**
3. **Office of Foreign Assets Control (OFAC)** – via Sanctions Referral Query No. **OFAC-2025-006966;**
4. **Federal Bureau of Investigation (FBI)** – formally notified of transcript tampering, trust fraud, and judicial misconduct;
5. The Claimant also initiated a lawful **international commercial claim, filed under Claim No. 70221670000132240795,** pursuant to private administrative process under long-standing international commercial law. This filing, conducted in the private domain and recognized under lawful enforcement protocol, documents trust-based injury, securitization fraud, and financial harm against the Claimant's secured estate. Though not judicial in nature, this claim stands as unrebutted evidence of global enforcement posture and lawful notice of harm.

While this complaint does not impute intentional wrongdoing to federal agencies, their non-response or deferred action — despite legally sufficient referrals and documentation — enabled

the perpetuation of harm by state actors operating under federally governed legal frameworks. Hence, these agencies acknowledged receipt and in some cases opened reviews. However, no agency acted in time to prevent the procedural and commercial harm now sustained. Their delayed response, though not willful, enabled state actors to complete their pattern of injury under federal silence.

Additionally, the Claimant, through private commercial research and preliminary HUD disclosures, identified a potential pattern of large-scale financial misconduct involving the Ginnie Mae REMIC Trust 2021-143, with an estimated value exceeding $500 million. Based on partial FOIA disclosures, the Claimant believes that this REMIC trust was improperly populated with invalid, incomplete, or commercially defective mortgage instruments—raising substantial questions of REMIC compliance, investor deception, and improper foreclosure practices across multiple loan pools. The Claimant's mortgage is demonstrably one such defective instrument, lacking proper assignment, delivery, or holder-in-due-course status.

In response, the Claimant notified the Federal Bureau of Investigation (FBI) as a matter of public duty and lawful concern. The referral was not based solely on personal injury, but on the broader discovery of potentially systemic REMIC violations and financial instrument fraud implicating federal securities regulations, investor risk, and public harm.

### H. Federal Pattern of Non-Enforcement

The DOJ, HUD, FBI, and OFAC — while notified — collectively form a federal pattern of non-enforcement, not because of negligence, but because they are overloaded or politically blocked from intervening in state judicial misconduct.

## V.    LEGAL BASIS FOR RELIEF

The Claimant, as the **Trustee of a perfected, recorded, and unrebutted private trust**, brings this claim not solely as an individual harmed, but as a fiduciary protecting the integrity of a secured estate. Therefore, the United States is liable to the Claimant for constitutional, commercial, and property-based injury arising from its failure to protect against or remedy violations committed under color of law by judicial officers, and state agents operating within federally regulated legal and financial environments. This claim is properly founded upon the following lawful authorities:

### A. The Tucker Act – 28 U.S.C. § 1491

Under the Tucker Act, this Court has jurisdiction to hear claims against the United States for monetary damages founded upon the Constitution, federal statutes, regulations, or contracts. The Claimant seeks redress for unlawful deprivation of property, trust instruments, and financial

security interests caused by systemic failure to uphold constitutional rights and commercial protections.

### B. U.S. Constitution – Fifth and Sixth Amendments; Article VI, Clause 2 (Supremacy Clause)

*1. Fifth Amendment – Takings and Due Process*

The Claimant was deprived of trust-held property and commercial instruments without due process or just compensation. Specific violations include:

1.  Foreclosure proceedings executed under defective jurisdiction and without lawful standing;
2.  Transcript tampering and judicial obstruction that denied a meaningful opportunity to be heard;
3.  Public release of personal and trust-related data, violating protected privacy and property interests.

*2. Sixth Amendment – Right to Confrontation and Fair Hearing*

Trial court Judge Spallone unlawfully denied the Claimant's motion for interlocutory appearance, violating:

1.  The right to face the opposing party;
2.  The right to cross-examine;
3.  The right to be present at critical stages of adjudication.

Judge Spallone's conduct demonstrated a systemic pattern of constitutional violation. By repeatedly denying lawful motions, suppressing timely filings, and ignoring standing objections preserved under UCC § 1-308, he stripped the Claimant of protections guaranteed by the Sixth and Fourteenth Amendments, as well as Article VI, Clause 2—the Supremacy Clause of the U.S. Constitution.

The trial and appellate courts failed to uphold the superior authority of the Constitution over state procedures, operating outside lawful jurisdiction while suppressing protected rights. These actors adjudicated in opposition to federal supremacy, creating direct liability under federal claim law.

### C. Uniform Commercial Code – UCC §§ 3-302, 3-301, 1-308

The Claimant holds a perfected commercial security interest in the property through a valid UCC lien chain. The judicial system and opposing parties unlawfully bypassed:

1. **UCC § 3-302**: Opposing counsel admitted on record their client was not a "holder in due course," disqualifying enforcement of the note under commercial law;

2. **UCC § 3-301**: Improper enforcement of instruments by parties lacking title, endorsement, or standing;

3. **UCC § 1-308**: The Claimant reserved all rights explicitly on the record, barring presumptive contract jurisdiction.

**D. Violation of the Freedom of Information Act (5 U.S.C. § 552) — Procedural Suppression, Constructive Denial, and Federal Record Obstruction**

The U.S. Department of Housing and Urban Development (HUD) engaged in a pattern of procedural suppression and record concealment in violation of the Freedom of Information Act, 5 U.S.C. § 552. The Claimant submitted FOIA Request No. 25-FI-HQ-02286 on April 8, 2025, seeking material records related to the securitization, ownership chain, insurance filings, and custodial handling of a federally-insured mortgage encumbering trust property. The request was formally acknowledged on April 15, 2025, following HUD's receipt of the notarized First Party Authorization Form.

Despite timely and complete compliance by the Claimant, HUD failed to issue a determination within the required 10-day expedited timeline (5 U.S.C. § 552(a)(6)(E)(ii)(I)) or the standard 20-day timeline (5 U.S.C. § 552(a)(6)(A)(i)). On May 2, 2025, the FOIA request was digitally erased from HUD's public portal without closure notice, denial letter, or system acknowledgment—effectively cutting off the Claimant from further electronic engagement. This erasure, executed without lawful notice or remedy, violated the agency's duties under FOIA, HUD's own regulations (24 C.F.R. § 15.106), and federal records retention law (44 U.S.C. Chapters 21, 29, and 31). It also constituted a **constructive denial** under 5 U.S.C. § 552(a)(6)(C)(i), as acknowledged in HUD's own FOIA Appeal Determination dated May 22, 2025.

Faced with this digital obstruction, the Claimant submitted FOIA Appeal No. 25-A-HQ-00019 on May 6, 2025, which was granted. In its written appeal determination, HUD acknowledged the agency's failure to respond in a timely manner and confirmed that the FOIA request remained active and under review. The acknowledgment further stated that a final determination would be issued upon completion of processing—a tacit admission that the earlier deletion and nonresponse violated statutory obligations.

Despite this administrative victory, HUD's subsequent conduct reflected continued bad faith. As of June 4, 2025—the deadline for final production after the appeal was granted—no documents were delivered. The HUD FOIA portal still listed the request as "No Requests Found," making the submission of further appeals, correspondence, or updates impossible. This systemic suppression triggered the filing of an **Affidavit of Silence and Procedural Obstruction**, as well as formal preservation notices to the U.S. Department of Justice (Case No. 596182-VNZ), the Office of Government Information Services (OGIS), and the trial court in Connecticut.

Eventually, in July 2025—nearly **100 days after the original filing**—HUD delivered a **fragmented partial response**. The documents disclosed a potential securitization link to Ginnie

Page 10 of 15

Mae REMIC Trust 2021-143, yet simultaneously denied the existence of key records pertaining to insurance claims, internal audits, MIC status, servicing chain, or custodial certification. HUD's failure to fully respond to the core elements of the request—and its delay in disclosing even partial records—denied the Claimant access to critical evidence needed to secure injunctive relief in the trial court, thereby compounding both procedural and financial injury.

This delay and obstruction directly violated:

1. **5 U.S.C. § 552(a)(6)(A)** – failure to determine and communicate request status within 20 days
2. **5 U.S.C. § 552(a)(6)(E)(ii)(I)** – failure to expedite determination
3. **5 U.S.C. § 552(a)(6)(C)(i)** – constructive denial acknowledged by HUD itself
4. **18 U.S.C. § 2071** – potential criminal concealment of federal records via digital erasure
5. **U.S. Const. Amends. V & XIV** – violation of due process in relation to evidentiary rights and legal defense
6. **44 U.S.C. Chapters 21, 29, 31** – breach of the Federal Records Act
7. **24 C.F.R. § 15.106** – noncompliance with HUD's own appeal and tracking mechanisms

The Claimant demands formal recognition of this FOIA obstruction as a **procedural and constitutional injury**, traceable to unlawful federal conduct, which materially impeded the Claimant's legal position, trust enforcement efforts, and property defense. All rights, claims, and remedies are hereby preserved.

### E. Executive Order 13818 – Global Magnitsky Human Rights Accountability Act

The acts of procedural fraud, deprivation of property rights, and coercive misuse of judicial authority committed by state actors — with no meaningful corrective action by federally bound enforcement — fall squarely under the prohibitions outlined in EO 13818, Section 1(a)(i)(A) and (B), which target actors who "are responsible for or complicit in, or have directly or indirectly engaged in, serious human rights abuse or corruption." These acts include:

1. Deprivation of property under color of law without due process (18 U.S.C. §§ 241, 242);
2. tampering with legal transcripts and affidavits (18 U.S.C. §§ 1512, 1519);
3. financial coercion and unlawful commercial takings under state-court pretext;
4. judicial coaching and unlawful suppression of rebuttal filings;
5. coercive fee demands unsupported by governing statutes.

These actions qualify under financial abuse, systemic corruption, and judicial coercion, all of which are actionable under EO 13818 and have been properly referred to OFAC (Ref. No. OFAC-2025-006966).

The facts presented meet the legal criteria under Section 1(a)(iii)(A) of Executive Order 13818, which authorizes sanctions against persons (including government officials) who are

Page 11 of 15

"responsible for or complicit in, or have directly or indirectly engaged in… corruption, including the misappropriation of state assets, the expropriation of private assets for personal gain, corruption related to government contracts or the extraction of natural resources, or bribery."

Additionally, under Section 1(a)(ii)(C), the conduct documented herein constitutes "serious human rights abuse" where the judicial process has been used as an instrument of oppression— through transcript tampering, property takings, and suppression of redress mechanisms. These acts were coordinated under color of law by state actors who, despite notice and opportunity to cure, continued to harm the Claimant's trust estate and private liberty interests.

These violations, though committed by state officials, fall squarely within the scope of EO 13818 because they were:

1. Systemic and coordinated acts of judicial corruption;
2. Involving misappropriation and attempted seizure of secured commercial property;
3. Designed to suppress lawful redress, silence public notice, and obstruct due process;
4. Reported formally to federal agencies, triggering international and financial oversight jurisdiction.

### F. Private Trust and Commercial Law – Standing and Enforcement

The Claimant, as Trustee and Secured Party of **MALDONADO'S FAMILIA GODTRUST©**, holds legal title and fiduciary duty over all assets involved. Enforcement is supported by:

1. A perfected lien chain under UCC filings;
2. International Commercial Claim No. **70221670000132240795**, lawfully unrebutted, confirming standing and documenting commercial injury, procedural fraud, and systemic suppression under long-standing commercial law doctrine.

This lawful private enforcement process remains active and is harmonized with recognized trust and commercial enforcement standards.

## VI.    DEMAND FOR RELIEF

The Claimant respectfully demands the following remedies from this Court, under its jurisdiction pursuant to the Tucker Act and applicable constitutional and commercial law:

### A. *Monetary Compensation for Takings and Trust Harm*

The Claimant seeks monetary damages in the amount of **$25,500,000.00**, representing:

Page 12 of 15

1. **Property Deprivation**: The wrongful foreclosure, attempted seizure, or misrepresentation of title to secured trust assets, executed under fraudulent or procedurally void court actions;
2. **Trust Harm**: Commercial injury to **MALDONADO'S FAMILIA GODTRUST©**, including unrebutted lien enforcement, loss of estate leverage, and breach of fiduciary protection under private trust law;
3. **Due Process and Constitutional Violations**: Deprivation of protected rights under the 5th, 6th, and 14th Amendments, including transcript tampering, suppression of unrebutted filings, denial of judicial notice, and exposure of private information without consent;
4. **Emotional and Procedural Distress**: Unlawful court coercion, obstruction of redress mechanisms, and ongoing retaliation and suppression under color of law.

### B. PRAYER FOR RELIEF

Then list your demands in bullet format:

1. A declaration that constitutional and commercial rights were violated under color of law;
2. Claimant seeks monetary compensation **well in excess of $25,000**, including but not limited to damages exceeding **no less than $25,000,000 (twenty-five million dollars)**, arising from commercial, constitutional, and procedural harm, under 28 U.S.C. § 1491;
3. Recognition of perfected trust interest and unrebutted lien status;
4. Acknowledgment of federal agency referrals as part of the enforcement chain;
5. Referral to internal federal oversight or investigatory units as needed;
6. Any other relief this Court deems just and proper.

### C. Declaratory Relief – Finding of Federal Responsibility

Claimant requests a declaratory judgment confirming that:

1. The State of Connecticut, through its judicial institutions and officers, violated the Claimant's constitutional and commercial rights under color of law;
2. Despite being lawfully and timely notified, federal agencies did not intervene—thereby allowing the violations to continue unimpeded under color of law. Therefore, the United States, (DOJ, OFAC, HUD, FBI), holds responsibility for failure to prevent or remedy in these violations;
3. Claimant's commercial and trust interests were improperly adjudicated without lawful standing, violating the Takings Clause and Due Process guarantees.

### D. Record Correction and Federal Publication

The Claimant requests a federal order directing:

1. Redaction or removal of personal identifying information unlawfully published in state records;
2. A statement of federal recognition of procedural misconduct in the handling of foreclosure, default, and judicial suppression actions related to the Claimant's estate.

### E. Preservation of Ongoing Enforcement Rights

This demand for relief is made **without waiving any rights** to pursue:

1. Additional claims under international commercial law;
2. Sanctions or bar referrals against specific judicial officers or attorneys;
3. Further action with the Department of Justice or U.S. Treasury pursuant to **EO 13818** and financial oversight mandates.

All filings, recordings, and administrative declarations are preserved in a private evidentiary lockbox, notarized and time-stamped, available for in-camera inspection by the Court upon request.

Claimant expressly reserves all rights to pursue further administrative, international commercial, and constitutional enforcement remedies, including but not limited to sanctions referrals, ICC proceedings, and executive redress, should this Court decline to act in equity and law.

Claimant hereby incorporates by reference all attached exhibits labeled **Exhibits A through V,** which support the factual and legal assertions in this Complaint. These exhibits include court records, judicial notices, sworn affidavits, administrative responses, certified filings, securitization documents, FOIA materials, and other evidentiary instruments substantiating both liability and damages as pleaded herein.

These exhibits are submitted under the authority of **RCFC 10(c)** and serve as integral evidentiary components of the record before this Court.

## VII.   CERTIFICATION AND SIGNATURE

I, the undersigned, certify under penalty of perjury under the laws of the United States that:

1. I am the Claimant in this action and the lawful Trustee and Secured Party of **MALDONADO'S FAMILIA GODTRUST©**;
2. I have read the foregoing Verified Complaint and declare that the facts stated herein are true and correct to the best of my knowledge, information, and belief;
3. I understand that the filing of false or misleading information may subject me to penalties of law and further enforcement;
4. I submit this Verified Complaint in good faith, seeking lawful redress for injury under the Constitution, commercial law, and trust rights.

I, Franklin: Maldonado©, Trustee and Secured Party of MALDONADO'S FAMILIA GODTRUST©, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed this **1** day of **August**, 2025

By:_____.
**Franklin: Maldonado©**
Trustee and Secured Party
MALDONADO'S FAMILIA GODTRUST©
c/o 671 Exeter Road, Lebanon Connecticut [06249]
Email: franklinmaldonado5@gmail.com
Phone: (959) 223-7573

Trust Seal affixed here