# INDEX OF EXHIBITS

## In Support of Complaint in MALDONADO'S FAMILIA GODTRUST© v. United States

**Claimant: Franklin: Maldonado©**
**Case Title:** *Maldonado v. United States*
**Venue:** U.S. Court of Federal Claims

This index identifies and authenticates each evidentiary exhibit submitted in support of the Verified Complaint. Exhibits are organized by category, labeled numerically, and referenced throughout the complaint body.

---

### Group A – Judicial Misconduct and Procedural Suppression

| Exhibit | Title | Description |
|---|---|---|
| A | Judicial Estoppel Notice (Trial Court) | Entry #148.00 placing court on notice of estoppel, jurisdictional objection, and fraud |
| B | Motion to Vacate Void Judgment | Entry #149.00 citing violations of Practice Book §§ 11-11, 17-4, and constitutional rights |
| C | Judicial Coaching and Transcript Summary Notice | Filed memorializing July 16, 2025 hearing coaching by Judge Celso under color of law |
| D | Judicial Notice of Conditional Marking (July 22, 2025) | Asserting jurisdictional reservation and estoppel rights |
| E | Appellate Per Curiam Affirmance (AC 47815) | Ruling issued without written opinion, post-filing of unrebutted judicial notices |

### Group B – Federal Oversight Evidence

| Exhibit | Title | Description |
|---|---|---|
| F | DOJ Acknowledgment – Case No. 596182-VNZ | Claimant's formal referral to the U.S. Department of Justice under Executive Order 13818, confirmed by digital submission acknowledgment and USPS |

| | | |
|---|---|---|
| | | Certified Mail proof of physical delivery. This exhibit confirms DOJ's receipt of a 57-page evidentiary enforcement package, which included unrebutted affidavits, judicial estoppel notices, and constitutional claims under 18 U.S.C. §§ 241, 242, 1512, and 1519. The full packet is available for in camera review upon request but is not attached herein. under EO 13818 |
| G | OFAC Acknowledgment – Ref. No. OFAC-2025-006966 | Confirmation of OFAC receipt and assignment under EO 13818 enforcement |
| I | HUD FOIA Acknowledgment and Timeline Documentation | Acceptance of FOIA Request No. 25-FI-HQ-02286 and delayed response timeline |
| J | Partial FOIA Response | HUD's late partial response |
| K | FBI Misconduct Notification – Judicial Suppression and Estoppel | Six-page formal notification submitted to the Federal Bureau of Investigation documenting procedural fraud, judicial misconduct, foreclosure tampering, and violations under color of law. This filing references and attaches a portion of the 56-page packet delivered to the FBI in July 2025.<br><br>Documents previously submitted to the FBI—including the DOJ referral (Exhibit F), REMIC and Bloomberg analysis (Exhibit S), and affidavits (Exhibits A–D, T)—are included in this complaint record. The full FBI packet is available for **in camera** judicial review upon request. |

## Group C – Commercial Standing and UCC Filings

| Exhibit | Title | Description |
|---|---|---|
| L | UCC-1 Filing #0005136101 | Original lien filing establishing secured party interest |

| Exhibit | Title | Description |
|---|---|---|
| M | UCC-3 Amendment #0005163088 | Amendment documenting perfected lien adjustments |
| N | UCC-3 Assignment #0005282014 to GODTRUST© | Public assignment of lien rights to MALDONADO'S FAMILIA GODTRUST© |
| O | Non-UCC Filing: Trust & Commercial Affidavit (Public Record Reference) | This exhibit confirms the public recording of Claimant's private commercial declaration, originally filed as Franklin Maldonado, Secured Party, prior to the formal transfer of fiduciary authority to MALDONADO'S FAMILIA GODTRUST©.<br><br>The affidavit was recorded in the Town of Lebanon Ct. Land Records under: **Instrument No. 2024-678, Book/Page: 339-767**<br><br>This filing places third parties on lawful notice of Claimant's secured status and commercial position at the time of recording. The full affidavit remains publicly available and will be provided upon request for in camera judicial review. |

## Group D – Mortgage Securitization and Procedural Fraud

| Exhibit | Title | Description |
|---|---|---|
| P | Statement of Material Judicial Admission: No Holder-in-Due-Course Status | Opposing counsel's on-record admission that Plaintiff is not a holder in due course, limiting enforceability under UCC Article 3. Statement memorialized due to transcript irregularities. |

| Exhibit | Title | Description |
|---------|-------|-------------|
| Q | Committee of Sale Appearance & Appraisal | Shows use of exterior-only appraisal and irregular assignment of sale |
| R | Foreclosure Worksheet | Demonstrates valuation inconsistency and internal servicing conflict |
| S | Securitization Evidence – Ginnie Mae REMIC Trust 2021-143 | Preliminary Bloomberg data, Flagstar transfer chain, or HUD pooled loan detail (to be supplemented if full dataset is obtained) |

## Group E – Private Enforcement and Trust Proof

| Exhibit | Title | Description |
|---------|-------|-------------|
| T | Expert Witness Mortgage Securitization Auditor | Sworn affidavit, expert credentials, and curriculum vitae of Bertrand Falls establishing qualifications under Federal Rule of Evidence 702. The affidavit authenticates the REMIC tranche analysis and Bloomberg terminal data (Exhibit S), confirms mortgage securitization into Ginnie Mae REMIC Trust 2021-143, and supports the conclusions reached in the forensic reports. Includes a detailed summary of the expert's background in financial markets, securitization audits, and mortgage-backed trust tracking. |
| U | ICC Claim #70221670000132240795 | Verified International Commercial Claim. Submitted for judicial verification only. Not for publication or third-party distribution. |
| V | Notice of Preservation of International Remedies | Formal reservation of all private and international enforcement remedies, including administrative proceedings, commercial liens, and ecclesiastical declarations. Filed in parallel to this proceeding for lawful notice only |

| Exhibit | Title | Description |
|---|---|---|
| W | Incorporated Judicial Notice of Liability | Incorporated in full at the beginning of this filing and entered into the record pursuant to Practice Book §§ 1-8 and 11-10. Serves as affidavit of record, unrebutted under 28 U.S.C. § 1746(1), and not restated here to avoid redundancy. |

Filed with Verified Complaint pursuant to Rule 7, U.S. Court of Federal Claims.

# Exhibit A

| Title | Description |
|---|---|
| Judicial Estoppel Notice (Trial Court) | Entry #148.00 placing court on notice of estoppel, jurisdictional objection, and fraud |

# FACSIMILE COVER SHEET

**To:** *Superior Court – Judicial District of New London*

**Fax Number:** (860) 442-7703

**From:** Franklin Maldonado©, Trustee

**Fax:** (N/A – Secure Filing)

**Phone:** 959-223-7573

**Date:** June 19, 2025

**Total Pages (including cover):** __6__

**Re::** Lakeview Loan Servicing, LLC v. Franklin Maldonado

**Docket Number:** KNL-CV-23-6062914-S

**Subject:** Notice of Judicial Estoppel, Federal Oversight, and Record Enforcement

**CONFIDENTIALITY NOTICE:**

This facsimile transmission is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy all copies.

# NOTICE OF JUDICIAL ESTOPPEL, FEDERAL OVERSIGHT, AND RECORD ENFORCEMENT

**DOCKET NO.:** KNL-CV-23-6062914-S

**CASE NAME:** *Lakeview Loan Servicing, LLC v. Franklin Maldonado*

**COURT:** Superior Court, Judicial District of New London

**NOTICE DATE:** 19th of Jun, 2025

## TO THE CLERK OF COURT AND PRESIDING JUDICIAL OFFICERS:

COMES NOW **Franklin Maldonado©**, Trustee and Secured Party of **MALDONADO'S FAMILIA GODTRUST**, appearing in proper capacity and lawful status, and hereby enters this binding **Notice of Judicial Estoppel, Federal Oversight, and Record Enforcement** into the trial court record. This notice follows the appellate ruling issued on **June 17, 2025**, in case AC **47815**, which affirmed the lower court's judgment and remanded for proceedings "according to law."

## I. JUDICIAL ESTOPPEL: FACTS NOW FIXED ON RECORD

Pursuant to the conclusion of appellate review, the following material facts are now judicially estopped and may not lawfully be denied, contradicted, or re-litigated by this court or the opposing party:

1. No rebuttal was entered against the affiant's **trust standing, UCC commercial tenders, or secured party status** under public record.
2. The appellate court issued **no written opinion**, no legal reasoning, and no reversal of any affidavit, instrument, or federal filing.
3. Opposing counsel **admitted on record** that Lakeview Loan Servicing, LLC **never asserted holder-in-due-course status** and relied on defective documentation.
4. The **bifurcated note, REMIC trust fraud,** and **unlawful assignments** remain unrebutted under UCC § 3-203, TILA § 1641(g), and 18 U.S.C. §§ 1001, 1519.

5.  All unrebutted **commercial affidavits, ICC claims,** and **notices** lawfully entered by the undersigned are now recognized as established fact under common law, equity, and UCC enforcement doctrine.

## II. FEDERAL OVERSIGHT CONFIRMATION

Let the record reflect that the following federal and international oversight matters remain **active and acknowledged**:

- **DOJ Case No. 596182-VNZ** (Department of Justice);
- **HUD FOIA Request No. 25-FI-HQ-02286** (Department of Housing and Urban Development);
- **OGIS Case No. C-0005642390** (Office of Government Information Services);
- **ICC Claim No. 70221670000132240795** (commercial tribunal enforcement, private jurisdiction).

All filings include supporting affidavits, UCC perfection records, and proof of transcript tampering. The Department of Justice and Office of Information Policy are in lawful possession of these records.

This court is hereby noticed that any act of suppression, obstruction, or misrepresentation of the foregoing may invoke liability under:

- These matters are under review in conjunction with violations of **18 U.S.C. §§ 241, 242, 1512, 1519, and 2071**, which prohibit civil rights obstruction, tampering with court records, and operating under color of law against protected parties;
- **Executive Order 13818** (Global Magnitsky Act enforcement);
- **Uniform Commercial Code** (perfection and lien priority rights).

Furthermore, Pursuant to **Article VI, Clause 2** of the United States Constitution, this court is further reminded that federal law, treaty obligations, and unrebutted federal filings supersede any conflicting state statute or administrative presumption. This includes protections under the **5th and 14th Amendments**.

## III. DEMANDS AND REQUIRED ACTIONS

This case no longer resides solely within the jurisdiction of this court. The moment the trial court violated constitutional protections, refused to adjudicate unrebutted commercial instruments, and unlawfully published trust-protected information, this matter transferred into concurrent federal, commercial, and international jurisdiction. As a result, the appellate court, acting without capacity to review federal trust and ICC matters, issued a non-opinion ruling to preserve plausible deniability. **This judicial estoppel is now entered into the record.** The trial court is hereby directed to observe and execute the following:

1. **Recognition of Property Lien Interest:** The court shall formally acknowledge that MALDONADO'S FAMILIA GODTRUST holds a perfected, first-position commercial lien over the real property known as the subject matter of this case. This lien is established and perfected under UCC Article 9 and remains unrebutted on the record.

2. **Return of Original Deed and Legal Title:** Lakeview Loan Servicing, LLC, its attorneys, assigns, or agents are hereby directed to return the original deed and all recorded title documentation to the undersigned Trustee and Secured Party. Any refusal to do so constitutes unlawful retention of secured property and triggers UCC § 9-609 and applicable civil/criminal liability.

3. **Recognition of Trust Authority:** Acknowledge MALDONADO'S FAMILIA GODTRUST as the perfected lien holder, beneficiary, and superior claim party of record.

4. **Return of Commercial Instruments:** All tenders, assignments, and filings submitted by the undersigned must be either confirmed, corrected, or returned without interference.

5. **Redaction of Personal Data:** Immediately seal and redact any unlawfully published personal identifiers, in compliance with 18 U.S.C. § 1028 and Connecticut Practice Book § 4-7(c).

6. **Judicial Estoppel Enforcement:** No party or officer may lawfully presume against, contradict, or bypass the unrebutted facts, affidavits, or perfected UCC filings now established on record.

## IV. NOTICE OF LIABILITY AND FINAL WARNING

Any officer of this court—judicial, clerical, or administrative—who acts in defiance of this notice, or who attempts to override the unrebutted record, will be held **individually and jointly liable**, civilly and criminally. This includes but is not limited to:

- Acting under color of law;
- Knowingly violating constitutional protections;
- Ignoring federal oversight, perfected liens, or unrebutted affidavits.

Further, any execution of judgment, seizure, ejectment, or enforcement action attempted by a sheriff or other officer must, by law, be accompanied by: (1) a certified copy of the perfected lien(s) filed with the Secretary of State; (2) documented lawful release or rebuttal of said lien(s); and (3) proof of superior legal standing. Absent these elements, all such acts constitute unauthorized conversion of secured collateral and will trigger immediate civil, commercial, and criminal liability under UCC Article 9 and federal law.

Additionally, the undersigned reserves all rights under 15 U.S.C. § 1641(g) regarding mandatory disclosure of mortgage assignment and creditor standing, which remains unrebutted and materially suppressed on record.

All rights reserved for enforcement through federal, commercial, and international instruments now perfected. Filed under fiduciary duty and secured commercial authority, without waiver, and with full legal standing reserved.

By: Franklin Maldonado

**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: aramaldo08@gmail.com

## CERTIFICATION

Pursuant to P.B. §§ 62-7 and 66-3, it is hereby certified that a copy of the foregoing was sent electronically this 19 day of Jun, 2025, to:

LAKEVIEW LOAN SERVICING, LLC

Juris: 101589 MCCALLA RAYMER LEIBERT PIERCE LLC 280 TRUMBULL STREET

23RD FLOOR

HARTFORD, CT 06103

Phone: (860) 808-0606 Fax: (860) 524-5602

Email: CINDY.GERMANO@MCCALLA.COM


COMMITTEE OF SALE

Juris: 430295 JASON B BURDICK 107 STATE STREET

NEW LONDON, CT 06320

Phone: (860) 443-7014 Fax: (860) 443-7015

Email: jburdick@messiermassad.com


By: Franklin Maldonado©

Franklin Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST

Secured Party / Private American National

c/o 671 Exeter Road, Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: aramaldo08@gmail.com


Page 5 of 5

# Exhibit B

| Title | Description |
|---|---|
| Motion to Vacate Void Judgment | Entry #149.00 citing violations of Practice Book §§ 11-11, 17-4, and constitutional rights |

# FAX COVER SHEET

**TO:**
**Clerk, Superior Court of Connecticut**
Judicial District of New London
70 Huntington Street
New London, CT 06320
Fax: (860) 442-7703

**FROM:**
Franklin Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST©
Secured Party / Private American National
c/o 671 Exeter Road
Lebanon, Connecticut [06249]
Tel: (959) 223-7573
Email: aramaldo08@gmail.com

**DATE:** July 15, 2025

**RE: Filing Into Docket No. KNL-CV-23-6062914-S**
**Lakeview Loan Servicing, LLC v. Franklin Maldonado**

**DOCUMENTS ENCLOSED:**
MOTION TO VACATE VOID JUDGMENT, STRIKE DEFAULT, AND DEMAND FOR
SANCTIONS
Certification of Service (included within)

**TOTAL PAGES (INCLUDING THIS COVER): 9**

**SPECIAL NOTES:**
This motion addresses fatal jurisdictional, procedural, and constitutional violations, including
improper default entry, absence of verified service, denial of due process, and structural defects.
The Court is now under binding judicial notice pursuant to Article VI, Clause 2 of the U.S.
Constitution, 18 U.S.C. §§ 241, 242, and Executive Order 13818.

**Please confirm filing into the docket and distribute to the presiding judicial officer.**

Respectfully submitted,
**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST©

SUPERIOR COURT OF CONNECTICUT

JUDICIAL DISTRICT OF NEW LONDON

LAKEVIEW LOAN SERVICING, LLC

v.

FRANKLIN MALDONADO

Docket No.: KNL-CV-23-6062914-S

Tuesday 15, 2025

## MOTION TO VACATE VOID JUDGMENT: STRUCTURAL DUE PROCESS COLLAPSE, COLOR-OF-LAW VIOLATIONS, AND DEMAND FOR SANCTIONS

NOW COMES Franklin: Maldonado, appearing sui juris, Trustee and Secured Party for MALDONADO'S FAMILIA GODTRUST©, who respectfully moves this honorable Court pursuant to Conn. Practice Book §§ 11-11, 17-4, 17-20, and 10-12, as well as the Fifth and Fourteenth Amendments to the United States Constitution and *Mathews v. Eldridge*, 424 U.S. 319 (1976), and files this Motion to Vacate Void Judgment, Strike Default, and Demand for Sanctions. This motion is made on the grounds of clear procedural fraud, deprivation of due process, structural judicial defects, and violations of mandatory statutory rules.

### I. INTRODUCTION

This Court entered judgment in the above-captioned matter in egregious violation of state law, federal law, and constitutional due process. The judgment is void—not merely voidable—because it was issued in a procedurally corrupted environment lacking foundational jurisdiction, verified service, lawful adjudication, and judicial impartiality. The record exposes a systemic disregard of non-discretionary procedural safeguards, causing structural harm, denial of secured rights under color of law, and a collapse of lawful jurisdiction under both the Connecticut Constitution and the Supremacy Clause of the U.S. Constitution.

## II. PROCEDURAL AND FACTUAL BACKGROUND

1. **Defective appearance and unauthorized signature by counsel:** The attorney of record, Martin Leonard Caine IV, failed to enter a lawful appearance under Conn. Practice Book § 3-4. The initiating complaint was signed as 'Martin L. Caine, IV,' which is not the registered name on file with the Connecticut Bar. This constitutes a defective appearance, materially misleading the record and further eroding jurisdiction. All pleadings, motions, or affidavits signed under this variation are invalid as a matter of law.

2. **No Valid Assignment on Record:** No exhibit in the record proves that the Note and Mortgage were lawfully assigned to the Plaintiff **prior to initiating this action,** as required to establish standing. The Plaintiff relies solely on a **purported assignment from MERS,** which is facially deficient and **does not establish holder-in-due-course status** under Connecticut law.

   Further, any **blank assignment**—one that fails to name the actual transferee or lacks endorsement history—is legally insufficient to confer enforceable rights under Article 3 of the Uniform Commercial Code. A blank assignment is not substantiated evidence of ownership or lawful transfer of the Note. Under well-settled law, a plaintiff must demonstrate both (1) **physical possession** of the original Note and (2) a **proper chain of endorsements** establishing legal transfer of enforcement rights.

   **Supporting Case Law:**
   a. **J.E. Robert Co. v. Signature Properties, LLC,** 309 Conn. 307 (2013): MERS cannot assign what it never owned; mere nominee status does not confer enforceable rights.
   b. **Bank of America, N.A. v. Chain,** 174 Conn. App. 476 (2017): Assignment from MERS is insufficient to establish standing without proof of possession of the Note.
   c. **U.S. Bank, N.A. v. Karas,** 2020 Conn. Super. LEXIS 2839: Plaintiff must prove possession of the Note at the time of filing to have standing.
   d. **UCC §§ 3-301, 3-203:** Enforcement of a negotiable instrument requires both possession and legal entitlement through proper endorsement or transfer.

No assignment from MERS to Plaintiff was lawfully executed under Connecticut law or the Uniform Commercial Code. MERS, as nominee, has no ownership interest and cannot assign what it does not possess (*J.E. Robert Co.*, 309 Conn. at 324). Plaintiff's reliance on a nominal transfer is a legal nullity.

3. **Clerk Default and Jurisdictional Failure: Ultra Vires Entry in Violation of Constitutional and Statutory Safeguards.** The Clerk entered a default against the undersigned while jurisdiction was under active challenge via a Special Appearance under Practice Book § 10-30. No certificate of service, affidavit of delivery, or statutory proof of notice under §§ 10-12 through 10-14 existed at the time of default. Critically, the March 15, 2024 order (Entry 108.02) by Judge Spallone failed to adjudicate the factual jurisdictional challenge, dismissing the Special Appearance motion *without findings*, *without evidentiary review*, and *without rebutting sworn affidavits*—a constitutional violation of *Mathews v. Eldridge*, 424 U.S. 319 (1976).
   This failure constitutes:
   a. **Structural Due Process Error** (see *Gold v. Rowland*, 325 Conn. 146 (2017)),
   b. **Jurisdictional Suppression**, and
   c. **Procedural Fraud under Color of Law** (18 U.S.C. §§ 241, 242).
   Under long-settled law, a court cannot proceed without lawful jurisdiction. Jurisdiction must be **affirmatively proven**, not presumed. (See *Standard Tallow Corp. v. Jowdy*, 190 Conn. 48, 54 (1983)).
   **The Clerk, lacking judicial authority to assess jurisdiction, acted ultra vires.** The default is thus **void ab initio**, non-curable, and all actions based on it are null and non-binding. (*Kenney v. Kenney*, 2 Conn. App. 360 (1984); *Kurtz v. Farrington*, 104 Conn. 257 (1926)).

4. **Judge Ignored Pending Objections:** I, Franklin Maldonado, in my capacity as Trustee and Secured Party, submitted timely objections pursuant to Practice Book § 11-10, each supported by sworn affidavits and verified evidence. The Court, acting under color of law and in dereliction of its constitutional oath, willfully failed to adjudicate sworn objections filed under P.B. § 11-10. This omission constitutes an unlawful suppression of

Page 3 of 8

jurisdictional truth and irreparably taints the proceedings and violating its oath to uphold the Connecticut and U.S. Constitutions. Silence on a matter of jurisdiction is not adjudication—it is suppression.

5. **No Hearing or Testimony:** No transcript, no confrontation, no competent evidence. This violates C.G.S. § 51-61 and the confrontation clauses of the U.S. and Connecticut Constitutions.

6. **Plaintiff's Objections Procedurally Void:** They were not certified, not supported by oath, and did not cite controlling authority. They are legally null under PB §§ 10-12 and 10-30 et seq.

7. **Judgment Entered With Pending Motions Unruled:** This constitutes a structural due process failure under *Mathews v. Eldridge* and invalidates the final ruling.

8. **Motion for Judgment Was Filed, But Fatally Defective:**
   Plaintiff filed a Motion for Judgment of Strict Foreclosure on May 8, 2024, but the motion is procedurally and substantively defective:
   a. It fails to cite Practice Book § 17-44, which governs summary judgment in foreclosure proceedings.
   b. The motion is not supported by any live testimony, nor does it reference competent sworn evidence as required under Conn. Gen. Stat. § 51-61.
   c. The attached affidavit of debt is not signed under penalty of perjury, violating Trinsey v. Pagliaro, and lacks notarization or certification of authenticity.
   d. There is no affidavit of ownership or standing, nor proof of assignment or custodial chain to show Plaintiff legally holds the Note.
   e. The motion improperly invokes Practice Book § 23-17 while bypassing the mandatory evidentiary and procedural requirements of §§ 17-44 and 23-18, thereby invalidating its legal sufficiency.

Therefore, although a motion was filed, it did not meet the legal standard for adjudication and the court's judgment was entered in procedural fraud and violation of due process, rendering it void ab initio.

9. **Appellate Counsel's Judicial Admission Further Confirms Lack of Standing:**
   During oral argument in appellate case AC 47815, Plaintiff's counsel publicly stated that the Plaintiff had "never claimed to be a holder in due course," but merely the "holder of the note." This on-the-record admission is a binding judicial declaration that further undercuts Plaintiff's standing and exposes the action to every available affirmative defense.

   Under the Uniform Commercial Code, a "holder" without HIDC status must affirmatively prove:

   a. Lawful possession of the original Note;
   b. Proper endorsement or transfer chain under UCC § 3-203;
   c. Authority to enforce through a demonstrable right—not merely a claim or custodial possession.

   Absent HIDC status, Plaintiff is also subject to:

   a. Pursuant to UCC § 3-305(a)(1), any person not qualifying as a holder in due course is subject to all real defenses, including fraud, illegality, lack of consideration, and incapacity. Plaintiff's admitted non-HIDC status exposes them to full liability for defective transfer, standing, and commercial fraud;
   b. Case law such as *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (2010), requiring strict proof of ownership and enforcement rights.

Without lawful standing, there is no jurisdiction. Jurisdiction cannot be waived, conferred by silence, or retroactively cured. The Plaintiff's failure to prove standing at inception renders all subsequent orders void ab initio. (*Bank of New York v. Bell*, 120 Conn. App. 837 (2010)).

## III. LEGAL BASIS FOR VACATUR AND RELIEF

A. **Conn. Practice Book § 17-4(a):** Authorizes vacatur for fraud, misconduct, or procedural error. B. **PB § 11-11:** *Empowers court to modify or vacate judgments entered without due process.* C. *Mathews v. Eldridge*, **424 U.S. 319 (1976):** Due process requires meaningful opportunity to be heard before deprivation. D. *Gold v. Rowland*, **325 Conn. 146 (2017):** Civil foreclosure actions demand real hearings and real evidence. E. *Trinsey v. Pagliaro*, **229 F. Supp.**

647 (E.D. Pa. 1964): Counsel's statements are not evidence. Affidavits must be sworn under penalty of perjury. F. Conn. Gen. Stat. § 51-61: Court may not act without competent sworn evidence. G. Conn. PB § 17-20: Default is unlawful without verified service.

## IV. REQUEST FOR RELIEF

WHEREFORE, I, Franklin Maldonado, Trustee, and Secured Party respectfully demands:

1. That the judgment and order of sale be declared VOID and vacated in full.
2. That the Clerk's default entry be STRICKEN for want of jurisdiction and noncompliance with service rules.
3. That SANCTIONS be imposed upon Plaintiff's counsel for prosecuting a fraudulent complaint using unsigned, inadmissible affidavits and false service procedures.
4. That ALL further proceedings be STAYED unless and until Plaintiff proves lawful standing, proper assignment, and overcomes the unrebutted UCC liens, federal trust protections, and DOJ/OFAC filings.
5. That this Court issue a written justification explaining why it proceeded to final judgment despite the absence of statutory compliance under Practice Book §§ 17-44, 10-12 through 10-14, and constitutional due process protections under *Mathews v. Eldridge* and *Gold v. Rowland.*

Let the record reflect: Any judicial officer adjudicating this matter is bound by their constitutional oath under Article VI, Clause 2 of the United States Constitution. To proceed further without vacating this void judgment constitutes willful participation in color-of-law activity and procedural fraud. Such acts invoke direct liability under federal, state, and international human rights protocols, including Executive Order 13818 and 18 U.S.C. §§ 241, 242, and 1512.

If this Court proceeds without vacating judgment under these facts, it becomes complicit in unlawful adjudication under color of law and liable under both federal and international enforcement protocols.

Executed for the record under full liability, without waiver, and under trust jurisdiction,

By:_____

By: Franklin: Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST©

Secured Party / Private American National

c/o 671 Exeter Road

Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: aramaldo08@gmail.com

Dated: July 15, 2025

Affix stamp or Seal here

Page 7 of 9

# CERTIFICATION OF SERVICE

Pursuant to P.B. § 10-12 I certified that a copy of the foregoing was sent electronically this 15

day of July 15, 2025, to:

LAKEVIEW LOAN SERVICING, LLC

Juris: 101589 MCCALLA RAYMER LEIBERT PIERCE LLC 280 TRUMBULL STREET

23RD FLOOR

HARTFORD, CT 06103

Phone: (860) 808-0606 Fax: (860) 524-5602

Email: CINDY.GERMANO@MCCALLA.COM

COMMITTEE OF SALE

Juris: 430295 JASON B BURDICK 107 STATE STREET

NEW LONDON, CT 06320

Phone: (860) 443-7014 Fax: (860) 443-7015

Email: jburdick@messiermassad.com

By:_____

By: Franklin: Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST

Secured Party / Private American National

c/o 671 Exeter Road, Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: aramaldo08@gmail.com

Affix stamp or Seal here

Page 8 of 8

# Exhibit C

| Title | Description |
|---|---|
| Judicial Coaching and Transcript Summary Notice | Filed memorializing July 16, 2025 hearing coaching by Judge Cecil under color of law |

# FAX COVER SHEET

**To:** New London Judicial District – Civil Clerk's Office
**Fax Number:** (860) 442-7703
**From:** Franklin: Maldonado©, Trustee
**Date:** July 17, 2025
**Total Pages:** [Insert total page count including this cover]
**Re:** *KNL-CV-23-6062914-S* – Judicial Notice Filing
**Subject:** Judicial Notice of Procedural Suppression with Exhibit A

**MESSAGE:**

Please find enclosed for immediate docket entry the following verified judicial notice:

- **"JUDICIAL NOTICE OF PROCEDURAL SUPPRESSION WITH EXHIBIT A"**
  Including memorialized summary of July 16, 2025 hearing, objection references, federal oversight citations, and motion to vacate context.

This document is being submitted to preserve procedural integrity, record suppression, and constitutional violations under Connecticut Practice Book §§ 11-10, 17-4 and applicable federal law.

Filed by:
**Franklin: Maldonado©**
Trustee, Executor, Secured Party
MALDONADO'S FAMILIA GODTRUST©

SUPERIOR COURT OF CONNECTICUT

JUDICIAL DISTRICT OF NEW LONDON

LAKEVIEW LOAN SERVICING, LLC

v.

FRANKLIN MALDONADO

Docket No.: KNL-CV-23-6062914-S

Tuesday 16, 2025

**Judicial Notice of Procedural Suppression, Counsel Coaching, and Breach of Oath Under Color of Law and Office**

**TO THE CLERK OF THE COURT AND ALL PARTIES OF INTEREST:**

Here comes Franklin: Maldonado©, a living man and lawful trustee and Secured Party of MALDONADO'S FAMILIA GODTRUST©, submits this judicial notice following the July 16, 2025 proceeding for permanent record and inspection, following the proceedings conducted on July 16, 2025, before the Honorable Judge Cecil Thomas, who was placed under his lawful oath pursuant to Article VI, Clause 2 of the Constitution of the United States and Article XI, Section 1 of the Connecticut Constitution.

## I.   NOTICE OF LAWFUL RESERVATION AND OATH DECLARATION

At the beginning of the July 16, 2025 hearing, the undersigned declared on record:

*"I hereby place you the honorable judge of this matter, Judge Thomas Cecil, under your lawful oath of office, pursuant to Article VI, Clause 2 of the Constitution of the United States and all corresponding states' constitutional duties."*

Additionally, I reserved all rights under UCC § 1-308, also declaring non-consent to contract, non-acceptance of compelled benefit, and refusal to participate in any unrevealed commercial adhesion instrument.

This statement lawfully binds the court to its constitutional duties and prevents further abuse under color of law.

## II.    JUDICIAL SUPPRESSION OF FILED OBJECTION (ENTRY #146.00)

As of July 11, 2025, I lawfully submitted a written objection to Plaintiff's Motion to Reset Sale Date (Entry #141.00), which, by binding procedural rule under Practice Book § 11-10, must be addressed on record before further action proceeds.

During the July 16 hearing:

- Despite confirmation from the clerk that Plaintiff's motion was procedurally defective and unreclaimed, the Court unlawfully proceeded, suppressing the undersigned's objection and violating Practice Book § 11-10.
- This sequence — suppression of a timely objection and direct encouragement to the plaintiff to refile a procedurally defective motion — constitutes a unified act of biased judicial conduct, combining both procedural suppression and coaching, in direct violation of Practice Book §§ 11-10 and 17-4, and Judicial Canons 2.2 and 2.6.

## III.    STATEMENT OF MATERIAL FACTS

- A written objection to Entry #141.00 was filed on July 15, 2025 (Entry #146.00) and deliberately ignored during the July 16 hearing.
- Judge Cecil Thomas was placed under oath at the beginning of the hearing.
- Plaintiff's motion was defective and unclaimed per clerk's admission.
- The court refused to strike the motion and instead instructed plaintiff to "reclaim and refile.

## IV.    JUDICIAL COACHING AND FAVORITISM UNDER OATH

Despite the Plaintiff's motion being procedurally defective, as admitted by the clerk, and I quote:

*"Yes, Your Honor, it's one of the motions that requires a reclaim after it's filed in order to print on the short calendar."*

The court responded:

*"So that's all of the necessary paperwork to get that on the docket. We'll take it up on one of the upcoming short calendars."*

This coaching, rather than enforcing procedural compliance, constituted direct violation of Canon 2.2, 2.4(B), and 2.6(A)— a direct act of **judicial coaching** prohibited under binding ethical and procedural standards:

*"The plaintiff has filed that motion. They will file marking or claim to get that on the calendar for future foreclosure docket."*

This conduct violated the following binding judicial canons:

- Connecticut Code of Judicial Conduct, Canon 2.2: "A judge shall uphold and apply the law and shall perform all duties fairly and impartially."
- Canon 2.6(A): "A judge shall accord to every person who has a legal interest in a proceeding the right to be heard according to law."
- Canon 2.4(B): "A judge shall not permit family, social, political, financial, or other interests or relationships to influence judicial conduct."

These are not aspirational principles — they are binding judicial restraints. Violating them while under oath constitutes a breach of public trust, fiduciary malfeasance, and grounds for removal under federal oversight standards..

## V.    SUPPRESSION OF MOTION TO VACATE VOID JUDGMENT

The undersigned filed a Motion to Vacate Void Judgment (Entry #149.00), citing binding violations under Practice Book § 17-4, Trinsey v. Pagliaro, Mathews v. Eldridge, and federal due process violations under U.S. Const. Amend. V and XIV.

Per Practice Book § 17-4, all sale-related actions are void while a Motion to Vacate remains pending.

Despite this, the court stated:

*"The motion to reset the sale date... will be heard in the future. The plaintiff is required to... file something or call in something..."*

By allowing this motion to be "reclaimed" after lawful objection and without resolving the pending Motion to Vacate, the court has **abandoned its ministerial duty** and exposed itself to judicial estoppel, as outlined in federal jurisprudence including *New Hampshire v. Maine*, 532 U.S. 742 (2001). Thereby:

- Violating Practice Book § 17-4
- Breaching Connecticut constitutional due process
- Inviting judicial estoppel and federal oversight

Page 3 of 7

## VI.   FEDERAL AND INTERNATIONAL JURISDICTIONAL OVERSIGHT PRESERVED

This matter is already under the following binding oversight:

- DOJ Case No. 596182-VNZ
- OFAC Sanctions Referral – Query No. OFAC-2025-006966
- HUD FOIA Case No. 25-FI-HQ-02286
- ICC Claim No. 70221670000132240795

Any further attempt to suppress, delay, coach, or misrepresent these proceedings will constitute active obstruction of justice under:

- 18 U.S.C. §§ 241, 242, 1503, 1512, 1519
- Conn. Gen. Stat. §§ 53a-49, 53a-48
- Public corruption standards under Executive Order 13818

To continue to reliance on improperly calendared motions, while willfully ignoring filed objections and pending due process motions, forms a **prima facie** pattern of obstruction. Under *Conn. Gen. Stat. § 1-217*, the state has an obligation to protect private information and due process rights; ignoring this Judicial Notice may constitute further conspiracy under 18 U.S.C. § 241.

## VII.   DEMAND FOR RECORD ENTRY AND FEDERAL PRESERVATION

The undersigned demands that this Judicial Notice be:

1. Entered into the court record in full, including all exhibits (Exhibit A), filings, and transcript references;
2. Acknowledged as lawful notice of judicial oath violation, procedural suppression, and bias under color of law;
3. Served upon all parties, including opposing counsel and the Clerk of the Court;
4. Preserved for transmission to federal oversight bodies and international review tribunals.

Furthermore, this proceeding, as conducted, bears resemblance to racketeering-adjacent foreclosure fraud as defined under 18 U.S.C. § 1962 (RICO). **This notice shall serve as a final trigger for civil, federal, and international enforcement.** No state immunity shall apply where fraud, suppression, and coordinated misconduct under color of law are established.

Let the record reflect that the undersigned, having placed the Court under its constitutional oath and submitted lawful objections in good faith, now invokes all rights under international

## CERTIFICATION OF SERVICE

Pursuant to P.B. § 10-12 I certify that a copy of the foregoing was sent electronically this 16 day of July, 2025, to:

LAKEVIEW LOAN SERVICING, LLC

Juris: 101589 MCCALLA RAYMER LEIBERT PIERCE LLC 280 TRUMBULL STREET

23RD FLOOR

HARTFORD, CT 06103

Phone: (860) 808-0606 Fax: (860) 524-5602

Email: CINDY.GERMANO@MCCALLA.COM

COMMITTEE OF SALE

Juris: 430295 JASON B BURDICK 107 STATE STREET

NEW LONDON, CT 06320

Phone: (860) 443-7014 Fax: (860) 443-7015

Email: jburdick@messiermassad.com

By:_____

By: Franklin: Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST

Secured Party / Private American National

c/o 671 Exeter Road, Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: aramaldo08@gmail.com

Affix stamp or Seal here

Page 6 of 7

covenant, common law, and the supreme law of the land. Any further suppression, silence, or retaliation will trigger compulsory remedy, with no further notice required.

Executed for the record under full liability, without waiver, and under trust jurisdiction,

By: _Franklin Maldonado©_

By: Franklin: Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST©

Secured Party / Private American National

c/o 671 Exeter Road

Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: aramaldo08@gmail.com

All Rights Reserved.

Dated: July 15, 2025

Affix stamp or Seal here

Page 5 of 7

# EXHIBIT A

## Selected Judicial Statements as Recalled and Preserved for Procedural Integrity

This memorialized transcript (noted) summary is filed by the undersigned party as a factual reflection of the hearing held on July 16, 2025, in which the undersigned personally participated. This is not an audio recording nor a duplication thereof. It is entered solely for the purpose of preserving the record, clarifying judicial conduct, and supporting procedural integrity pursuant to Connecticut Practice Book §§ 1-1 and 11-10, as well as all equitable principles of law and justice. All rights reserved.

**Memorialized Judicial Statements:**

> Judge: "There's nothing considered today, sir. Those would be set down on a future date for hearing."
> Judge: "If you have an objection to the same, which I believe you filed... those would be presented by you at the same time in opposition to the plaintiff's motion."
> Judge: "The plaintiff has filed that motion. They will file marking or claim to get that on the calendar for future foreclosure docket."
> Clerk: "Yes, Your Honor, it's one of the motions that requires a reclaim after it's filed in order to print on the short calendar."
> Judge (after oath was placed): "Thank you, sir."

This document is not a verbatim transcript, but a lawful, good-faith memorialization submitted under oath by a direct party to the proceedings. Any omission by the Court to address objections or pending motions during this proceeding shall be construed as procedural abandonment and constructive fraud under color of law. Hence, **if any challenge to its integrity must be supported by verifiable court-produced transcripts.**

# Exhibit D

**Title**
Judicial Notice of
Conditional Marking
(July 22, 2025)

**Description**
Asserting jurisdictional reservation and
estoppel rights

# FAX COVER SHEET

To:     New London Judicial District Clerk's Office

Fax:    860-442-7703

From:   Franklin: Maldonado©, Trustee and Secured Party

Re:     Conditional Marking of Entry #149.00 (Motion to Vacate Void Judgment)

Date:   July 22, 2025

Pages:  2 (including this cover sheet)

Phone:  959-223-7573

MESSAGE:

Please accept the attached Judicial Notice for entry into the record of case KNL-CV-23-6062914-S. This filing lawfully confirms the conditional readiness of Entry #149.00, with full reservation of rights under UCC § 1-308 and the Constitution. Kindly confirm receipt.

Thank you,

Franklin: Maldonado©

## JUDICIAL NOTICE OF CONDITIONAL MARKING AND RESERVATION OF RIGHTS

July 22, 2025


To: New London Judicial District Clerk's Office
Address: New London Superior Court, 70 Huntington St, New London, CT 06320

Re: Docket No. KNL-CV-23-6062914-S
Entry #149.00 – Motion to Vacate Void Judgment
Position No. 6 on July 28, 2025 Calendar

This notice is entered into the judicial record to confirm that the undersigned party has **conditionally marked Entry #149.00, the Motion to Vacate Void Judgment, as ready for hearing on July 28, 2025.**

I, Franklin: Maldonado©, Trustee and Secured Party of MALDONADO'S FAMILIA GODTRUST©, do not consent to any joinder, contract, or presumption of jurisdiction outside the lawful adjudication of Entry #149.00. This marking is made under full reservation of rights pursuant to UCC § 1-308 and Article VI, Clause 2 of the United States Constitution.

Any attempt to address other matters—such as Entry #141.00 or Entry #143.00—prior to proper adjudication of Entry #149.00 shall constitute procedural fraud, a violation of due process, and breach of judicial ethics. This conditional marking is lawfully submitted as a matter of record.

Contact Number: 959-223-7573

Executed for the record under full liability, without waiver, and under trust jurisdiction,

By: _Franklin Maldonado©_

By: Franklin: Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST©
Secured Party / Private American National
c/o 671 Exeter Road
Lebanon, Connecticut [06249]

# Exhibit E

| **Title** | **Description** |
| --- | --- |
| Appellate Per Curiam Affirmance (AC 47815) | Ruling issued without written opinion, post-filing of unrebutted judicial notices |

STATE OF CONNECTICUT
**APPELLATE COURT**

Date: Hartford, June 17, 2025

*To the Chief Clerk of the Appellate Court.*
The Appellate Court has decided the following case:

LAKEVIEW LOAN SERVICING, LLC

*v.*                                                                              *Opinion Per Curiam.*

FRANKLIN MALDONADO

Docket No. AC 47815
Trial Court Docket No. KNLCV236062914S

       The judgment is affirmed and the case is remanded for further proceedings according to law.

Chief Judge

Rescript

# Exhibit F

**Title**

DOJ Acknowledgment –
Case No. 596182-VNZ

**Description**

Claimant's formal referral to the U.S.
Department of Justice under Executive
Order 13818, confirmed by digital
submission acknowledgment and USPS
Certified Mail proof of physical delivery.
This exhibit confirms DOJ's receipt of a 57-
page evidentiary enforcement package,
which included unrebutted affidavits,
judicial estoppel notices, and constitutional
claims under 18 U.S.C. §§ 241, 242, 1512,
and 1519. The full packet is available for in
camera review upon request but is not
attached herein.

**United States Department of Justice**
**Civil Rights Division**
civilrights.justice.gov

# Thank you for submitting a report to the Civil Rights Division.

## Report successfully submitted

*Please save your record number for tracking.*

Your record number is: **596182-VNZ**

Save report

---

## What to expect

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

## ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What you can do next

## ① Contact local legal aid organizations or a lawyer if you haven't already

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.
American Bar Association, visit www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

## ② Get help immediately if you are in danger

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

# Your submission

## Contact

## Contact information

### Your name

Franklin Maldonado

### Email address

faramaldo@protonmail.com

### Phone number

+19592237573

### Address

c/o 671 Exeter Road

-

Lebanon, Connecticut 06249

### Are you now or have ever been an active duty service member?

No

## Primary concern

### What is your primary reason for contacting the Civil Rights Division?

Something else happened

## Location

### Where did this happen?

### Organization name
New London Superior Court

### Address
70 Huntington Street

New London, Connecticut

---

## Personal characteristics

### Do you believe any of these personal characteristics influenced why you were treated this way?

None of these apply to me
Other reason

---

## Date

### When did this happen?

7/10/2024

---

## Personal description

### In your own words, describe what happened

In July 2024, at a New London Superior Court foreclosure hearing, Judge Spallone and attorneys from McCalla Raymer Leibert Pierce LLC engaged in judicial misconduct. Despite presenting notarized affidavits and unrebutted commercial claims, the court ignored jurisdictional objections, manipulated transcripts, and dismissed key evidence. Additionally, the court published my personal information and issued a default judgment without resolving jurisdictional challenges. The bank's representatives failed to rebut or return verified negotiable instruments totaling $1.1 million, constituting racketeering and securities fraud. An expert mortgage auditor's securitization report was also dismissed, and the court refused to hear the auditor's testimony. Supporting materials include court transcripts, audio recordings, and UCC filings. The case involves severe civil rights violations, suppression of evidence, and fraudulent foreclosure practices.

The court's refusal to acknowledge the auditor's securitization report, combined with its mishandling of verified financial instruments, directly resulted in a fraudulent foreclosure judgment. These actions violated constitutional due process, suppressed truth under oath, and severely undermined the integrity of the judicial system. The misconduct constitutes racketeering, securities fraud, and obstruction of justice.

As a result, I have suffered extreme emotional and financial stress, health deterioration, and destabilization of my household. These events disrupted the well-being of my family, caused loss of peace, and inflicted lasting psychological and economic harm. What began as a civil matter has escalated into a pattern of systemic abuse and administrative coercion — targeting my trust, my rights, and my livelihood.

This case is not only about my home — it reflects a deeper failure within the institutions entrusted to protect justice. It calls for immediate federal oversight.

## Thank you for submitting a report to the Civil Rights Division

From    DOJ Civil Rights - Do Not Reply <civilrightsdonotreply@mail.civilrights.usdoj.gov>

To      faramaldo@protonmail.com

Date    Monday, April 14th, 2025 at 2:25 PM



*Please do not reply to this email. This is an unmonitored account.*

Thank you for submitting a report to the Civil Rights Division. Please save your record number for tracking. Your record number is: **596182-VNZ**.

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

# What to Expect

## 1. We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

## 2. Our specialists determine the next steps

We may decide to:

- Open an investigation or take some other action within the legal authority of the Justice Department.
- Collect more information before we can look into your report.
- Recommend another government agency that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

# 3. When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:

- We're actively working on an investigation or case related to your report.
- We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What You Can Do Next

# 1. Contact local legal aid organizations or a lawyer if you haven't already.

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.

- American Bar Association, visit the www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
- Legal Services Corporation (or Legal Aid Offices).to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

# 2. Learn More

Visit civilrights.justice.gov to learn more about your rights and see examples of violations we handle.

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70221670000132240931

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 5:12 am on June 9, 2025 in WASHINGTON, DC 20530.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Individual Picked Up at Postal Facility**

WASHINGTON, DC 20530
June 9, 2025, 5:12 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates                                                ⌄

USPS Tracking Plus®                                                 ⌄

Product Information                                                 ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Exhibit G

| Title | Description |
| --- | --- |
| OFAC Acknowledgment – Ref. No. OFAC-2025-006966 | Confirmation of OFAC receipt and assignment under EO 13818 enforcement |

# Formal Sanctions Referral Under Executive Order 13818 – Request to Block Property and Investigate Conspiracy to Evade Sanctions

**TO:** Director, Office of Foreign Assets Control (OFAC)
U.S. Department of the Treasury
1500 Pennsylvania Avenue NW
Washington, DC 20220
ATTN: Sanctions Enforcement Division – EO 13818

From: **Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Commercial Lienholder
c/o 671 Exeter Road
Lebanon, Connecticut [06249]
Email: aramaldo08@gmail.com
Tel: (959) 223-7573

**CC:**

- U.S. Department of Justice – Civil Rights Division
- Federal Bureau of Investigation – Criminal Division
- International Criminal Court – Enforcement Branch
- HUD Office of Inspector General
- Internal Revenue Service – Criminal Investigation
- U.S. Postal Inspection Service – Fraud Unit
- Clerk of Court (for notice only)

**DATE:** Jun 30, 2025.

**RE: Judicial Corruption, Securitization Fraud, and Active Conspiracy to Evade Sanctions – Request for Property Blocking Under EO 13818**

To the OFAC Enforcement Division:

This submission constitutes a formal sanctions referral under **Executive Order 13818**, the **Global Magnitsky Human Rights Accountability Act**, and the **International Emergency Economic Powers Act (50 U.S.C. §§ 1701–1706)**. It concerns a coordinated conspiracy to unlawfully seize real property through fraud, forged commercial instruments, procedural suppression, and misrepresentation in violation of federal and international law.

Page 1 of 4

I, **Franklin Maldonado©**, acting as **Trustee and Secured Party** for **MALDONADO'S FAMILIA GODTRUST**, hereby report that attorneys, judges, servicers, and related financial institutions are engaged in active evasion of lawful lien rights and trust protections, constituting violations of the prohibitions defined under **31 C.F.R. § 583.201(a)(1)–(3)**, including:

- Fraudulent foreclosure attempts under void instruments
- Forged assignments, robo-signatures, and fictitious endorsements
- Suppression of perfected UCC liens and commercial trust filings
- Tampering with court transcripts (18 U.S.C. §§ 1512, 1519)
- Conspiracy to obstruct federal due process rights (18 U.S.C. §§ 241, 242)
- Securitization fraud via unauthorized REMIC transactions
- Retaliation against federal whistleblower reporting

## I.    Primary Violations of Record

The mortgage and note in question were unlawfully bifurcated and securitized into **Ginnie Mae REMIC Trust 2021-143**, which had an IRS-certified closing date of **August 30, 2021**. The foreclosure complaint was filed **after that date**, in violation of federal REMIC structure regulations (**26 U.S.C. §§ 860D–860G**), and without lawful disclosure.

A **pending FOIA request to HUD (Tracking No. 25-FI-HQ-02286)** is expected to expose the existence of a **$500 million mortgage-backed trust pool** formed from bifurcated instruments and fraudulent assignments. These instruments were never disclosed to the borrower, nor were they lawfully qualified for REMIC registration or IRS compliance.

The named parties—including Lakeview Loan Servicing, M&T Bank, Flagstar Bank, and Guaranteed Rate—**of which Lakeview Loan Servicing has admitted in open court that it cannot produce a lawful chain of title, nor has it ever claimed holder-in-due-course status.** Despite this, judicial officers have permitted the case to proceed without proof of claim, ignoring perfected UCC filings, denying trust standing, and issuing per curiam rulings with no opinion— constituting procedural suppression and evasion of lawful jurisdiction.

## II.    Federal Escalations Already Filed

1. **DOJ Civil Rights Division:** Case No. 596182-VNZ
2. **International Criminal Court:** Claim No. 70221670000132240795
3. **Connecticut UCC Filings:**

   a. UCC-1: No. 0005136101

    b.  UCC-3 Amendment: No. 0005163088
    c.  UCC-3 Assignment: No. 0005282014

All documents were filed prior to enforcement actions and were deliberately ignored by state actors acting under color of law.

## III.   Formal OFAC Action Requested

Pursuant to **EO 13818** and **31 C.F.R. Part 583**, I formally request that OFAC:

1. **Initiate a sanctions investigation** and designate the following parties for asset blocking:

       a.  Lakeview Loan Servicing, LLC
       b.  M&T Bank
       c.  Flagstar Bank
       d.  Guaranteed Rate, Inc.
       e.  McCalla Raymer Leibert Pierce, LLC
       f.  Judicial officers involved in cases **KNL-CV-23-6062914-S and AC 47815**

2. **Block all real property and trust-related interests** tied to the subject foreclosure, pending the outcome of ongoing federal review, FOIA release, and DOJ/FBI investigations.
3. **Investigate mortgage pooling into Ginnie Mae REMIC Trust 2021-143**, and the anticipated **$500 million unregistered trust**, for violations of IRS REMIC law and securitization abuse involving federally insured mortgages.
4. **Exercise OFAC authority** under 31 C.F.R. § 583.201 to **block property pending the outcome of federal investigation**, without requiring final conviction or adjudication.

## IV.   Enclosures (available upon request or encrypted upload)

a.  DOJ Complaint & Exhibits
b.  ICC Filing and Affidavit
c.  UCC Financing Statements
d.  Verified Transcript Tampering Affidavit
e.  FOIA and OGIS Correspondence
f.  Chronology of Events (2021–2025)
g.  State and Appellate Court Filings

## V.    Closing Statement

This matter involves systemic corruption, REMIC fraud, judicial misconduct, and commercial injury to a federally protected trust interest. I assert my right to request OFAC's intervention to prevent unlawful transfer of trust property and freeze involved assets.

Please confirm receipt of this referral and advise of any further instructions or intake reference numbers. I stand ready to supply any additional sworn declarations, commercial documentation, or federal exhibits needed to advance enforcement.

Respectfully,

By: _____
Franklin Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: franklinmaldonado5@gmail.com

Affix stamp or seal here:

tools.usps.com

## USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

**70221670000132240955**

 Copy     Add to Informed Delivery

## Latest Update

Your item was picked up at a postal facility at 4:14 am on July 7, 2025 in WASHINGTON, DC 20220.

———————————————————

Get More Out of USPS Tracking:

 USPS Tracking Plus®

✓ Delivered
**Delivered, Individual Picked Up at Postal Facility**
WASHINGTON, DC 20220
July 7, 2025, 4:14 am

See All Tracking History

What Do USPS Tracking Statuses Mean?

## Text & Email Updates     ⌄

Gmail - Query Number OFAC-2025-006966

 Gmail                                    khazmica <franklinmaldonado5@gmail.com>

## Query Number OFAC-2025-006966

no-reply@treasury.gov <ofaccompliancehotline@treasury.gov>                 Tue, Jul 8, 2025 at 10:01 AM
To: "franklinmaldonado5@gmail.com" <franklinmaldonado5@gmail.com>

Hello,

Thank you for your query: OFAC-2025-006966.

The information you submitted has been provided to the appropriate personnel within OFAC for review.  Please note we are unable to provide any updates on what, if anything, happens as a result of this information.

OFAC Compliance Hotline
Office of Foreign Assets Control
U.S. Department of the Treasury
ofac.treasury.gov/ofac-compliance-hotline

# OFAC Compliance Hotline

### Submission Confirmation

Thank you for your query. A confirmation message will be sent to the email address you provided.
Query number: OFAC-2025-006966
Date: 07/07/2025 11:52 AM

*Guidance provided by the Office of Foreign Assets Control (OFAC) in response to OFAC Compliance Hotline queries is intended solely for the use of the intended recipient; it is limited to the facts and circumstances presented in each query submission and reflects the status of the relevant sanctions program(s) at the time the guidance is provided. Such guidance does not: excuse compliance with any law or regulation administered by OFAC or another agency; release the recipient or any third party from civil or criminal liability for violations of any law or regulation; or constitute a finding of fact or conclusion of law with respect to the applicability or interpretation of any law or regulation. To obtain an official OFAC determination regarding an interpretation of OFAC sanctions, or to apply for or check the status of a specific license authorizing prohibited activity, please submit your request via OFAC's Licensing Portal.*

| | |
|---|---|
| **First Name:** | Franklin |
| **Middle Name:** | |
| **Last Name:** | Maldonado |
| **Organization:** | MALDONADO'S FAMILIA GODTRUST© |
| **Telephone:** | 959-223-7573 |
| **Telephone Extension:** | |
| **Telephone Type:** | Mobile |
| **Alternate Telephone:** | |
| **Alternate Telephone Extension:** | |
| **Alternate Telephone Type:** | |
| **Email:** | franklinmaldonado5@gmail.com |
| **Alternate Email:** | |
| **Related Query Number:** | |
| **Regulatory Requirement:** | Global Magnitsky Sanctions |

**Query:**

I am submitting this Compliance Hotline query to confirm receipt of a sanctions enforcement referral under Executive Order 13818 (Global Magnitsky Act). A full notarized 4-page affidavit outlining systemic financial corruption, judicial misconduct, and sanctions violations was physically delivered to OFAC on July 3, 2025, via USPS Certified Mail: Tracking #70221670000132240955. This complaint is also being reviewed under DOJ Case No. 596182-VNZ, with cross-filings to HUD FOIA Appeal No. 25-A-HQ-00019 and ICC Claim No. 70221670000132240795. Attached are digital copies of: The signed affidavit submitted to OFAC Proof of delivery confirmation from USPS I request confirmation that OFAC has received and reviewed the complaint for sanctions consideration under EO 13818. Please advise if any further documentation is required. Respectfully, Franklin: Maldonado© Trustee, MALDONADO'S FAMILIA GODTRUST© c/o 671 Exeter Road, Lebanon, Connecticut [06249] Tel: 959-223-7573 Email: franklinmaldonado5@gmail.com

**Attachment:**

**Attachment Description:**

Sanctions referral affidavit filed under Executive Order 13818 – includes notarized violations report + USPS delivery proof (Tracking #70221670000132240955 – delivered July 3, 2025). See DOJ Case No. 596182-VNZ.

# Exhibit I

| Title | Description |
|---|---|
| HUD FOIA Acknowledgment and Timeline Documentation | Acceptance of FOIA Request No. 25-FI-HQ-02286 and delayed response timeline |

**From**: Franklin Maldonado©

c/o 671 Exeter Road

Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: aramaldo08@gmail.com

April 8, 2025

**To**: U.S. Department of Housing and Urban Development

Freedom of Information Act Office

451 7th Street SW, Room 10139

Washington, DC 20410-3000

Email: FOIA@hud.gov

Fax: 202-619-8365

### RE: Freedom of Information Act Request for FHA Loan Servicing and Securitization Records

Dear FOIA Officer:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I am requesting disclosure and release of all documents, communications, filings, certifications, endorsements, and mortgage insurance or securitization records related to the FHA-insured mortgage loan secured by real property located at:

671 Exeter Road, Lebanon, Connecticut [06249]

The original mortgage loan was associated with my legal estate and recorded in public records under my name. This request is made to clarify ownership, servicing rights, pooling status, and any federal endorsements or insurance program participation, including securitization into Ginnie Mae REMIC Trust 2021-143.

This is a lawful FOIA request and not a discovery demand.

1.   Specifically, I request the following HUD-related records:

- All FHA endorsement and mortgage insurance certificate records, including MIC issuance date, insurance-in-force status, MIP records, and HUD case number.
- All documents showing loan servicing history, including servicer assignments, changes, terminations, or loss mitigation activity. Include any certifications or filings submitted by: Lakeview Loan Servicing, LLC; M&T Bank; Loancare LLC; Mid America Mortgage, Inc. (if applicable).
- Any custodial certifications or mortgage pooling documentation, including Ginnie Mae securitization records, pooling and servicing agreements (PSAs), or custodial trust disclosures filed through HUD or its agents, including any and all documents connected to Ginnie Mae REMIC Trust 2021-143.
- All filed endorsements, assignments, or beneficiary certifications whether sent directly to HUD, the FHA, or its agents in relation to this loan.
- Any internal investigation or servicing audit record relating to this mortgage account or servicer for the subject property.
- A full servicing history log including mortgage servicer reporting dates and HUD oversight records if available.

If any portion of this request is denied, please state the specific exemption(s) claimed and provide a full explanation of the basis for the denial. If documents contain both exempt and non-exempt material, please redact only the exempt portions and release the remainder. I request all records be provided electronically via email or secure download, if available.

This request is made in good faith for lawful administrative and evidentiary purposes. I am willing to pay up to $25 in duplication or processing costs. If higher fees are anticipated, please notify me in advance.

Respectfully ,

By: Franklin Maldonado©, Trustee
Maldonado's Familia GodTrust
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573 | Email: aramaldo08@gmail.com

 Gmail

Case 1:25-cv-01289-MBH    Document 1-2    Filed 08/04/25    Page 58 of 207

Maria Araujo <aramaldo08@gmail.com>

## FOIA Request – FHA Mortgage Records & Securitization (Ginnie Mae REMIC Trust 2021-143

**Maria Araujo** <aramaldo08@gmail.com>                                Wed, Apr 2, 2025 at 4:24 PM
To: FOIA@hud.gov

To the FOIA Officer,

Please find attached a formal Freedom of Information Act request for records pertaining to my FHA-insured mortgage loan associated with the property located at 671 Exeter Road, Lebanon, Connecticut [06249].

This request pertains to FHA servicing, securitization, endorsements, and any records linked to Ginnie Mae REMIC Trust 2021-143.

I request acknowledgment of receipt and assignment of a tracking number for follow-up purposes.

Respectfully,
Franklin Maldonado©, Trustee
Maldonado's Familia GodTrust
Email: aramaldo08@gmail.com
Tel: 959-223-7573

📄 **FOIA_Request_HUD_FHA_Remic2021-143.pdf**
108K

M Gmail                                                    khazmica <franklinmaldonado5@gmail.com>

## Your Case Number 25-FI-RO1-02261 changed!
1 message

noreply@ains.com <noreply@ains.com>                                    Wed, Apr 9, 2025 at 10:00 AM
To: franklinmaldonado5@gmail.com

Dear Franklin Maldonado,

Your request number was changed from 25-FI-RO1-02261 to 25-FI-RO3-02271, by the agency. Please note the new case number to quote in your future correspondence about the request.

Regards,

U.S. Department of Housing and Urban Development

  Gmail

<div align="right">khazmica &lt;franklinmaldonado5@gmail.com&gt;</div>

## 1st Party Affirmation Letter/Forms - Regarding FOIA Request No. 25-FI-HQ-02286

**Debra.S.Gaskin@hud.gov** &lt;Debra.S.Gaskin@hud.gov&gt;                    Mon, Apr 14, 2025 at 10:36 AM
To: franklinmaldonado5@gmail.com
Cc: sandra.j.wright@hud.gov

Good day Mr. Maldendo:

Please be informed of the information you request in your FOIA Request No. 25-FI-HQ-02286, which requires proof of identity. Please download the attached forms and complete Parts 1 & 2. Once completed, please sign and have the form notarized, and return the attached forms to the HUD's FOIA Department.

Thank you for your interest in the Department's programs and policies.

2 attachments

25-FI-HQ-02286 First Party Affirmation Ltr-F. Maldendo.pdf
121K

1st Party Affirmation Declaration Forms for 25-FI-HQ-02286.docx
36K

Case 1:25-cv-01289-MBH    Document 1-2    Filed 08/04/25    Page 60 of 207



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON DC 20410-3000

OFFICE OF ADMINISTRATION

April 14, 2025

Mr. Franklin Maldonado
c/o 671 Exeter Road
Lebanon, CT  06249
franklinmaldonado5@gmail.com

RE:  Freedom of Information Act Request
FOIA Request No.: 25-FI-HQ-02286

Dear Mr. Maldonado:

The Department of Housing and Urban Development acknowledges your Freedom of Information Act request (FOIA) dated and received April 8, 2025, in the Department's FOIA Office.  The assigned tracking number for your request is **25-FI-HQ-02286**.  Please use this tracking number when requesting any information or updates.  You requested the following:

- A FOIA request regarding FHA loan servicing and securitization records related to my mortgage, beginning August 2021 to present. (Date Range for Record Search: From 08/01/2021 To 04/30/2025).

An individual's request for information pertaining to himself/herself is processed under both the FOIA and the Privacy Act to afford maximum access to records.  Because you have asked for a copy of records about yourself, HUD must verify your identity to ensure that your personal information is not released to anyone other than you; this includes your full name, current address, and date and place of birth.

For your convenience, I have enclosed an affirmation/declaration form that can be used to satisfy the requirements of a perfect FOIA/PA request.  You must complete and return the **original form** before a search is initiated for any responsive records and the form **must contain your signature and be notarized**.

If the completed form is not received within **10 business days** from the date of this letter, I assume that you no longer require the information requested, and your request will be administratively closed.  Please be advised that such an action will not prevent you from filing other requests in the future.  If you have any questions regarding your request, please contact me at (202) 402-3866 or debra.s.gaskin@hud.gov.

2

Thank you for your interest in the Department's programs and policies.

Sincerely,

*Debra Gaskin*
Government Information Specialist
FOIA Branch, HUD FOIA Office

Enclosure:
1st Party Affirmation Declaration Forms



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC  20410-3000

OFFICE OF ADMINISTRATION

## AFFIRMATION/DECLARATION

This is to affirm that I,

_Franklin Maldonado_

(PRINT FULL NAME)

understand that any request for records maintained by the **Department of Housing and Urban Development** that pertain to an individual must have this form completed and returned before any records can be released.

My present address is: c/o 671 Exeter Road, Lebanon Connecticut [06249]

My date of birth is: Feb. 26th 1978

My place of birth was: Santo Domingo, Dom. Rep.

My citizenship status¹ is: Private American National / US National

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above. I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Executed on _4/15/25_

(DATE)

By: Franklin Maldonado©

(SIGNATURE OF AFFIRMANT/DECLARANT)

In the case of third-party requests, this portion must also be signed and completed by the individual(s) requesting any records that do not pertain to him/her.

_____

2

I hereby authorize _Frawllin Maldonado_ access to my records.
(PRINT FULL NAME)

I request that any located and disclosable records be forwarded to the following individual:

_Frawlli Maldonado_ at the following address:
(PRINT FULL NAME)

C/o 671 Exeter Road, Lebanon, Connecticut [06249]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above. I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Executed on _4/15/25_ . (DATE)

By: _FranlCi Maldonado_ .
(SIGNATURE OF AFFIRMANT/DECLARANT)

**HUD FOIA CASE: 25-FI-HQ-02286**

PLEASE RETURN TO:  U.S. Department of Housing and Urban Development
451 Seventh Street, SW, Room 10139
Washington, DC  20410

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal in said State and County on the day and last year above written.

Notary Seal

_Kayla Fortier_                                    _4/15/25_
(Signature of Notary)                              Date
My Commission Expires:

Kayla Fortier
Notary Public, State of Connecticut
My Commission Expires 08/31/2026

7/25/25, 12:29 PM                    Gmail - FOIA Appeal – Request No. 25-FI-HQ-02286 – Urgent Reinstatement Due to System Suppression

 Gmail                                                    **khazmica <franklinmaldonado5@gmail.com>**

## FOIA Appeal – Request No. 25-FI-HQ-02286 – Urgent Reinstatement Due to System Suppression

**khazmica** <franklinmaldonado5@gmail.com>                              Tue, May 6, 2025 at 3:16 PM
To: HUDFOIAappeals@hud.gov

---------- Forwarded message ---------
From: **khazmica** <franklinmaldonado5@gmail.com>
Date: Tue, May 6, 2025 at 3:11 PM
Subject: FOIA Appeal – Request No. 25-FI-HQ-02286 – Urgent Reinstatement Due to System Suppression
To: <FOIAappeals@hud.gov>

To the HUD FOIA Appeals Officer,

Please accept the attached formal appeal regarding FOIA Request No. 25-FI-HQ-02286, originally submitted on April 8, 2025, and acknowledged as "In Process" as of April 15, 2025.

This appeal is being submitted in accordance with 5 U.S.C. § 552 and 24 C.F.R. § 15.106, based on HUD's failure to issue a lawful determination within the required statutory timeframe and the unexplained removal of the request from the FOIA portal as of May 2, 2025.

Further, the portal now prevents submission of an electronic appeal, effectively cutting off the administrative remedy process. These actions constitute procedural obstruction, potential federal record concealment, and a denial of due process under the Fifth and Fourteenth Amendments.

The attached document outlines the full legal basis for this appeal and includes supporting evidence, including HUD correspondence, affirmation form, follow-up communications, and digital screenshots demonstrating portal suppression.

**Requested Relief:**

1. Immediate reinstatement and acknowledgment of Request No. 25-FI-HQ-02286

2. Written clarification regarding its current status and any administrative action taken

3. Expedited review and full production of responsive documents as originally requested

Please confirm receipt of this appeal by return email. All rights and remedies under FOIA and applicable law are expressly reserved.

Respectfully,
**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
✉ franklinmaldonado5@gmail.com
☎ 959-223-7573

--
Kind Regards,
Franklin Maldonado

**6 attachments**



**HUD0.png**
84K



**HUD1.png**
82K



**HUD2.png**
78K





**HUD3.png**
151K

**SUPPLEMENTAL LEGAL BASIS FOR FOIA APPEAL.docx**
36K

**HUD _FOIA_ Documentation.pdf**
11457K



## HUD.GOV

## U.S. Department of Housing and Urban Development

 My Account    Change Password    Message Inbox (0)    Sign Out    Help ▾

Home    How to Submit a Request ▾    FOIA Library ▾    Check Request Status    Submit Request    Submit Appeal

**Check Request Status**

No Requests Found

**U.S. Department of Housing and Urban Development |** 451 7th Street S.W., Washington, DC 20410  |  Telephone: (202) 708-1112    TTY: (202) 708-1455

Find the address of the HUD office near you          Privacy



FOIA Request No. 25-FI-HQ-02286

## SUPPLEMENTAL LEGAL BASIS FOR FOIA APPEAL

**RE: FOIA Request No. 25-FI-HQ-02286**

This appeal is submitted in good faith pursuant to the Freedom of Information Act, 5 U.S.C. § 552, asserting the public's non-negotiable right to full, transparent, and timely access to agency records. The relief sought is simple and lawful: the immediate reinstatement, acknowledgment, and full production of documents lawfully requested under FOIA Request No. 25-FI-HQ-02286. These documents are materially relevant to an active state appellate case involving proven instances of fraud, jurisdictional error, and constitutional violations.

### I.    Procedural Background

The undersigned was previously contacted by Debra S. Gaskin, acting as Government Information Specialist with HUD's FOIA Division. Any agency assertion that the request was abandoned or closed without cause must be reconciled with this direct and documented contact record.

At no time did the undersigned withdraw, abandon, or fail to comply with any HUD FOIA instruction. The notarized affirmation form was fully accepted on April 15, 2025, in direct accordance with HUD's procedural request. If HUD maintains otherwise, the undersigned demands production of any such alleged communication or justification under FOIA, for evidentiary review.

The request was submitted on April 8, 2025 and acknowledged as "In Process" on April 15, 2025. It was reassigned twice—first under Tracking No. 25-FI-RO1-02261, then 25-FI-RO3-02271—before being finalized under Tracking No. 25-FI-HQ-02286.

As of May 1, 2025, the HUD FOIA portal continued to display the request as "In Process." However, by the morning of May 2, 2025, the request had disappeared entirely from the portal, which now states "No Requests Found."

Further compounding this procedural breach, as of May 6, 2025, the HUD FOIA portal no longer permits the submission of an appeal related to this request. The appeal interface is inaccessible, and the system fails to recognize the request number altogether. The only remaining trace of the request is HUD's original acknowledgment email. This is not merely technical error—this is digital erasure. The inability to appeal through the

FOIA Request No. 25-FI-HQ-02286

agency's designated platform constitutes a direct violation of procedural rights and suggests systemic suppression.

These cumulative anomalies constitute more than neglect—they represent a pattern of concealment, obstruction, and administrative misconduct.

## II.    Subject Matter and Relevance

The undersigned, in fiduciary capacity as trustee of MALDONADO'S FAMILIA GODTRUST, seeks these documents in lawful defense of trust property and beneficiary rights. The records pertain to mortgage securitization, custodial documentation, pooling disclosures, and federal oversight—all material to an active appellate proceeding in Connecticut involving contested claims of bifurcation, fraud, and unlawful foreclosure.

These records are not optional. They are central to establishing the legal status of real property, standing, and due process integrity. Suppressing them obstructs not only administrative transparency but the right to mount a meaningful legal defense.

## III.    Relief Demanded

I respectfully demand:

1. Immediate reinstatement and acknowledgment of FOIA Request No. 25-FI-HQ-02286;
2. Written clarification regarding its current status and any administrative actions taken;
3. Expedited determination and production of all responsive records as originally requested, without further delay or obstruction.

In the event HUD fails to respond within twenty (20) working days of this appeal, this filing shall be deemed a constructive denial, and the undersigned reserves the right to pursue judicial review under 5 U.S.C. § 552(a)(6)(C)(i).

## IV.    Legal Basis for Appeal and Preserved Violations

1. **Violation of FOIA Timelines (5 U.S.C. § 552(a)(6)(A))**
   HUD failed to make a determination within 20 business days and failed to notify

FOIA Request No. 25-FI-HQ-02286

the requester of the expedited request status within 10 days, as required by 5 U.S.C. § 552(a)(6)(E)(ii)(I).

2. **Constructive Denial (5 U.S.C. § 552(a)(6)(C)(i))**
By failing to respond and by removing the request from the system, HUD has triggered a constructive denial, legally entitling the requester to judicial review.

3. **Criminal Concealment of Federal Records (18 U.S.C. § 2071)**
The unexplained deletion of an acknowledged, active FOIA request—with no closure notice or system entry—may constitute criminal concealment of federal records. If any internal communications or system logs regarding the removal are not preserved, this further amplifies liability.

4. **Due Process Violations (U.S. Const. Amends. V & XIV)**
The requested records pertain directly to a pending appellate matter. Any act of suppression or obstruction of evidence that materially affects legal standing, trust property, or right to fair hearing constitutes a constitutional violation.

5. **Violation of HUD's Own FOIA Regulation (24 C.F.R. § 15.106)**
HUD failed to maintain a functioning appeal mechanism or honor its own procedural infrastructure, rendering the agency noncompliant with its self-governing rules.

6. **Violation of Federal Records Act (44 U.S.C. Chapters 21, 29, and 31)**
If HUD failed to preserve tracking metadata, correspondence, or internal notes associated with this request, it may be in violation of federal records retention law.


### V.    Supporting Documentation Attached

- Original FOIA Request (April 8, 2025)
- HUD Acknowledgment Email (April 14, 2025)
- Notarized Affirmation Form (April 15, 2025)
- Follow-Up Email (April 30, 2025)
- Screenshot from FOIA Portal (May 1st, 2nd and 6th, 2025)
- Notice of Procedural Obstruction and Clarification
- Affidavit of Silence and Non-Response (April 7, 2025)
- Screenshot of System Lockout (May 6, 2025)


This appeal is submitted in accordance with 24 C.F.R. § 15.106, HUD's official FOIA appeal regulation. It is not intended as confrontation, but as the lawful invocation of rights guaranteed by the Constitution and federal law. The undersigned reserves all rights,

FOIA Request No. 25-FI-HQ-02286

claims, and remedies arising from this administrative obstruction and any future agency noncompliance.

Respectfully,


**Franklin Maldonado©**
Trustee, *MALDONADO'S FAMILIA GODTRUST*
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
franklinmaldonado5@gmail.com | ☎ 959-223-7573

# FORMAL NOTICE OF PROCEDURAL OBSTRUCTION & REQUEST FOR CLARIFICATION

To: Debra Gaskin, Government Information Specialist
U.S. *Department of Housing and Urban Development (HUD)*
451 7th Street SW, Room 10139
Washington, DC 20410
Email: debra.s.gaskin@hud.gov

Date: May 2, 2025

Subject: FOIA Request No. 25-FI-HQ-02286 – Formal Notice of Procedural Obstruction

Dear Ms. Gaskin,

This letter is to formally notify the Department of Housing and Urban Development (HUD) of a serious issue regarding my FOIA request, Case No. 25-FI-HQ-02286, submitted April 8, 2025, and formally accepted as "In Process" on April 15, 2025, after all notarized identity documentation was properly submitted.

As of today, May 2, 2025, the HUD FOIA online portal shows "No Requests Found" under my active account. This status change occurred without any written response, update, or closure notice, and no communication has been received by email or through the HUD portal since my lawful follow-up email on April 30, 2025.

Pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I), expedited FOIA requests must be decided within ten (10) calendar days. That deadline passed on April 25, 2025. The sudden disappearance of the request without notice, while it was previously marked "In Process," constitutes procedural obstruction, and may trigger a formal complaint to the Office of Government Information Services (OGIS) or judicial review.

I demand written confirmation of:
1. The current status of FOIA Request No. 25-FI-HQ-02286;
2. The reason for the request's disappearance from the public portal;
3. Any reassignment or administrative closure not previously disclosed;
4. A definitive response time for document production or denial.

Page 1 of 2

Please be advised this notice will also be documented in my federal and appellate record.

Respectfully,

Franklin Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Email: franklinmaldonado5@gmail.com
Tel: 959-223-7573

# FOIA DISPUTE SUBMISSION – URGENT REQUEST FOR ASSISTANCE

To: Office of Government Information Services (OGIS)
Email: ogis@nara.gov

Date: May 2, 2025

Subject: FOIA Dispute – HUD FOIA Request No. 25-FI-HQ-02286 (Non-Response, Procedural Delays, and Portal Disappearance)

Dear OGIS Staff,

I am requesting your urgent assistance regarding a FOIA dispute involving the U.S. Department of Housing and Urban Development (HUD). My FOIA Request No. 25-FI-HQ-02286 was originally submitted on April 8, 2025, and accepted by HUD as "In Process" on April 15, 2025, following my submission of the required notarized identity affirmation form.

However, as of May 2, 2025, my FOIA request has completely disappeared from the HUD FOIA tracking portal. The portal now displays a "No Requests Found" message under my user credentials. This change occurred without any written response, status update, closure notification, or formal denial of records. Additionally, no response has been provided to my lawful follow-up email sent on April 30, 2025.

Pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I), expedited FOIA requests must receive a determination within ten (10) calendar days. That legal deadline passed on April 25, 2025. HUD has failed to respond, and the removal of the request from the portal constitutes procedural obstruction or mishandling. This behavior is particularly concerning as my FOIA request was reassigned multiple times under different tracking numbers (from 25-FI-RO1-02261 to 25-FI-RO3-02271, and finally to 25-FI-HQ-02286), with no clear explanation provided for these changes.

This FOIA request pertains to securitization and custodial documents related to my mortgage, which are material evidence in an active state court and appellate case. The suppression or mishandling of this request undermines my ability to present complete and verified evidence before the judiciary and directly affects ongoing litigation and enforcement.

Attached you will find:
- Original FOIA request submitted on April 8, 2025
- HUD's acknowledgment letter dated April 14, 2025
- Notarized affirmation and identity declaration
- April 30 follow-up email to HUD
- Screenshot showing "No Requests Found" as of May 2, 2025
- Formal Notice of Procedural Obstruction sent May 2, 2025
- Affidavit of Silence and Non-Response dated April 7, 2025 (documenting HUD's inaction)

I respectfully request that OGIS initiate contact with HUD, verify the true status of this request, and assist in obtaining a complete and timely response. This matter is urgent and directly affects judicial fairness and transparency in a pending legal matter.

Sincerely,

Franklin Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Email: franklinmaldonado5@gmail.com
Tel: 959-223-7573

Private Trust Record – Not for Public Use – All Rights Reserved

## Affidavit of FOIA Request and Agency Silence

I, Franklin Maldonado©, secured party creditor and Trustee of Maldonado's Familia GodTrust, declare under penalty of perjury, pursuant to the laws of the united States of America and the State of Connecticut, that the following statements are true, correct, and executed in good faith.

In furtherance of my perfected lien interest, unrebutted commercial claim, and trust jurisdiction, I lawfully issued Freedom of Information Act (FOIA) and/or public records requests to federal agencies including but not limited to: the U.S. Department of Housing and Urban Development (HUD), the Federal Housing Finance Agency (FHFA), the Consumer Financial Protection Bureau (CFPB), Ginnie Mae, Fannie Mae, and Freddie Mac.

These requests sought confirmation or denial of the securitization, REMIC registration, and chain of custodial ownership regarding the alleged mortgage instrument and related loan servicing actions tied to the property located at 671 Exeter Road, Lebanon, Connecticut [06249]. The purpose of these requests was to determine whether the alleged lender and servicer—Lakeview Loan Servicing, LLC—has lawful standing, chain of title, or documented holder-in-due-course status in relation to the underlying loan.

As of the date of this affidavit, no agency has provided a complete or verified response that rebuts the commercial and administrative claims already filed and entered into the public record. To the extent that such agencies fail or refuse to answer under transparency law, this non-response constitutes constructive agreement, administrative default, and estoppel by acquiescence.

This affidavit is made in support of judicial notice, evidentiary supplementation, and to verify that material public facts relevant to standing, lien priority, and due process were actively pursued by the undersigned and lawfully ignored or obstructed by agencies and adversarial parties.

Notice to agent is notice to principal. Notice to principal is notice to agent.

Further affiant sayeth naught.

Executed this ___7___ day of ___April___, 2025.

By: _____

Franklin Maldonado©, Trustee
Maldonado's Familia GodTrust

Page 1 of 2

Private Trust Record – Not for Public Use – All Rights Reserved

STATE OF CONNECTICUT


COUNTY OF New London

On this 7th day of April____, 2025, before me, the undersigned notary public, personally appeared Franklin Maldonado, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Notary Public: _Gayle Furman_____

> Gayle Furman
> Notary Public, State of Connecticut
> My Commission Expires 08/31/2029

My Commission Expires: 08-31-2029

 Gmail                                                        khazmica <franklinmaldonado5@gmail.com>

# Acknowledgement- FOIA Appeal 25-A-HQ-00019; FOIA Request No. 25-FI-HQ-02286

**HUDFOIAappeals** <HUDFOIAappeals@hud.gov>                                      Thu, May 8, 2025 at 2:21 PM
To: "franklinmaldonado5@gmail.com" <franklinmaldonado5@gmail.com>

Mr. Maldonado,

Please see the attached correspondence regarding the above referenced subject matter.

Thank you.

---------- Forwarded message ----------
From: **khazmica** <franklinmaldonado5@gmail.com>
Date: Tue, May 6, 2025 at 3:11 PM
Subject: FOIA Appeal – Request No. 25-FI-HQ-02286 – Urgent Reinstatement Due to System Suppression
To: <FOIAappeals@hud.gov>

To the HUD FOIA Appeals Officer,

Please accept the attached formal appeal regarding FOIA Request No. 25-FI-HQ-02286, originally submitted on April 8, 2025, and acknowledged as "In Process" as of April 15, 2025.

This appeal is being submitted in accordance with 5 U.S.C. § 552 and 24 C.F.R. § 15.106, based on HUD's failure to issue a lawful determination within the required statutory timeframe and the unexplained removal of the request from the FOIA portal as of May 2, 2025.

Further, the portal now prevents submission of an electronic appeal, effectively cutting off the administrative remedy process. These actions constitute procedural obstruction, potential federal record concealment, and a denial of due process under the Fifth and Fourteenth Amendments.

The attached document outlines the full legal basis for this appeal and includes supporting evidence, including HUD correspondence, affirmation form, follow-up communications, and digital screenshots demonstrating portal suppression.

**Requested Relief:**

1. Immediate reinstatement and acknowledgment of Request No. 25-FI-HQ-02286
2. Written clarification regarding its current status and any administrative action taken
3. Expedited review and full production of responsive documents as originally requested

Please confirm receipt of this appeal by return email. All rights and remedies under FOIA and applicable law are expressly reserved.

Respectfully,
**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
✉ franklinmaldonado5@gmail.com
☎ 959-223-7573

--

Kind Regards,
Franklin Maldonado

FOIA Acknowledgement 25-A-HQ-00019 05082025.pdf
69K



OFFICE OF GENERAL COUNSEL

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-0500

**May 8, 2025**

Franklin Maldonado
franklinmaldonado5@gmail.com

Re:    Freedom of Information Act Appeal
FOIA Appeal No.  25-A-HQ-00019
FOIA Control No. 25-FI-HQ-02286

Dear Mr. Maldonado,

We are writing to acknowledge receipt of your Freedom of Information Act (FOIA) appeal submitted via HUDFOIAappeals@hud.gov.  The Ethics and Appeals Division received your appeal on May 6, 2025.  We will provide a determination by the close of business on June 4, 2025.

Thank you for your appeal.

Sincerely,

*Daniel Baxter*

Daniel P. Baxter
Assistant General Counsel
Ethics and Appeals Division

www.hud.gov        espanol.hud.gov

Dear OGIS Mediation Team,

This is a brief update to my earlier mediation request regarding FOIA Request No. **25-FI-HQ-02286**, which had been procedurally suppressed and removed from HUD's public FOIA portal without explanation.

As of **May 6, 2025**, HUD has now **formally acknowledged my FOIA appeal** under **Appeal Tracking No. 25-A-HQ-00019**, and confirmed that it references the original suppressed request. This action effectively reopens the matter for administrative review.

While I will continue monitoring for HUD's response within the required 20-day window, I respectfully request that OGIS keep this case active for oversight purposes. Should HUD fail to issue a timely determination or attempt further deflection, I may need your assistance in facilitating compliance.

All supporting documentation and evidence remain available upon request.

Thank you again for your attention to this matter.

Respectfully,
**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Email: franklinmaldonado5@gmail.com
Phone: 959-223-7573


On Tue, May 6, 2025 at 4:04 PM OGIS <OGIS+noreply@nara.gov> **wrote:**
Thank you for contacting the Office of Government Information Services (OGIS). This is an auto reply message.

As the Freedom of Information Act (FOIA) ombudsman, OGIS assists FOIA requesters and federal agencies by helping them resolve their FOIA disputes, and by addressing their questions and concerns about the FOIA process. Please note, we are experiencing an increase in our inquiries received and are working to respond as soon as possible. We apologize for any delays in our response and assure you that all emails are tracked. We look forward to assisting you.

If you seek OGIS's assistance with a Freedom of Information Act (FOIA) dispute and have not done so already, please email us again at ogis@nara.gov:
- A brief description of your dispute
- A copy of your FOIA request
- The agency's response to your request
- Your appeal letter (if you filed an appeal)
- The agency's response to your appeal (if you received a response)

DO NOT respond to this email as the response will not be received by the OGIS staff. Emails must be sent to ogis@nara.gov

We encourage you to transmit documents as PDF attachments via email, rather than through postal mail, which may cause delays in our response.

Sincerely,
The OGIS Staff


--
Kind Regards,
Franklin Maldonado

 Gmail

**khazmica <franklinmaldonado5@gmail.com>**

# Subject: Follow-Up: HUD FOIA Suppression Confirmed – Request No. 25-FI-HQ-02286 / Appeal No. 25-A-HQ-00019

**khazmica <franklinmaldonado5@gmail.com>**                Thu, May 22, 2025 at 12:58 PM
To: OGIS <OGIS+noreply@nara.gov>, ogis@nara.gov

Dear OGIS Mediation Staff,

This is a formal follow-up to my prior request for mediation regarding procedural suppression of my FOIA request to the U.S. Department of Housing and Urban Development (HUD), originally filed on **April 8, 2025**, under Tracking No. **25-FI-HQ-02286**.

On **May 22, 2025**, I received an official appeal determination from **Assistant General Counsel Daniel P. Baxter** of HUD's Ethics and Appeals Division. The letter confirms that HUD:

- **Failed to issue a timely determination** within the 20-day statutory period required under 5 U.S.C. § 552(a)(6)(A)(i);

- **Acknowledges constructive exhaustion** of administrative remedies, which permits federal escalation under 5 U.S.C. § 552(a)(6)(C)(i);

- Indicates that HUD is now belatedly "reviewing" the request and will respond subject to exemptions;

- Promises a 90-day re-appeal window after any future document release, but does not dispute the procedural lapse.

This letter validates that HUD's prior obstruction and portal-level suppression constituted a violation of FOIA standards and confirms that my original claims were accurate.

**I respectfully request that OGIS keep this matter open** and actively monitored, as HUD has not yet produced any responsive documents and is now operating on a post-violation timeline.

Please let me know if additional documentation is needed or if further clarification is required. I remain ready to submit all supporting materials, including the HUD letter of May 22, 2025, which I will attach to this email.

Thank you for your ongoing oversight and support.

Respectfully,
**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Email: aramaldo08@gmail.com
Phone: 959-223-7573


On Thu, May 8, 2025 at 12:24 PM khazmica <franklinmaldonado5@gmail.com> **wrote:**

Dear OGIS Mediation Team,

This is a brief update to my earlier mediation request regarding FOIA Request No. **25-FI-HQ-02286**, which had been procedurally suppressed and removed from HUD's public FOIA portal without explanation.

As of **May 6, 2025**, HUD has now **formally acknowledged my FOIA appeal** under Appeal Tracking No. **25-A-HQ-00019**, and confirmed that it references the original suppressed request. This action effectively reopens the matter for administrative review.

While I will continue monitoring for HUD's response within the required 20-day window, I respectfully request that OGIS keep this case active for oversight purposes. Should HUD fail to issue a timely determination or attempt further deflection, I may need your assistance in facilitating compliance.

5/22/25, 1:01 PM          Gmail - Subject: Follow-Up: HUD FOIA Suppression Confirmed – Request No. 25-FI-HQ-02286 / Appeal No. 25-A-HQ-00019

All supporting documentation and evidence remain available upon request.

Thank you again for your attention to this matter.

Respectfully,
Franklin Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
Email: franklinmaldonado5@gmail.com
Phone: 959-223-7573

On Tue, May 6, 2025 at 4:04 PM OGIS <OGIS+noreply@nara.gov> wrote:
Thank you for contacting the Office of Government Information Services (OGIS). This is an auto reply message.

As the Freedom of Information Act (FOIA) ombudsman, OGIS assists FOIA requesters and federal agencies by helping them resolve their FOIA disputes, and by addressing their questions and concerns about the FOIA process. Please note, we are experiencing an increase in our inquiries received and are working to respond as soon as possible. We apologize for any delays in our response and assure you that all emails are tracked. We look forward to assisting you.

If you seek OGIS's assistance with a Freedom of Information Act (FOIA) dispute and have not done so already, please email us again at ogis@nara.gov:
- A brief description of your dispute
- A copy of your FOIA request
- The agency's response to your request
- Your appeal letter (if you filed an appeal)
- The agency's response to your appeal (if you received a response)

DO NOT respond to this email as the response will not be received by the OGIS staff. Emails must be sent to ogis@nara.gov

We encourage you to transmit documents as PDF attachments via email, rather than through postal mail, which may cause delays in our response.

Sincerely,
The OGIS Staff


--
Kind Regards,
Franklin Maldonado


--
Kind Regards,
Franklin Maldonado


📎 **FOIA Appeal Determination 25-A-HQ-00019.pdf**
   171K

5/27/25, 1:18 PM                            Gmail - FOIA Appeal Determination: 25-A-HQ-00019; Request No. 25-FI-HQ-02286

 Gmail                                                        khazmica <franklinmaldonado5@gmail.com>

# FOIA Appeal Determination: 25-A-HQ-00019; Request No. 25-FI-HQ-02286

**khazmica** <franklinmaldonado5@gmail.com>                                Tue, May 27, 2025 at 1:18 PM
To: HUDFOIAappeals <HUDFOIAappeals@hud.gov>
Cc: bao-anh.v.trinh@hud.gov

**Dear FOIA Appeals Officer,**

This is a follow-up regarding my active FOIA appeal, Tracking No. **25-A-HQ-00019**, which was formally acknowledged by your office via email on **May 23, 2025** (screenshot attached). That confirmation indicated the request had been received and reentered into the eFOIA system for review.

However, upon logging in to the HUD FOIA portal at https://hudpal.efoia-host.com, the **Check Request Status** section reflects **no entries** tied to this request. Please see the attached screenshot captured on **May 27, 2025 at 1:03 PM EST**, showing an empty request grid.

Given that a formal appeal determination was issued on **May 22, 2025**, acknowledging HUD's constructive denial and confirming the request was under active review, I am requesting immediate clarification of the following:

1. Is FOIA Appeal No. **25-A-HQ-00019** still under active review and processing?

2. Why is it no longer visible in the "Check Request Status" interface despite the prior email confirmation?

3. Can HUD confirm that no closure, withdrawal, or reassignment of the request has taken place without written notice?

This matter is under federal review with the **Office of Government Information Services (OGIS)** and the **U.S. Department of Justice** under Case No. **596182-VNZ**, and I am preserving all records for constitutional and procedural documentation.

Additionally, I respectfully request **expedited handling and production** of the responsive documents due to their direct relevance to a pending court matter. The records requested are necessary for evidentiary reference in an appellate hearing scheduled for **May 29, 2025**, in **Connecticut Appellate Court Case No. AC 47815**. Timely access to this information is critical to ensure due process and preserve the integrity of the judicial record.

**(See 5 U.S.C. § 552(a)(6)(E)(v)(II)** – expedited processing permitted where records are urgently needed for a time-sensitive legal proceeding.)Please respond promptly with the current status and explanation. Your cooperation is appreciated.

Sincerely,
**Franklin Maldonado**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: franklinmaldonado5@gmail.com

[Quoted text hidden]
--
Kind Regards,
Franklin Maldonado

**2 attachments**

       

**HUD 9- 5-27-25.png**
374K



**HUD 10- 5-27-25.png**
364K

 Gmail                                          khazmica <franklinmaldonado5@gmail.com>

---

## FOIA Mediation Request — Procedural Suppression of Request No. 25-FI-HQ-02286 by HUD

---

**OGIS** <ogis@nara.gov>                                          Fri, May 30 at 9:47 AM
To: OGIS <ogis@nara.gov>
Cc: khazmica <franklinmaldonado5@gmail.com>

Dear Franklin Maldonado,

Please see OGIS's response to your submission attached to this email.

Thank you,
The OGIS Staff
[Quoted text hidden]
**C-0005642390 Maldonado Response.pdf**



NATIONAL ARCHIVES

May 30, 2025 —Sent via email

Franklin Maldonado                                    Re: OGIS Case No  C-0005642390
franklinmaldonado5@gmail.com

Dear Franklin Maldonado,

This responds to your May 6, 2025 submission. Thank you for contacting the Office of Government Information Services (OGIS). Congress created OGIS to serve as the federal Freedom of Information Act (FOIA) Ombuds.

We carefully reviewed your submission and understand that you are requesting "immediate intervention" regarding  FOIA request, No. 25-FI-HQ-02286, to the Department of Housing and Urban Development (HUD) seeking FHA loan servicing and securitization records related to your mortgage. Specifically, you noted that when you searched HUD's FOIA portal for your request on May 19, 2025, there was no record of your request.

In response to your submission and others seeking similar assistance, we discussed the matter with HUD's FOIA Public Liaison Sandra Wright. We learned that HUD's online FOIA portal was upgraded on May 2, 2025. Since then, some requesters have informed OGIS that the portal no longer provides them with updates on their case, and may even state "No Requests Found" when they search for their case number. We learned that HUD is aware of this issue and is working to correct it. These FOIA cases are still open, and HUD continues tracking and processing them.

With regard to your FOIA request, HUD is searching for responsive records and informed us that the agency received your appeal.. For future updates on your case, please contact Ms. Wright directly at FOIA@hud.gov. She will be able to provide you with an update on your case.

We hope this resolves your concern. Please email at ogis@nara.gov should you need further assistance from OGIS.

Sincerely,

The OGIS Staff

13/25, 2:13 PM                    Gmail - Fwd: FOIA Appeal No. 25 ...

 Gmail                                        khazmica <franklinmaldonado5@gmail.com>

# Fwd: FOIA Appeal No. 25-A-HQ-00019 – Final Processing Reminder and Status Request

khazmica <franklinmaldonado5@gmail.com>                    Tue, Jun 3, 2025 at 2:12 PM
To: foia@hud.gov
Cc: ogis@nara.gov

Dear Ms. Wright,

I am writing to respectfully remind your office that **June 4, 2025** marks the final response deadline for **FOIA Request No. 25-FI-HQ-02286** and its related **Appeal No. 25-A-HQ-00019**, as confirmed in HUD's appeal determination dated **May 22, 2025**.

To date, I have not received the responsive documents. As this matter is time-sensitive and tied to an active appellate court case (**AC 47815**), I am requesting immediate confirmation of the current processing status and whether I can expect delivery of the requested records by the stated deadline.

As confirmed in the attached letter from the **Office of Government Information Services (OGIS)** dated **May 30, 2025** (Case No. **C-0005642390**), this FOIA matter remains under active federal oversight. OGIS explicitly directed me to contact you, Ms. Wright, as the designated point of communication for case updates. Accordingly, I am following that instruction and respectfully requesting an immediate status update.

This matter is also under parallel review by the **U.S. Department of Justice** (Case No. **596182-VNZ**). All correspondence and non-responses are being preserved for the record.

I appreciate your prompt attention and look forward to your update.

Sincerely,
**Franklin Maldonado**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: franklinmaldonado5@gmail.com

---------- Forwarded message ----------
From: **OGIS** <ogis@nara.gov>
Date: Fri, May 30, 2025 at 9:47 AM
Subject: Re: FOIA Mediation Request – Procedural Suppression of Request No. 25-FI-HQ-02286 by HUD
To: OGIS <ogis@nara.gov>
Cc: khazmica <franklinmaldonado5@gmail.com>

Dear Franklin Maldonado,

Please see OGIS's response to your submission attached to this email.

Thank you,
The OGIS Staff

On Tuesday, May 6, 2025 at 4:04:32 PM UTC-4 khazmica wrote:

Dear OGIS Mediation Staff,

I am writing to formally request your immediate intervention regarding a FOIA request I submitted to the U.S. Department of Housing and Urban Development (HUD), which appears to have been procedurally suppressed without

 Gmail

khazmica <franklinmaldonado5@gmail.com>

# Formal Submission – Affidavit of Silence & Procedural Obstruction | FOIA Request No. 25-FI-HQ-02286 | FOIA Appeal No. 25-A-HQ-00019

**khazmica** <franklinmaldonado5@gmail.com>                    Thu, Jun 5, 2025 at 11:53 AM
To: foia@hud.gov
Cc: ogis@nara.gov, HUDFOIAappeals <HUDFOIAAppeals@hud.gov>
Bcc: civilrights@usdoj.gov

Dear Ms. Wright and HUD FOIA Office,

Please find attached a formal filing titled **"Affidavit of Silence & Procedural Obstruction"** relating to **FOIA Request No. 25-FI-HQ-02286** and **FOIA Appeal No. 25-A-HQ-00019**.

This affidavit lawfully documents HUD's failure to comply with the June 4, 2025 response deadline, despite repeated notice, federal acknowledgment, and ongoing oversight. As of this writing, no records have been produced, and the HUD portal remains inaccessible for request status or communication.

This matter remains under formal federal review with:

- **OGIS – Case No. C-0005642390**

- **U.S. Department of Justice – Case No. 596182-VNZ**

The affidavit includes the following attachments:

- **Exhibit A** – HUD FOIA Appeal Determination dated May 22, 2025

- **Exhibit B** – OGIS Response Letter dated May 30, 2025

This submission will be preserved in both judicial and federal records. Your silence beyond this point shall be treated as a procedural default and commercial dishonor under FOIA and applicable federal law.

If HUD intends to respond or produce records, I request immediate confirmation.

Sincerely,
**Franklin Maldonado**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: franklinmaldonado5@gmail.com

On Tue, Jun 3, 2025 at 2:12 PM khazmica <franklinmaldonado5@gmail.com> **wrote:**

**Dear Ms. Wright,**

I am writing to respectfully remind your office that **June 4, 2025** marks the final response deadline for **FOIA Request No. 25-FI-HQ-02286** and its related **Appeal No. 25-A-HQ-00019**, as confirmed in HUD's appeal determination dated **May 22, 2025**.

To date, I have not received the responsive documents. As this matter is time-sensitive and tied to an active appellate court case **(AC 47815)**, I am requesting immediate confirmation of the current processing status and whether I can expect delivery of the requested records by the stated deadline.

MALDONADO'S FAMILIA GODTRUST

## AFFIDAVIT OF SILENCE & PROCEDURAL OBSTRUCTION

### HUD FOIA Request No. 25-FI-HQ-02286
### FOIA Appeal No. 25-A-HQ-00019
### Filed in Support of Federal Record & Enforcement Proceedings

I, Franklin Maldonado©, Trustee of **MALDONADO'S FAMILIA GODTRUST**, and the Secured Party and Private American National identified herein, do solemnly affirm the following under penalty of perjury and pursuant to the laws of the united States of America:

### I. AFFIANT IDENTITY

1. I am the Trustee, Executor, and Secured Party for MALDONADO'S FAMILIA GODTRUST, a perfected trust estate with a vested interest in FOIA request-related documents pertaining to unlawful mortgage securitization, custodial fraud, and trust interference.
2. I am competent to testify to the matters stated herein and have personal knowledge of the facts.

### II. TIMELINE OF FACTS

3. On **April 8, 2025**, I submitted FOIA Request No. **25-FI-HQ-02286** to the U.S. Department of Housing and Urban Development (HUD), seeking records related to the FHA-insured mortgage loan and associated securitization activity for 671 Exeter Road, Lebanon, Connecticut.
4. On **April 14, 2025**, HUD responded by requesting a First Party Authorization Form, which I completed and returned on **April 15, 2025.**
5. No responsive records were produced within the statutory 20-day time frame under **5 U.S.C. § 552(a)(6)(A)(i).**
6. On **May 6, 2025**, I filed **FOIA Appeal No. 25-A-HQ-00019** to challenge HUD's failure to respond, which constitutes constructive denial.
7. On **May 22, 2025**, HUD issued a written **FOIA Appeal Determination** acknowledging the failure to comply within required deadlines and confirming that my request remained under review. This document is attached herein an **Exhibit A.**
8. On **May 30, 2025**, I received formal confirmation from the **Office of Government Information Services (OGIS)** (Case No. **C-0005642390**), stating that HUD acknowledged receipt of the appeal and was actively processing the request. OGIS identified Ms. Sandra Wright as the responsible point of contact at HUD. This confirmation is attached as **Exhibit B.**
9. On **June 3, 2025**, I submitted a pre-deadline reminder to HUD, directing their attention to the approaching June 4 deadline and requesting a final status update. No response or acknowledgment was received.

Page 1 of 2

MALDONADO'S FAMILIA GODTRUST

10. As of the close of business on **June 4, 2025**, HUD failed to produce any responsive records or issue any further communication. Their silence constitutes a **second procedural breach** under FOIA and a violation of the due process and federal trust obligations owed to this Affiant and the estate under my care.

11. The HUD FOIA portal continues to show "No Requests Found," making any direct system communication impossible and further demonstrating procedural obstruction.

## III. LEGAL GROUNDS

12. Pursuant to **5 U.S.C. § 552(a)(6)(C)(i)**, HUD's failure to comply by the deadline constitutes **constructive exhaustion** of administrative remedies and a final denial of access.

13. Their continued silence, coupled with the inaccessible digital portal and lack of disclosure, constitutes **willful obstruction** of public access to information and interferes with the lawful defense and administration of an active trust.

14. This FOIA matter is also under investigation by the **U.S. Department of Justice** under Case No. **596182-VNZ**, and all related documentation will be preserved for inclusion in any judicial, legislative, or international enforcement action deemed necessary.

## IV. DEMAND & DECLARATION

15. I hereby declare HUD to be in **default by silence** and in breach of its obligations under FOIA and due process law.

16. I formally demand that:

a) All requested records be produced without further delay;

b) This affidavit and the attached exhibits be entered into the federal and judicial record;

c) HUD's silence be construed as a procedural admission of default and obstruction.

**Executed on this 5th day of June, 2025.**
All rights reserved. Errors and omissions excepted.

By: _Franklin Maldonado_

**Franklin Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: franklinmaldonado5@gmail.com

# Exhibit A

 Gmail                                                    khazmica <franklinmaldonado5@gmail.com>

## Request Acknowledgement by U.S. Department of Housing and Urban Development

**noreply@ains.com** <noreply@ains.com>                                Fri, May 23, 2025 at 9:49 AM
To: franklinmaldonado5@gmail.com

Dear Franklin Maldonado,

Your request has been received by the U.S. Department of Housing and Urban Development. The request has been assigned tracking # 25-A-HQ-00019, please log into your account and review your submission.

The application address is https://hudpal.efoia-host.com.

Thank you,
U.S. Department of Housing and Urban Development

 Gmail

khazmica <franklinmaldonado5@gmail.com>

---

## FOIA Appeal Determination: 25-A-HQ-00019; Request No. 25-FI-HQ-02286

---

**HUDFOIAappeals** <HUDFOIAappeals@hud.gov>                    Thu, May 22 at 11:05 AM
To: franklinmaldonado5@gmail.com <franklinmaldonado5@gmail.com>

Hello Mr. Maldonado,


Please see the attached correspondence regarding the above referenced subject matter.


Thank you.

**FOIA Appeal Determination 25-A-HQ-00019.pdf**



OFFICE OF GENERAL COUNSEL

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-0500

May 22, 2025

Franklin Maldonado
franklinmaldonado5@gmail.com

RE:   Freedom of Information Act Appeal
      FOIA Control No. 25-FI-HQ-02286
      FOIA Appeal No. 25-A-HQ-00019

Dear Mr. Maldonado,

This letter responds to your Freedom of Information Act (FOIA) appeal submitted via e-mail on May 6, 2025. The initial request, dated April 8, 2025, requested all documents related to the FHA-insured mortgage loan secured by the property at 671 Exeter Road, Lebanon, Connecticut. On April 14, 2025, the Department requested you complete a first party authorization form, which you completed and return to the Department on April 15, 2025.

In your appeal, you state that HUD has failed to issue a determination within the required statutory timeframe.

The term "constructive exhaustion" is used to describe an agency's failure to reply to a FOIA request. *See Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013) ("if an agency fails to make and communicate its 'determination' whether to comply with a FOIA request within certain statutory timelines, the requester 'shall be deemed to have exhausted his administrative remedies'") (citing 5 U.S.C. § 552(a)(6)(C)(i)). Here, we interpret the Department's non-reply as a constructive denial of your request because there has been no determination within 20 days of your request received on April 8, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

We contacted the FOIA Office and were informed that the above-referenced FOIA request is currently under review. Any responsive documents located will be released subject to applicable FOIA Exemptions. Upon completion of the FOIA Office processing your request, a final determination will be issued. You will then have 90 days from the date of the determination to file an appeal related to the documents you receive.

The 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. You may contact OGIS in any of the following ways:

Office of Government Information Services

2

National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-mail: ogis@nara.gov
Web: https://ogis.archives.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

Judicial review of this determination under 5 U.S.C. § 552(a)(4) is available in the United States Court for the judicial district in which you reside or have your principal place of business, in the District of Columbia, or in the judicial district where the records you seek are located.

Sincerely,

*Daniel Baxter*

Daniel P. Baxter
Assistant General Counsel
Ethics and Appeals Division

cc:     Bao-Anh V. Trinh, Director of FOIA
        Lee-Ann Richardson, Assistant General Counsel, Administrative Law Division

# Exhibit B



NATIONAL ARCHIVES

OGIS
OFFICE OF GOVERNMENT
INFORMATION SERVICES

May 30, 2025 —Sent via email

Franklin Maldonado                    Re: OGIS Case No  C-0005642390
franklinmaldonado5@gmail.com

Dear Franklin Maldonado,

This responds to your May 6, 2025 submission. Thank you for contacting the Office of
Government Information Services (OGIS). Congress created OGIS to serve as the federal
Freedom of Information Act (FOIA) Ombuds.

We carefully reviewed your submission and understand that you are requesting "immediate
intervention" regarding  FOIA request, No. 25-FI-HQ-02286, to the Department of Housing and
Urban Development (HUD) seeking FHA loan servicing and securitization records related to
your mortgage. Specifically, you noted that when you searched HUD's FOIA portal for your
request on May 19, 2025, there was no record of your request.

In response to your submission and others seeking similar assistance, we discussed the matter
with HUD's FOIA Public Liaison Sandra Wright. We learned that HUD's online FOIA portal
was upgraded on May 2, 2025. Since then, some requesters have informed OGIS that the portal
no longer provides them with updates on their case, and may even state "No Requests Found"
when they search for their case number. We learned that HUD is aware of this issue and is
working to correct it. These FOIA cases are still open, and HUD continues tracking and
processing them.

With regard to your FOIA request, HUD is searching for responsive records and informed us that
the agency received your appeal.. For future updates on your case, please contact Ms. Wright
directly at FOIA@hud.gov. She will be able to provide you with an update on your case.

We hope this resolves your concern. Please email at ogis@nara.gov should you need further
assistance from OGIS.

Sincerely,

The OGIS Staff

 Gmail                                             khazmica <franklinmaldonado5@gmail.com>

## Re: (4) FOIA Request No. 25-FI-HQ-02286 -- Urgent Status Request

**khazmica** <franklinmaldonado5@gmail.com>                      Thu, Jul 10, 2025 at 3:07 PM
To: FOIA <FOIA@hud.gov>
Cc: "ogis@nara.gov" <ogis@nara.gov>, HUDFOIAappeals <HUDFOIAappeals@hud.gov>, "Wright, Sandra J"
<Sandra.J.Wright@hud.gov>

Dear Ms. Wright,

This message follows up on the fax sent earlier today (July 10) regarding the pending status of FOIA Request No. 25-FI-HQ-02286. As referenced in your July 8 message, we understand a meeting was scheduled with the program office. Given the urgency of this matter and the federal oversight trail, we respectfully request that the final report or written status update be provided by **Monday, July 14, 2025**.

Thank you again for your efforts and your attention to this matter.

Respectfully,


Franklin: Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
c/o 671 Exeter Road, Lebanon, CT [06249]
Email: franklinmaldonado5@gmail.com | Tel: 959-223-7573



On Tue, Jul 8, 2025 at 6:05AM FOIA <FOIA@hud.gov> wrote:

Good morning, Mr. Maldonado,


I have a meeting today with the program office seeking the status of your FOIA request. I do apologize for the delay in responding to your request. Once I receive an update from the program office today, I will provide you with a status.


Thank you,


Sandra J. Wright

Chief, FOIA Branch

HUD FOIA Office

Office – 202-402-5510

Cell – 202- 903-9680

Fax - 202-485-9531



**From:** khazmica <franklinmaldonado5@gmail.com>
**Sent:** Monday, July 7, 2025 12:08 PM
**To:** FOIA <FOIA@hud.gov>
**Cc:** ogis@nara.gov; HUDFOIAappeals <HUDFOIAappeals@hud.gov>
**Subject:** <External Message> Re: Request No. 25-FI-HQ-02286 – Status Update Request Following System Restoration

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. If you have concerns about the content of the email, please send it to phishing@hud.gov or click the Report Phishing Button on the Outlook ribbon or Phishing option within OWA.

Dear Ms. Wright,

I hope this message finds you well. As a courtesy, I am writing to request a final status update regarding FOIA Request No. 25-FI-HQ-02286 and its related Appeal No. 25-A-HQ-00019. As of today, it has been nearly 90 days since my last formal inquiry regarding the release of responsive documents.

The HUD FOIA portal continues to show the request marked "In Process," with no substantive communication received as to the estimated delivery timeline or explanation for the ongoing delay. Please confirm whether the document review is nearing completion, or if additional action is required from my end.

As a reminder, this FOIA request remains under active federal oversight with both the U.S. Department of Justice (Case No. 596182-VNZ) and the Office of Government Information Services (OGIS Case No. C-0005642390). All communications, filings, and delays are being preserved for the record.

I respectfully request a written response or production estimate within the next five (5) business days to avoid triggering additional procedural filings or adverse inferences based on continued silence.

Thank you for your time and attention. I look forward to your reply.

Sincerely,
**Franklin Maldonado**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: franklinmaldonado5@gmail.com

On Tue, Jun 17, 2025 at 11:36 AM khazmica <franklinmaldonado5@gmail.com> wrote:

**Dear Ms. Wright and HUD FOIA Office,**

As of **June 17, 2025**, the HUD FOIA portal confirms that **Request No. 25-FI-HQ-02286** is now marked **"In Process"**, with both the expedited status and the full record date range properly recorded.

This reappearance in the system follows a period of procedural suppression and the formal filing of an **Affidavit of Silence & Procedural Obstruction**, which remains on record under federal oversight.

 Gmail

khazmica <franklinmaldonado5@gmail.com>

## Follow-Up on FOIA Request No. 25-FI-HQ-02286 – Outstanding Questions

**khazmica** <franklinmaldonado5@gmail.com>                             Mon, Jul 14, 2025 at 11:52 AM
To: FOIA <FOIA@hud.gov>
Cc: "ogis@nara.gov" <ogis@nara.gov>, HUDFOIAappeals <HUDFOIAappeals@hud.gov>, "Wright, Sandra J"
<Sandra.J.Wright@hud.gov>

Dear Ms. Wright,

Thank you again for your recent assistance and for the documents that were shared in response to my FOIA Request No.
25-FI-HQ-02286. I confirm that I was able to access the Neighborhood Watch data and the interim response letter. I
appreciate the time and effort your office has taken to move this process forward.

That said, I respectfully write to follow up regarding the remaining questions from my original FOIA request, as some
information appears to still be pending retrieval or clarification from the relevant offices. I understand, as you mentioned,
that outreach to Ginnie Mae and other parties is ongoing.

For clarity, the following questions remain outstanding:

### Outstanding FOIA Questions Still Awaiting Response

1. **Has this mortgage loan been securitized into Ginnie Mae REMIC Trust 2021-143 or any other Ginnie Mae
   trust or pooling arrangement?**

2. **What is the full custodial or pooling documentation, including any PSAs (Pooling and Servicing
   Agreements), certifications, or filings submitted to HUD or its agents for this loan?**

3. **Was a HUD mortgage insurance claim ever filed, paid, or activated on this loan due to delinquency, default,
   or servicing transfer?**

4. **What is the complete servicing history of this loan, including servicer assignments, transfers, and
   terminations (e.g., Lakeview, M&T Bank, Flagstar Bank, Loancare, Mid America Mortgage)?**

5. **Are there any internal audit, investigation, or oversight records at HUD related to this loan, this borrower,
   or any servicer listed above?**

6. **Was a Mortgage Insurance Certificate (MIC) ever issued, and what is its current insurance-in-force status?**

7. **Is there any HUD-held documentation confirming Ginnie Mae's claim of ownership, custodial interest, or
   pooling authority for this note?**

I know these matters can take time, especially when involving multiple agencies, and I appreciate your willingness to
assist in obtaining complete and accurate records. I'm looking forward to receiving any additional information as soon as
administratively possible, and please don't hesitate to reach out if further clarification is needed from my side.

Thank you again for your time, attention, and support.

Warm regards,
**Franklin: Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
Email: aramaldo08@gmail.com
Tel: (959) 223-7573

On Thu, Jul 10, 2025 at 3:07 PM khazmica <franklinmaldonado5@gmail.com> wrote:

Dear Ms. Wright,

 Gmail                                          khazmica <franklinmaldonado5@gmail.com>

## Re: Follow-Up Regarding FOIA Request No. 25-FI-HQ-02286 – Timely Completion Still Required

**khazmica** <franklinmaldonado5@gmail.com>                    Mon, Jul 21, 2025 at 12:06 PM
To: FOIA <FOIA@hud.gov>
Cc: "ogis@nara.gov" <ogis@nara.gov>, HUDFOIAappeals <HUDFOIAappeals@hud.gov>, "Wright, Sandra J" <Sandra.J.Wright@hud.gov>

Dear Mrs. Wright,

Thank you again for taking the time to speak with me and for confirming receipt of my follow-up email dated July 11, 2025. I appreciate your efforts in forwarding the outstanding inquiries to the appropriate internal departments and in continuing to oversee this matter.

While I also appreciate the **partial information** that was provided to me, I respectfully emphasize that several **critical components** of the original FOIA request remain pending. As we discussed, I understand that certain personnel may have been unavailable, and I appreciate your coordination across departments to ensure a complete response.

However, as of today, it has now been **nearly 100 days** since my original FOIA submission dated **April 8, 2025**, and **over 85 days since its official acceptance on April 15**. The request was filed under **expedited processing standards** pursuant to 5 U.S.C. § 552(a)(6)(E), given the urgency and nature of the subject matter.

Given these facts and our continued good-faith communication, I respectfully reiterate that the **remaining data must be furnished without further delay**. This includes, but is not limited to, the full answers to the seven enumerated questions submitted on July 11, 2025, regarding securitization, custodial records, insurance claims, MIC status, and trust-level ownership information.

Please let me know if there is any update today regarding the remaining responses. I trust your professionalism and thank you again for your assistance.

Respectfully,
**Franklin: Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST©
FOIA Request No. 25-FI-HQ-02286

On Mon, Jul 14, 2025 at 11:52 AM khazmica <franklinmaldonado5@gmail.com> wrote:

Dear Ms. Wright,

Thank you again for your recent assistance and for the documents that were shared in response to my FOIA Request No. 25-FI-HQ-02286. I confirm that I was able to access the Neighborhood Watch data and the interim response letter. I appreciate the time and effort your office has taken to move this process forward.

That said, I respectfully write to follow up regarding the remaining questions from my original FOIA request, as some information appears to still be pending retrieval or clarification from the relevant offices. I understand, as you mentioned, that outreach to Ginnie Mae and other parties is ongoing.

For clarity, the following questions remain outstanding:

### Outstanding FOIA Questions Still Awaiting Response

1. **Has this mortgage loan been securitized into Ginnie Mae REMIC Trust 2021-143 or any other Ginnie Mae trust or pooling arrangement?**

 Gmail

khazmica <franklinmaldonado5@gmail.com>

## RE: <External Message> Re: Follow-Up Regarding FOIA Request No. 25-FI-HQ-02286 – Timely Completion Still Required

**Wright, Sandra J** <Sandra.J.Wright@hud.gov>    Mon, Jul 21, 2025 at 12:23 PM
To: khazmica <franklinmaldonado5@gmail.com>

Good morning, Mr. Maldonado,

Please give me a call on 202-402-5510. Thank you.

Thank you,

Sandra J. Wright

Chief, FOIA Branch

HUD FOIA Office

Office – 202-402-5510

Cell – 202- 903-9680

Fax - 202-485-9531



**From:** khazmica <franklinmaldonado5@gmail.com>
**Sent:** Monday, July 21, 2025 12:07 PM
**To:** FOIA <FOIA@hud.gov>
**Cc:** ogis@nara.gov; HUDFOIAappeals <HUDFOIAappeals@hud.gov>; Wright, Sandra J <Sandra.J.Wright@hud.gov>
**Subject:** <External Message> Re: Follow-Up Regarding FOIA Request No. 25-FI-HQ-02286 – Timely Completion Still Required

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. If you have concerns about the content of the email, please send it to phishing@hud.gov or click the Report Phishing Button on the Outlook ribbon or Phishing option within OWA.

 Gmail                                        khazmica <franklinmaldonado5@gmail.com>

## FW: 25-FI-HQ-02286

khazmica <franklinmaldonado5@gmail.com>                        Mon, Jul 21, 2025 at 3:37 PM
To: "Gaskin, Debra S" <Debra.S.Gaskin@hud.gov>
Cc: "Wright, Sandra J" <Sandra.J.Wright@hud.gov>

Dear Mrs. Wright,

Thank you again for the documents provided to date in response to FOIA Request No. 25-FI-HQ-02286. I appreciate the inclusion of the Neighborhood Watch records, which address certain components of Items 1 and 2. Your responsiveness and continued efforts have not gone unnoticed.

In further reviewing the materials and aligning them with the language of the original request, I respectfully seek a few clarifications to ensure that no responsive records were unintentionally omitted and to give your office an opportunity to clarify or supplement the response if applicable:

### Item 1 – FHA Insurance / MIC Certifications

The Neighborhood Watch data confirms the MIC status and FHA case number. May I confirm whether HUD holds, or is able to retrieve, the *original MIC Certificate* or any underlying FHA form (such as HUD-92900-A, HUD-92800.5B, or similar documentation confirming insurance issuance and case binder endorsement)?

### Item 2 – Servicing History and Certifications

The servicing log provided offers valuable information, but to ensure completeness:

Are there any formal servicing transfer documents or certifications that may have been submitted to HUD or retained in the record, such as:

- **HUD-92080** (Mortgage Record Change)
- **HUD-92081** (Mortgage Insurance Termination)
- **HUD-92210** (Request for Insurance Endorsement of Mortgage)

If such records exist, their inclusion would help fully reconcile the chain of servicing and HUD involvement.

### Items 4–6 – Oversight and Audit References

I understand the Department has indicated it holds no responsive records under these items. However, in the spirit of due diligence, I respectfully ask:

Are there any notations, internal servicing review comments, risk flags, or insurance claim references tied to this loan—particularly regarding servicer performance, oversight, or enforcement triggers? If not, I appreciate the confirmation of non-existence.

Lastly, I sincerely appreciate your proactive engagement with Ginnie Mae on Item 3. I look forward to any updates from that channel later this week as mentioned.

Thank you again for your time, diligence, and continued attention to this matter.


Respectfully,
**Franklin: Maldonado©**
Trustee, MALDONADO'S FAMILIA GODTRUST©


FOIA Request No. 25-FI-HQ-02286


[Quoted text hidden]

# Exhibit J

**Title**
Partial FOIA Response

**Description**
HUD's late partial response

| FHA Case Details |
|---|

**Loan Level Data is as of:  April 2, 2025**

Help

## Borrower/Property/Loan Identification

| | |
|---|---|
| **Case Number:** | 061-5900721 |
| **Borrower Name:** | MALDONADO, FRANKLIN |
| **SSN/TIN Last Four Digits:** | 2964 |
| **Co-Borrower Name:** | |
| **SSN/TIN Last Four Digits:** | |
| **Street Address:** | 671 EXETER RD |
| **City:** | LEBANON |
| **State & Zip:** | CT, 062490000 |
| **Census Tract:** | |
| **Underserved Indicator:** | No |

## Loan Information

| | |
|---|---|
| **Section of the Act:** | 203B (Mutual Mortgage ) |
| **ADP Code:** | 703 |
| **Fund Code:** | M  (Mutual Mortgage Insurance Fund) |
| **Number of Living Units:** | 1 (One Living Unit Within Property) |
| **Construction Code:** | 4  (Existing Construction) |
| **Appraised Value:** | $360,000.00 |
| **Sale Price:** | $346,500.00 |
| **Loan Amount:** | $340,223 |
| **Interest Rate:** | 3.125% |
| **Term:** | 360 |
| **Monthly Payment (P/I):** | $1,457.43 |
| **Loan Purpose:** | 1  (Purchase an existing house, previously occupied) |
| **Refinance Code:** | |
| **Loan To Value Ratio:** | 96.49% |
| **Front Ratio:** | 31.90% |
| **Back Ratio:** | 42.50 % |
| **Gift Letter Source:** | 1 (Relatives) |
| **Gift Letter Amount:** | $12,450.00 |
| **Gift Letter Source 2:** | 0 (Not Applicable) |
| **Gift Letter Amount 2:** | |
| **Secondary Financing Source:** | 0 (Not Applicable) |
| **Secondary Financing Amount:** | |

## Originating/Sponsor Information

| | |
|---|---|
| **Originating Lender ID:** | 1989500008 |
| **Originating Lender Name:** | GUARANTEED RATE INC |
| **Lender Type:** | 3 *(Non-Supervised)* |
| **Street Address:** | 3940 N RAVENSWOOD AVE |
| **City:** | CHICAGO |
| **State & Zip:** | IL, 60613 |
| **Sponsor Lender ID:** | Same as Originator |

## Loan Origination Information

| | |
|---|---|
| Case Number Issue Date: | 07/16/21 |
| Sponsored Originator Name: | |
| Sponsored Originator EIN ID (last 4 digits): | |
| Sponsored Originator NMLS ID: | |
| Loan Officer NMLS ID: | 000000107742 |
| Appraiser Assignment Date: | |
| Appraisal Received Date: | 08/12/21 |
| Appraiser's Staff ID: | 36YFG8 |
| Appraiser Name: | JOHN E PACELLI |
| Conditional Commitment Date: | |
| Firm Commitment Date: | |

## Underwriter's Ratings - Post Endorsement Reviews

| | |
|---|---|
| Underwriter's ID: | ZFHA |
| Underwriter's Name: | TOTAL SCORECARD |
| Underwriter's Review of Appraisal: | |
| Underwriter's Mortgage Credit Rating: | |

## Loan Processing Information:

| | |
|---|---|
| Closing Date: | 08/19/21 |
| Beginning Amortization Date: | 09/01/21 |
| First Payment Due: | 10/01/21 |
| Maturity Date: | 09/01/2051 |
| Modified Maturity Date: | |
| Upfront Premium Paid: | $5,851.51 |
| Total Upfront Premium, Late and Interest Paid: | $5,851.51 |
| Upfront Received Date: | 08/24/21 |
| Closing to UFMIP Recvd (days): | 5 |
| Endorsement Package Received Date: | 09/02/21 |
| Closing to Endr. Package Recvd.(days): | 14 |
| LI Loan: | Yes |
| Binder Type Received: | |
| Endorsement Date: | 09/02/21 |

## Servicer/Holder Information

| | |
|---|---|
| Servicer Lender ID: | 75864 |
| Servicer Lender Name: | M AND T BANK |
| Holder Lender ID: | 31033 |
| Holder Lender Name: | LAKEVIEW LOAN SERVICING LLC |

## Loan Status

| | |
|---|---|
| Current Insurance Status: | Active |
| Insurance Termination Type: | |
| Termination Effective Date: | |
| Termination Process Date: | |
| Unpaid Principal Balance as calculated in HUD's Insurance in Force System: | $314,258.56 |
| Risk Based Current Monthly MIP: | $219.43 |

**Monthly Earned Premium:**
**Indemnification Agreement Date:**
**Indemnification Expiration Date:**
**Indemnification Agreement No.:**
**Indemnification Mortgagee Name:**
**Indemnification Mortgagee ID:**

## Delinquent Information Reported by the Servicer

| | |
|---|---|
| **First Payment Due:** | 10/01/21 |
| **Oldest Unpaid Installment:** | 04/01/22 |
| **Number of Months Delinquent:** | 36 |
| **Currently 90-day Delinquent:** | Yes |
| **Number of Payments Before First 90-Day Delinquent Reported:** | 6 |
| **Unpaid Principal Balance:** | $336,772.01 |
| **Last Delinquent Report Date:** | 04/02/25 |
| **Delinquent Status:** | 33 (Contested Foreclosure) |
| **Cause of Delinquent:** | 055 (National Emergency Declaration ) |
| **Servicer Reporting Delinquent:** | 75864 (M AND T BANK ) |
| **Servicer Loan Number:** | 0107737405 |
| **Occupancy Status:** | 5 (Unable to determine status) |
| **Occupancy Status Date:** | |
| **Servicing Transfer Date:** | 02/04/25 |

**Recent Delinquent History:**

| Reporting Period | OUI Date | Episode Number | # Months Delinquent | Delinquent Status | Delinquent Status Definition | Reporting Servicer ID/Name |
|---|---|---|---|---|---|---|
| 2/2022 | 02/01/22 | 1 | 1 | 42 | Delinquent | 11303 DOVENMUEHLE MORTGAGE INC |
| 3/2022 | 04/01/22 | 1 | 0 | 20 | Reinstated by Mortgagor w/o Loss Mitigation Claim | 11303 DOVENMUEHLE MORTGAGE INC |
| 4/2022 | 04/01/22 | 2 | 1 | 42 | Delinquent | 11303 DOVENMUEHLE MORTGAGE INC |
| 5/2022 | 04/01/22 | 2 | 2 | 06 | Formal Forbearance | 11303 DOVENMUEHLE MORTGAGE INC |
| 6/2022 | 04/01/22 | 2 | 3 | 06 | Formal Forbearance | 11303 DOVENMUEHLE MORTGAGE INC |
| 7/2022 | 04/01/22 | 2 | 4 | 42 | Delinquent | 71274 FLAGSTAR BANK, N.A. |
| 7/2022 | 04/01/22 | 2 | 4 | 06 | Formal Forbearance | 71274 FLAGSTAR BANK, N.A. |
| 8/2022 | 04/01/22 | 2 | 5 | 06 | Formal Forbearance | 71274 FLAGSTAR BANK, N.A. |
| 9/2022 | 04/01/22 | 2 | 6 | 06 | Formal Forbearance | 71274 FLAGSTAR BANK, N.A. |
| 10/2022 | 04/01/22 | 2 | 7 | 06 | Formal | 71274 |

| | | | | | | BANK, N.A. |
|---|---|---|---|---|---|---|
| 11/2022 | 04/01/22 | 2 | 8 | 06 | Formal Forbearance | 71274 FLAGSTAR BANK, N.A. |
| 12/2022 | 04/01/22 | 2 | 9 | 06 | Formal Forbearance | 71274 FLAGSTAR BANK, N.A. |
| 1/2023 | 04/01/22 | 2 | 10 | 06 | Formal Forbearance | 71274 FLAGSTAR BANK, N.A. |
| 2/2023 | 04/01/22 | 2 | 11 | 42 | Delinquent | 71274 FLAGSTAR BANK, N.A. |
| 3/2023 | 04/01/22 | 2 | 12 | AP | Ineligible for Loss Mitigation Due to No Response | 71274 FLAGSTAR BANK, N.A. |
| 4/2023 | 04/01/22 | 2 | 13 | AP | Ineligible for Loss Mitigation Due to No Response | 71274 FLAGSTAR BANK, N.A. |
| 5/2023 | 04/01/22 | 2 | 14 | AP | Ineligible for Loss Mitigation Due to No Response | 71274 FLAGSTAR BANK, N.A. |
| 6/2023 | 04/01/22 | 2 | 15 | AP | Ineligible for Loss Mitigation Due to No Response | 71274 FLAGSTAR BANK, N.A. |
| 7/2023 | 04/01/22 | 2 | 16 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 8/2023 | 04/01/22 | 2 | 17 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 9/2023 | 04/01/22 | 2 | 18 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 10/2023 | 04/01/22 | 2 | 19 | AA | Complete Financials Received and In Review | 71274 FLAGSTAR BANK, N.A. |
| 10/2023 | 04/01/22 | 2 | 19 | AO | Ineligible for Loss Mitigation | 71274 FLAGSTAR BANK, N.A. |
| 11/2023 | 04/01/22 | 2 | 20 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 12/2023 | 04/01/22 | 2 | 21 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 1/2024 | 04/01/22 | 2 | 22 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 2/2024 | 04/01/22 | 2 | 23 | 68 | First Legal Action to | 71274 FLAGSTAR |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Commence Foreclosure | |
| 3/2024 | 04/01/22 | 2 | 24 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 4/2024 | 04/01/22 | 2 | 25 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 5/2024 | 04/01/22 | 2 | 26 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 6/2024 | 04/01/22 | 2 | 27 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 7/2024 | 04/01/22 | 2 | 28 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 8/2024 | 04/01/22 | 2 | 29 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 9/2024 | 04/01/22 | 2 | 30 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 10/2024 | 04/01/22 | 2 | 31 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 11/2024 | 04/01/22 | 2 | 32 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 12/2024 | 04/01/22 | 2 | 33 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 1/2025 | 04/01/22 | 2 | 34 | 68 | First Legal Action to Commence Foreclosure | 71274 FLAGSTAR BANK, N.A. |
| 2/2025 | 04/01/22 | 2 | 35 | 33 | Contested Foreclosure | 75864 M AND T BANK |
| 3/2025 | 04/01/22 | 2 | 36 | 33 | Contested Foreclosure | 75864 M AND T BANK |



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC  20410-3000

OFFICE OF ADMINISTRATION

July 11, 2025

Mr. Franklin Maldonado
671 Exeter Road
Lebanon, CT  06249
franklinmaldonado5@gmail.com

RE: Freedom of Information Act Request
FOIA Request No.: 25-FI-HQ-02286

Dear Mr. Maldonado:

This letter is an interim response to your Freedom of Information Act (FOIA) request dated April 8, 2025, and received in the Department' FOIA Office on April 9, 2025.  You requested disclosure and release of all documents, communications, filings, certifications, endorsements, and mortgage insurance or securitization records related to the FHA-insured mortgage loan secured by real property for your property to include the original mortgage loan that was associated with your legal estate and recorded in public records under your name, to include ownership, servicing rights, pooling status, and any federal endorsements or insurance program participation, including securitization into Ginnie Mae REMIC Trust 2021-143.  You specifically requested the following records:

1. All FHA endorsement and mortgage insurance certificate records, including MIC issuance date, insurance-in-force status, MIP records, and HUD case number.

2. All documents showing loan servicing history, including servicer assignments, changes, terminations, or loss mitigation activity including any certifications or filings submitted by: Lakeview Loan Servicing, LLC; M&T Bank; Loancare LLC; Mid America Mortgage, Inc. (if applicable).

3. Any custodial certifications or mortgage pooling documentation, including Ginnie Mae securitization records, pooling and servicing agreements (PSAs), or custodial trust disclosures filed through HUD or its agents, including any and all documents connected to Ginnie Mae REMIC Trust 2021-143.

4. All filed endorsements, assignments, or beneficiary certifications whether sent directly to HUD, the FHA, or its agents in relation to this loan.

5.  Any internal investigation or servicing audit record relating to this mortgage account or servicer for the subject property.
6.  A full servicing history log including mortgage servicer reporting dates and HUD oversight records if available.

Your request is granted in part at no cost to you.  In response to item 1 of your request a search records by knowledgeable staff provided a copy of the Neighborhood Watch that contains FHA Case number and insurance in force status. Please be advised that HUD does not have any documents pertaining to the rest of the items you have requested. In response to item 2 of your request the enclosed Neighborhood Watch document contains loan servicing history, servicing assignments, changes, terminations and loss mitigation activity. Please be advised that HUD does not have any other information requested.  In response to items 4, 5, and 6 of your request, HUD does not have any information pertaining to these requests.  The Department is still search their database for information in regard to item 3 of your request.

I am the official responsible for this determination based on information provided by the Department's Office of Housing.  You may appeal this determination within 90 days from the date of this letter. If you decide to appeal, your appeal should include copies of your original request and this response, as well as a discussion of the reasons supporting the appeal. The envelope should be plainly marked to indicate that it contains a FOIA appeal and addressed to:

> Attention: The Associated General Counsel for Litigation
> Attention: FOIA Appeals
> Office of Litigation
> U.S. Department of Housing and Urban Development
> 451 Seventh Street, SW, Suite 10258
> Washington, DC 20410
> Telephone: (202) 402-4077

You may also submit your appeal online at: HUDFOIAappeals@hud.gov

The FOIA Public Liaison is responsible for increasing transparency, understanding the status of requests, and resolving disputes between you and the agency.  If you need assistance in any of these matters, please send an email to FOIA@hud.gov .

In addition, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, Maryland 20740-6001
> Telephone: 202-741-5770; Toll free: 1-877-684-6448
> Fax: 202-741-5769
> E-mail: ogis@nara.gov

3

For your information, your FOIA request, including your identity and any information made available, is releasable to the public under subsequent FOIA requests. In responding to these requests, the Department does not release personal information, such as home address, telephone number, or Social Security number, all of which are protected from disclosure under FOIA Exemption 6.

If you have any questions regarding this request, please contact Debra S. Gaskin at Debra.S.Gaskin@hud.gov. Thank you for your interest in the Department's programs and policies.

Sincerely,

SANDRA WRIGHT
Digitally signed by
SANDRA WRIGHT
Date: 2025.07.11
11:00:42 -04'00'

Sandra J. Wright
Chief, FOIA Branch
HUD FOIA Office

Enclosure

4

# Exhibit K

| Title | Description |
|---|---|
| FBI Misconduct Notification – Judicial Suppression and Estoppel | Six-page formal notification submitted to the Federal Bureau of Investigation documenting procedural fraud, judicial misconduct, foreclosure tampering, and violations under color of law. This filing references and attaches a portion of the 56-page packet delivered to the FBI in July 2025. Documents previously submitted to the FBI—including the DOJ referral (Exhibit F), REMIC and Bloomberg analysis (Exhibit S), and affidavits (Exhibits A–D, T)—are included in this complaint record. The full FBI packet is available for **in camera** judicial review upon request. |

## PRIVATE COMMERCIAL AFFIDAVIT OF FEDERAL REFERRAL AND NOTICE OF JURISDICTIONAL TRIGGER UNDER EXECUTIVE ORDER 13818

*Preserved as a Lawful Instrument and Exhibit of Record in MALDONADO'S FAMILIA GODTRUST under UCC §1-201(31), 28 U.S.C. §1746, and Executive Order 13818.*

**To:** Federal Bureau of Investigation (FBI) – Criminal Investigative Division

935 Pennsylvania Avenue, NW

Washington, D.C. 20535-0001

**From:**

Franklin Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST

Secured Party / Private American National

c/o 671 Exeter Road

Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: franklinmaldonado5@gmail.com

**Date:** June 22, 2025

**Subject:** FORMAL REQUEST FOR FBI INVESTIGATION INTO CORRUPTION, FRAUD, AND CIVIL RIGHTS VIOLATIONS UNDER EXECUTIVE ORDER 13818

## I. LAWFUL INVOCATION OF EXECUTIVE ORDER 13818

Pursuant to Executive Order 13818, signed December 20, 2017, and codified through the Global Magnitsky Human Rights Accountability Act, I hereby notify the Federal Bureau of Investigation (FBI) that substantial evidence has been submitted and perfected into record demonstrating serious human rights abuse, judicial corruption, public fraud, and expropriation of private assets under color of law.

Page 1 of 6

As a living man, secured party, and Trustee of MALDONADO'S FAMILIA GODTRUST, I lawfully invoke EO 13818 as the jurisdictional basis compelling federal agency action, asset inquiry, and investigation into a network of actors who have systematically violated federal law and constitutionally protected rights.

This affidavit establishes a commercial and constitutional record. All named violations invoke the mandatory provisions of Executive Order 13818, which supersedes state judicial immunity, and binds federal law enforcement to act when corruption and abuse of process are proven. As Trustee of the MALDONADO'S FAMILIA GODTRUST, I am lawfully asserting jurisdiction under *international human rights protection*, commercial enforcement, and U.S. constitutional supremacy under Article VI, Clause 2.

## II. CHRONOLOGICAL HIGHLIGHTS OF CORRUPT EPISODES & LAW VIOLATIONS

### 1. Fraudulent Mortgage Assignment and REMIC Trust Violation (2021):

a. Mortgage originated and assigned under false pretenses involving *Lakeview Loan Servicing LLC, Flagstar Bank, M&T Bank,* and *Guaranteed Rate Inc.*

b. The loan was unlawfully securitized into **Ginnie Mae REMIC Trust 2021-143**, which closed on **August 30, 2021**, and held assets valued at approximately **$500 Million USD**. This transfer occurred **after the IRS-certified closing date**, thereby reviving and converting a previously settled mortgage note into a false security, in violation of:

- **26 U.S.C. §860G(d)** – REMIC Closing Requirements
- **26 U.S.C. §860F(a)** – Prohibited Contributions After Startup Day
- **15 U.S.C. §77q(a)** – Securities Fraud (False or Misleading Statements)
- **18 U.S.C. §1344** – Bank Fraud
- **18 U.S.C. §1001** – False Statements to a Federal Agency
- **18 U.S.C. §1962** – RICO (Ongoing Enterprise Corruption)

This unlawful post-closing securitization not only violates federal tax and securities law, but also **nullifies any alleged legal standing** by the servicer or trust to enforce the note or mortgage. The trust's reliance on a **revived instrument** constitutes **constructive fraud, false representation,** and **impersonation of a lawful security.**

c. Violations: 26 U.S.C. §860G, 15 U.S.C. §1641(g), UCC §3-203, and constructive fraud under color of law.

## 2. Transcript Tampering and Judicial Collusion (2023–2024):

a. Connecticut Superior Court (New London) altered and misrepresented official hearing transcripts.
b. Violations: 18 U.S.C. §§ 1512(c)(1), 1519, and denial of due process under the 14th Amendment.
c. Judge Timothy Spallone and court manager(s) involved in record suppression and ex parte practices.

## 3. Constructive Commercial Tender Ignored (2024):

a. Lawful UCC tender of settlement, commercial affidavits, and perfected lien filings rejected or ignored.
b. Violations: UCC §1-308, §3-503, and breach of trust fiduciary duties.

## 4. Fraudulent Appellate Conduct and Procedural Suppression (2025):

a. Appellate Case AC 47815: All motions supported by federal evidence and notarized judicial notices were denied without cause.
b. Counsel for Lakeview, Martin L. Caine IV (McCalla Raymer Leibert Pierce, LLC), signed pleadings under an unregistered legal name.
c. Violations: Practice Book §3-4, 18 U.S.C. §1001, 18 U.S.C. §241, and denial of judicial transparency.

**5. Department of Justice Civil Rights Division Closure Letter (June 17, 2025):**

a. DOJ Civil Rights Division closed Case No. 596182-VNZ citing internal policy, despite presented federal violations, transcript tampering, and commercial record. The DOJ's inaction constitutes administrative complicity and dereliction of duty. Per 18 U.S.C. §4, the FBI is now independently obligated to investigate the underlying crimes and remedy all federal rights violations.

b. This constitutes willful failure to act under 18 U.S.C. §4, and shifts the burden to the FBI for criminal investigation under EO 13818.

**6. Exposure of $500+ Million Securitization Scheme (Ongoing):**

a. Evidence reveals that **bifurcated mortgage notes and void security instruments** have enabled participating banks and trust agents to enrich themselves through fraudulently layered mortgage-backed securities.

b. This scheme constitutes **grand-scale financial corruption**, asset expropriation, and securities fraud affecting **hundreds of private homeowners**, including this affiant.

c. Violations: Securities Exchange Act of 1934, 18 U.S.C. §1344 (bank fraud), 18 U.S.C. §1962 (RICO), and EO 13818 corruption standards.

## III. LAWFUL BASIS FOR FBI INVESTIGATIVE ACTION

Executive Order 13818 compels federal response where:

"Any person is determined to be responsible for or complicit in, or to have directly or indirectly engaged in, serious human rights abuse or corruption."

This applies here due to:

a. Judicial suppression of commercial and constitutional rights

b. Banking fraud tied to federal securities

c. Court actors operating under color of law

d.  State corruption affecting private trust assets and national status

The FBI is now on lawful notice and is under duty to investigate. Any further delay or inaction will constitute *agency complicity* under 18 U.S.C. §§ 3 and 242. The FBI is not shielded from liability where record-tampering, trust expropriation, and public corruption have been formally noticed and preserved under penalty of perjury.

# IV. ATTACHED DOCUMENTS FOR REVIEW

1.  **Exhibit A – DOJ Closure Letter (Case No. 596182-VNZ)**
    Dated June 17, 2025, this letter documents DOJ's failure to investigate despite evidence submitted.

2.  **Exhibit B – Judicial Estoppel and Federal Record Finalization (Appellate Filing, June 20, 2025)**
    Judicial estoppel entered against the appellate court for failure to adjudicate lawfully under constitutional and commercial record.

3.  **Exhibit C – Judicial Estoppel and Final Record Entry (Trial Court Filing, June 17, 2025)**
    Formal estoppel entered after all lower court remedies were denied, and unrebutted affidavits and notices were perfected.

4.  **Exhibit D – Affidavit of Transcript Tampering and Record Integrity**
    Documents specific discrepancies and falsifications under 18 U.S.C. §§ 1512, 1519. Targets named clerks and managers.

5.  **Exhibit E – UCC Filings**
    o  UCC-1 Financing Statement No. 0005136101
    o  UCC-3 Amendment No. 0005163088 (lien perfection)
    o  UCC-3 Assignment No. 0005282014 (trust transfer of interest)

6.  **Exhibit F – Ginnie Mae REMIC Trust 2021-143 Reference Dossier**
    Contains trust prospectus, securitization audit, REMIC cutoff violation, and assignment records proving mortgage fraud and unlawful asset securitization.

## V. NOTICE OF PERSONAL LIABILITY AND PUBLIC INTEREST

Failure to act upon this sworn affidavit and supplemental evidence constitutes:

a.  Gross negligence under 18 U.S.C. §242

b.  Aiding and abetting fraudulent enterprise under 18 U.S.C. §2

c.  Complicity in obstruction of justice and civil rights suppression

## VI. RECORD NOTICE TO CONGRESS, IG, AND INTERNATIONAL OBSERVERS

A redacted version of this affidavit may be forwarded to federal oversight bodies, congressional committees, and international human rights tribunals in the event the FBI fails to investigate. This action is preserved under the Supremacy Clause, Executive Order 13818, and international due process standards.

This record is hereby preserved as an **Exhibit** in the trust archive and may be filed into any future venue, including congressional, federal court, or international tribunal.

**Respectfully submitted under penalty of perjury,**

By: _____

Franklin Maldonado©

Trustee, MALDONADO'S FAMILIA GODTRUST

Secured Party / Private American National

c/o 671 Exeter Road, Lebanon, Connecticut [06249]

Tel: 959-223-7573

Email: franklinmaldonado5@gmail.com

**[Affix stamp or seal here]**

Page 6 of 6

An official website of the United States government. Here's how you know



# Electronic Tip Form



## Submission Successful

| Most Wanted | News | What We Investigate | Contact Us |
|---|---|---|---|
| Ten Most Wanted | Stories | Terrorism | Field Offices |
| Fugitives | Videos | Counterintelligence | FBI Headquarters |
| Terrorism | Press Release | Cyber Crime | Overseas Offices |
| Kidnappings / Missing Persons | Speeches | Public Corruption | |
| Seeking Information | Testimony | Civil Rights | Additional Resources |
| Bank Robbers | Podcasts and Radio | Organized Crime | Accessibility |
| ECAP | Photos | White-Collar Crime | eRulemaking |
| | Español | Violent Crime | Freedom of Information / Privacy Act |
| | Apps | WMD | Legal Notices |
| | | About | |

ViCAP

FBI Jobs

Crime
Statistics

History

FOIPA

Scams &
Safety

FBI Kids

FBI Tour

How We
Can Help
You

Law
Enforcement

Victims

Parents and
Caregivers

Students

Businesses

Safety
Resources

Need an FBI
Service or
More
Information?

Mission & Priorities

Leadership &
Structure

Partnerships

Community
Outreach

FAQs

Legal Policies &
Disclaimers

Privacy Policy

USA.gov

White House

No FEAR Act

Equal Opportunity



# Exhibit L

| Title | Description |
|-------|-------------|
| UCC-1 Filing #0005136101 | Original lien filing establishing secured party interest. |

Business.CT.gov - Filing Number: 0005136101 - Filing Date: 4/24/2023 6:59:53 PM



## Secretary of the State of Connecticut
## UCC-1 Original Financing Statement

### Filing Details

Filing Number: 0005136101                    Filed On:        4/24/2023 6:59:53 PM

### Submitter Information

Contact Name:    Franklin Maldonado
Phone Number:
Email Address:   fmaldonado@proton.me
Mailing Address:

### Debtor Information

Individual Surname: MALDONADO        First Name:  FRANKLIN
Middle Name:                         Suffix:
Mailing Address:    671 Exeter Rd
City:               Lebanon          State:       CT
Zip Code:           06249-1707       Country:     United States

### Secured Party Information

Individual Surname: Maldonado        First Name:  Franklin
Middle Name:                         Suffix:
Mailing Address:    671 Exeter Rd
City:               Lebanon          State:       CT
Zip Code:           06249-1707       Country:     United States

### Collateral Information

This financing statement covers the following collateral:
Attachment of collateral has been included with filing.

### Collateral Type

Administered by Decedent's No
Representative:
Held in Trust:           Yes
Trust Details:           Private Trust number: FM-78-2964-GT

### Alternative Designation

*Filing Number: 0005136101*                    *Filed On: 4/24/2023 6:59:53 PM*

*Page 1 of 2*

Business.CT.gov - Filing Number: 0005136101 - Filing Date: 4/24/2023 6:59:53 PM



**Secretary of the State of Connecticut**
**UCC-1 Original Financing Statement**

| | |
|---|---|
| Lessee/Lessor: | No |
| Consignee/Consignor: | No |
| Seller/Buyer: | No |
| Bailee/Bailor: | No |
| Licensee/Licensor: | No |

### Filing Type

| | |
|---|---|
| Transmitting Utility: | No |
| Public Finance: | No |

### Filing Information

| | |
|---|---|
| Optional Filer Reference: | N/A |

# Exhibit M

**Title**

UCC-3 Amendment
#0005163088

**Description**

Amendment documenting perfected lien
adjustments.

Business.CT.gov - Filing Number: 0005163088 - Filing Date: 9/3/2023 6:46:40 PM



## Secretary of the State of Connecticut
## UCC-3 Financing Statement Amendment

### Filing Details

Filing Number: 0005163088          Filed On:      9/3/2023 6:46:40 PM

### Submitter Information

Contact Name:    Franklin Maldonado
Phone Number:
Email Address:    fmaldonado@proton.me
Mailing Address:

### Lien Details

Initial Financing Statement File #:  0005136101

### Filing Information

Amendment Type:          Amendment
Amendment Details:
Collateral Change:          Restated
Optional Filer Reference:   N/A

### Collateral Information:

This financing statement covers the following collateral:
Attachment of collateral has been included with filing.

### Authorizer Information

Type:   Secured Party
Name:   Franklin Maldonado

# Exhibit N

**Title**
UCC-3 Assignment
#0005282014 to
GODTRUST

**Description**
Public assignment of lien rights to
MALDONADO'S FAMILIA
GODTRUST©



# Secretary of the State of Connecticut
# UCC-3 Financing Statement Amendment

## Filing Details

Filing Number: 0005282014   Number of Pages: 2    Filed On: 4/8/2025 2:08:20 PM

## Submitter Information

Contact Name:     Franklin Maldonado
Phone Number:
Email Address:    faramaldo@protonmail.com
Mailing Address:

## Lien Details

Initial Financing Statement File #:  0005136101

## Filing Information

Amendment Type:              Assignment
Assignment Details:          Full Assignment
Optional Filer Reference:    Assignment of ALL CAPS estate lien to MALDONADO'S
                             FAMILIA GODTRUST

## Assignment Information

**Assignor Details:**
Individual Surname: Maldonado          First Name:  Franklin
Middle Name:                           Suffix:
Mailing Address:    671 Exeter Rd
City:               Lebanon            State:       CT
Zip Code:           06249-1707         Country:     United States

**Assignee Details:**
Organization Name: MALDONADO'S FAMILIA GODTRUST
Mailing Address:    c/o 671 Exeter Road
City:               Lebanon            State:       CT
Zip Code:           06249              Country:     United States



## Secretary of the State of Connecticut
## UCC-3 Financing Statement Amendment

Attachment of collateral has been included with filing.

**Authorizer Information**

Type:   Secured Party
Name:   Franklin Maldonado

# Exhibit O

| Title | Description |
|---|---|
| Non-UCC Filing: Trust & Commercial Affidavit (Public Record Reference) | This exhibit confirms the public recording of Claimant's private commercial declaration, originally filed as Franklin Maldonado, Secured Party, prior to the formal transfer of fiduciary authority to **MALDONADO'S FAMILIA GODTRUST©.** The affidavit was recorded in the Town of Lebanon Ct. Land Records under: **Instrument No. 2024-678, Book/Page: 339-767** This filing places third parties on lawful notice of Claimant's secured status and commercial position at the time of recording. The full affidavit remains publicly available and will be provided upon request for in camera judicial review. |

# Exhibit P

Title

Description

Statement of Material Judicial
Admission: No Holder-in-Due-Course
Status

Opposing counsel's on-record admission that Plaintiff
is not a holder in due course, limiting enforceability
under UCC Article 3. Statement memorialized due to
transcript irregularities.

**AFFIDAVIT OF MATERIAL JUDICIAL ADMISSION (APPELLATE RECORD)**

*Submitted pursuant to 28 U.S.C. § 1746(1), UCC § 1-308, and RCFC 10(c)*

I, Franklin Maldonado, Trustee of the Maldonado Familia GAP Trust, state under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. On **May 29, 2025** during oral argument before the **Connecticut Appellate Court** in Case No. **AC 47815**, counsel for the Plaintiff explicitly stated on the record that their client **was not a holder in due course**, but only a **holder** of the instrument.

2. This statement was made in open court, unrebutted, and not stricken from the record. It constitutes a **material judicial admission** that disqualifies the Plaintiff from enforcing the instrument under **UCC § 3-301** and **§ 3-203**, which require holder-in-due-course status for enforcement against the Trust.

3. Due to the Connecticut courts' pattern of transcript omissions and tampering—documented in prior filings including Exhibits F, I, and J—this affidavit memorializes the unrebutted judicial admission for the record in this Complaint and in support of Entry #149.00.

Executed this 1day of August, 2025.

By: _Franklin Maldonado_

By:Franklin: Maldonado©

Trustee, Maldonado's Familia GodTrust

*Secured Party / Private American National*

*All rights reserved, UCC § 1-308*

Affix Stamp or Seal here

Page 1 of 1

# Exhibit Q

**Title**

Committee of Sale
Appearance & Appraisal

**Description**

Shows use of exterior-only appraisal and
irregular assignment of sale

| | | | |
|---|---|---|---|
| Docket No: KNL-CV23-6062914S | : | Superior Court | |
| Lakeview Loan Servicing, LLC | : | J.D. of | New London |
| Vs. | : | at | New London |
| Franklin Maldonado, et al. | : | Date | July 2, 2025 |

## OATH OF APPRAISER

I, Dennis A. Chanski, being duly sworn, depose and say:

1.  I am licensed and certified by the State of Connecticut as a real estate appraiser.
2.  I am familiar with real estate property values in the Town of Lebanon, Connecticut.
3.  At the request of the Plaintiff, I performed an appraisal of the property located at 671 Exeter Rd.
4.  My appraisal report dated July 2, 2025, is attached hereto and made a part hereof. I am of the opinion that the property therein described has a value, as follows:

| | |
|---|---|
| Value of Land | $ 50,000 |
| Value of Building | $369,000 |
| Total Value of Property | $419,000 |

5.  I request a fee of $300.00 for the appraisal services rendered.

Dennis A. Chanski
License No. RCR.1993
Address: P.O. Box 154, Hebron, CT 06248

Subscribed and sworn to before me this 2nd day of July, 2025.

Justice of the Peace

Robert R. Mora
Expires 01/05/2029

# Appraisal Report



## LOCATED AT

**671 Exeter Rd**
**Lebanon, CT 06249**
As recorded in the Lebanon land records in Volume 326, Page 567.

## FOR

**McCalla Raymer Leibert Pierce, LLC**
**280 Trumbull St, 23 Floor**
**Hartford, CT 06103**

## AS OF

**07/02/2025**

## BY

**Dennis A. Chanski, SRA**
**Speno Chanski Appraisal Associates**
**P.O. Box 154**
**Hebron, CT 06248**
**(860) 530-1643**
dachanski@gmail.com

Spano Chanski Appraisal Associates    Internal Order No. 23-10327CT/25-118SH.DAC    Page 2 of 16
23-10327CT

# APPRAISAL REPORT

File No.: 25-118SH.DAC

**SUBJECT**

| | |
|---|---|
| Property Address: **671 Exeter Rd** | City: **Lebanon** State: **CT** Zip Code: **06249** |

County: **New London**   Legal Description: **As recorded in the Lebanon land records in Volume 326, Page 567.**

Assessor's Parcel #: **Map 246, Lot 68**

Tax Year: **2024**   R.E. Taxes: $ **8,723**   Special Assessments: $ **None**   Borrower (if applicable):

Current Owner of Record: **Maldonado, Franklin**   Occupant ☒ Owner ☐ Tenant ☐ Vacant   ☐ Manufactured Housing

Project Type: ☐ PUD ☐ Condominium ☐ Cooperative ☐ Other (describe)   HOA: $ ☐ per year ☐ per month

Market Area Name: **None**   Map Reference: **35980**   Census Tract: **8701.00**

**ASSIGNMENT**

The purpose of this appraisal is to develop an opinion of: ☒ Market Value (as defined), or ☐ other type of value (describe)

This report reflects the following value (if not Current, see comments): ☒ Current (the Inspection Date is the Effective Date) ☐ Retrospective ☐ Prospective

Approaches developed for this appraisal: ☒ Sales Comparison Approach ☐ Cost Approach ☐ Income Approach (See Reconciliation Comments and Scope of Work)

Property Rights Appraised: ☒ Fee Simple ☐ Leasehold ☐ Leased Fee ☐ Other (describe)

Intended Use: **To evaluate the property that is the subject of this appraisal for a foreclosure action, subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and the Definition of Market Value.**

Intended User(s) (by name or type): **McCalla Raymer Leibert Pierce, LLC - Attorneys at Law - Hartford, CT - No additional Users are intended by me.**

Client: **McCalla Raymer Leibert Pierce, LLC**   Address: **280 Trumbull St, 23 Floor, Hartford, CT 06103**

Appraiser: **Dennis A. Chanski, SRA**   Address: **P.O. Box 154, Hebron, CT 06248**

**MARKET AREA DESCRIPTION**

| Location: | ☐ Urban ☒ Suburban ☐ Rural | Predominant Occupancy | One-Unit Housing | | Present Land Use | | Change in Land Use |
|---|---|---|---|---|---|---|---|
| | | | PRICE | AGE | One-Unit | 50 % | ☒ Not Likely |
| Built up: | ☐ Over 75% ☒ 25-75% ☐ Under 25% | | $(000) | (yrs) | | | |
| Growth rate: | ☐ Rapid ☒ Stable ☐ Slow | ☒ Owner | | | 2-4 Unit | 5 % | ☐ Likely * ☐ In Process * |
| Property values: | ☐ Increasing ☒ Stable ☐ Declining | ☐ Tenant | 94 Low | 0 | Multi-Unit | 5 % | * To: |
| Demand/supply: | ☐ Shortage ☒ In Balance ☐ Over Supply | ☒ Vacant (0-5%) | 740 High | 275 | Comm'l | 10 % | |
| Marketing time: | ☐ Under 3 Mos. ☒ 3-6 Mos. ☐ Over 6 Mos. | ☐ Vacant (>5%) | 360 Pred | 47 | Vacant | 30 % | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends): **Lebanon is 55.2 square miles with an estimated population of 6500. It is located in southeast Connecticut and is bisected by Connecticut Routes 2, 87, 207 and 289 providing good access to shopping, employment and other services. The subject is located in an area of compatible homes of mixed styles, appeal, utility and marketability. According to research using the MLS data, town data, and information gathered from area Realtors, the market is affected by a limited supply of inventory. The increased interest rates have assisted in the stabilization of the market but there is still considerable demand for homeownership. Properties should sell in 30-60 days when standard marketing techniques are used.**

**SITE DESCRIPTION**

Dimensions: **See legal description and assessor's map**   Site Area: **3.64 Acres**

Zoning Classification: **RA**   Description: **Residential**

Zoning Compliance: ☒ Legal ☐ Legal nonconforming (grandfathered) ☐ Illegal ☐ No zoning

Are CC&Rs applicable? ☐ Yes ☐ No ☒ Unknown   Have the documents been reviewed? ☐ Yes ☐ No   Ground Rent (if applicable) $ /

Highest & Best Use as improved: ☒ Present use, or ☐ Other use (explain)

Actual Use as of Effective Date: **Residential**   Use as appraised in this report: **The same as the actual use.**

Summary of Highest & Best Use: **The present residential use of the subject property is the Highest and Best Use and the continued residential use is supported by market data.**

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | **Generally Level** |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | **Public** | Street | **Paved Asphalt** | ☒ | ☐ | Size | **Average/typical** |
| Gas | ☐ | ☐ | **None** | Curb/Gutter | **None** | ☐ | ☐ | Shape | **Irregular** |
| Water | ☐ | ☒ | **On Site Water Well** | Sidewalk | **None** | ☐ | ☐ | Drainage | **Appears Adequate** |
| Sanitary Sewer | ☐ | ☒ | **On Site Septic System** | Street Lights | **Yes/Typical** | ☒ | ☐ | View | **Neighborhood** |
| Storm Sewer | ☒ | ☐ | **Public** | Alley | **None** | | | | |

Other site elements: ☐ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☐ Underground Utilities ☒ Other (describe) **Front Lot**

FEMA Spec'l Flood Hazard Area ☒ Yes ☐ No  FEMA Flood Zone **A**   FEMA Map # **09011C0038G**   FEMA Map Date **07/18/2011**

Site Comments: **No easements, encroachments or other adverse conditions affecting the subject site were apparent on the date of inspection. The site is generally level, with adequate area for outside recreational uses.**

**DESCRIPTION OF THE IMPROVEMENTS**

| General Description | | Exterior Description | | Foundation | | Basement | ☐ None | Heating | |
|---|---|---|---|---|---|---|---|---|---|
| # of Units | **1** ☐ Acc.Unit | Foundation | **Concrete** | Slab | **None** | Area Sq. Ft. | **943** | Type | **Hot Water** |
| # of Stories | **1** | Exterior Walls | **Clapboards** | Crawl Space | **None** | % Finished | **Unfinished** | Fuel | **Oil** |
| Type ☒ Det. ☐ Att. ☐ | | Roof Surface | **Comp Shingles** | Basement | **Full** | Ceiling | **N/A** | | |
| Design (Style) **Raised Ranch** | | Gutters & Dwnspts. | **Aluminum** | Sump Pump | ☐ Unknown | Walls | **N/A** | Cooling | |
| ☒ Existing ☐ Proposed ☐ Und.Cons. | | Window Type | **Double Hung** | Dampness | ☐ Unknown | Floor | **N/A** | Central | **Heat Pump** |
| Actual Age (Yrs.) **38** | | Storm/Screens | **Yes** | Settlement | **Unknown** | Outside Entry **Yes** | | Other | |
| Effective Age (Yrs.) **25** | | Overall Condition | **Average** | Infestation | **Unknown** | | | | |

| Interior Description | | Appliances | | Attic ☐ None | Amenities | | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|
| Floors | **Carpet, Vinyl** | Refrigerator ☒ | Stairs ☐ | Fireplace(s) # | Woodstove(s) # | Garage # of cars ( **10** Tot.) | |
| Walls | **Drywall** | Range/Oven ☒ | Drop Stair ☐ | Patio | | Attach. | |
| Trim/Finish | **Wood** | Disposal ☐ | Scuttle ☐ | Deck | **Wood Deck** | Detach. | |
| Bath Floor | **Vinyl** | Dishwasher ☐ | Doorway ☐ | Porch | | Blt.-In **2** | |
| Bath Wainscot | **Fiberglass** | Fan/Hood ☐ | Floor ☐ | Fence | | Carport | |
| Doors | **Wood** | Microwave ☐ | Heated ☐ | Pool | | Driveway **8** | |
| Condition | **Average** | Washer/Dryer ☐ | Finished ☐ | | | Surface **Gravel** | |

Finished area above grade contains: **6** Rooms **3** Bedrooms **2** Bath(s) **2,120** Square Feet of Gross Living Area Above Grade

Additional features: **No additional features were noted in the assessor records other than what is noted above.**

Describe the condition of the property (including physical, functional and external obsolescence): **An exterior inspection from the street only was conducted by me and the improvements appear to be in average condition and repair. The assessor records also indicate average condition. It is assumed that the interior is consistent with the exterior in terms of condition and repair.**

**GP RESIDENTIAL**   Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE   3/2007

# APPRAISAL REPORT

Internal Order No. 25-118SH.DAC  Page 4 of 16
23-10327CT
File No.: 25-118SH.DAC

My research ☒ did ☐ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

**TRANSFER HISTORY**

Data Source(s): **The Multiple Listing Service (MLS), town clerk's records and assessor's records.**

| 1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: **The subject was purchased by its present owners in August of 2021. It is not presently listed for sale in the Multiple Listing Service.** |
|---|---|
| Date: **None** | |
| Price: **Not Applicable** | |
| Source(s): **Public Records/MLS** | |
| 2nd Prior Subject Sale/Transfer | |
| Date: | |
| Price: | |
| Source(s): | |

## SALES COMPARISON APPROACH TO VALUE (if developed)     ☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 671 Exeter Rd | 219 Clarke Rd | | 343 Goshen Hill Rd | | 68 Burnham Rd | |
| | Lebanon, CT 06249 | Lebanon, CT 06249 | | Lebanon, CT 06249 | | Lebanon, CT 06249 | |
| Proximity to Subject | | 3.40 miles NW | | 1.43 miles SW | | 3.31 miles NW | |
| Sale Price | $ N/A | $ 415,000 | | $ 410,000 | | $ 430,000 | |
| Sale Price/GLA | $ /sq.ft. | $ 190.89 /sq.ft. | | $ 243.18 /sq.ft. | | $ 244.87 /sq.ft. | |
| Data Source(s) | PubRec/DriveBy | Drive by/MLS/Public Records | | Drive by/MLS/Public Records | | Drive by/MLS/Public Records | |
| Verification Source(s) | MLS | Volume 341, Page 1084 | | Volume 341, Page 133 | | Volume 340, Page 870 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | N/A | None/Conv | | None/VA | | None/Conv | |
| Concessions | N/A | None | | None | | None | |
| Date of Sale/Time | N/A | 02/18/2025 | | 12/02/2024 | | 10/21/2024 | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | Average | Average | | Average | | Average | |
| Site | 3.64 Acres | 1.00 Acres | +5,000 | 1.50 Acres | +4,000 | 10.18 Acres | -12,000 |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design (Style) | Raised Ranch | Raised Ranch | | Ranch | | Ranch | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 37 (1988) | 51 (1974) | | 74 (1951) | | 39 (1986) | |
| Condition | Average | Fair | +15,000 | Average/Updated | -15,000 | Average | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 6 / 3 / 2 | 7 / 4 / 2.1 | -3,500 | 7 / 3 / 2 | | 10 / 3 / 3 | -7,000 |
| Gross Living Area | 2,120 sq.ft. | 2,174 sq.ft. | -2,000 | 1,686 sq.ft. | +15,000 | 1,756 sq.ft. | +12,500 |
| Basement & Finished | Full | Full | | Full | | Full | |
| Rooms Below Grade | Unfinished | 648 SqFt Finished | -6,500 | Unfinished | | 400 SqFt Finished | -4,000 |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | Hot Water/CAC | Hot Water/CAC | | Hot Water/CAC | | Hot Water/CAC | |
| Energy Efficient Items | Typical | Typical | | Typical | | Typical | |
| Garage/Carport | 2 Car Built In | 2 Built in | | None | +10,000 | 2 Built in | |
| Porch/Patio/Deck | Wood Deck | Wood Deck | | Patio | | Wood Deck (2) | -2,500 |
| Fireplace | None | None | | None | | None | |
| None | None | None | | Generator | -5,000 | None | |
| Net Adjustment (Total) | | ☒ + ☐ - $ 8,000 | | ☒ + ☐ - $ 9,000 | | ☐ + ☒ - $ -13,000 | |
| Adjusted Sale Price | | Net 1.9 % | | Net 2.2 % | | Net 3.0 % | |
| of Comparables | | Gross 7.7 % $ 423,000 | | Gross 12.0 % $ 419,000 | | Gross 8.8 % $ 417,000 | |

Summary of Sales Comparison Approach     **See Addendum**

Indicated Value by Sales Comparison Approach $     419,000

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE     3/2007

Internal Order #25-118SH.DAC    Page 14 of 16

23-10327CT

# APPRAISAL REPORT

File No.: 25-118SH.DAC

| COST APPROACH TO VALUE (if developed) | ☒ The Cost Approach was not developed for this appraisal. |

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value): _____

**COST APPROACH**

| ESTIMATED ☐ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE _____ =$ _____ |
|---|---|
| Source of cost data: | DWELLING          Sq.Ft. @ $         ____ =$ |
| Quality rating from cost service:       Effective date of cost data: | Sq.Ft. @ $         ____ =$ |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.): | Sq.Ft. @ $         ____ =$ |
| | Sq.Ft. @ $         ____ =$ |
| | Sq.Ft. @ $         ____ =$ |
| | ____ =$ |
| | Garage/Carport          Sq.Ft. @ $         ____ =$ |
| | Total Estimate of Cost-New          ____ =$ |
| | Less     Physical     Functional     External |
| | Depreciation                    =$( ) |
| | Depreciated Cost of Improvements _____ =$ |
| | "As-is" Value of Site Improvements _____ =$ |
| | =$ |
| | =$ |
| Estimated Remaining Economic Life (if required):          Years | INDICATED VALUE BY COST APPROACH _____ =$ |

**INCOME APPROACH**

| INCOME APPROACH TO VALUE (if developed)     ☒ The Income Approach was not developed for this appraisal. |

Estimated Monthly Market Rent $ _____      X Gross Rent Multiplier _____      = $ _____      Indicated Value by Income Approach _____

Summary of Income Approach (including support for market rent and GRM): _____

**PUD**

| PROJECT INFORMATION FOR PUDs (if applicable)     ☐ The Subject is part of a Planned Unit Development. |

Legal Name of Project: _____

Describe common elements and recreational facilities: _____

Indicated Value by: Sales Comparison Approach $ **419,000**     Cost Approach (if developed) $ **N/A**     Income Approach (if developed) $ _____

Final Reconciliation   *The sales comparison approach best reflects the actions of the typical purchaser.  The Cost Approach is not developed, because of the subjects age and there is insufficient market data to credibly support the subjects site value and depreciation of the subject improvements; therefore, the cost approach is unsupported and unreliable.  The Income Approach was not developed, as a single family home is not typically sold for income potential.*

**RECONCILIATION**

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed, ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair: _____

☒ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is:  $ **419,000** , as of: **07/02/2025** , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report.  See attached addenda.

**ATTACHMENTS**

A true and complete copy of this report contains **15** pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

| ☒ Scope of Work | ☒ Limiting Cond./Certifications | ☐ Narrative Addendum | ☒ Photograph Addenda | ☐ Sketch Addendum |
|---|---|---|---|---|
| ☒ Map Addenda | ☐ Additional Sales | ☐ Cost Addendum | ☒ Flood Addendum | ☐ Manuf. House Addendum |
| ☐ Hypothetical Conditions | ☒ Extraordinary Assumptions | ☒ Deed | ☒ Assessor's Map | ☐ |

Client Contact: _____     Client Name: **McCalla Raymer Leibert Pierce, LLC**

E-Mail: _____     Address: **280 Trumbull St, 23 Floor, Hartford, CT 06103**

**SIGNATURES**

| APPRAISER | SUPERVISORY APPRAISER (if required) or CO-APPRAISER (if applicable) |
|---|---|
| Appraiser Name: **Dennis A. Chanski, SRA** | Supervisory or Co-Appraiser Name: _____ |
| Company: **Speno Chanski Appraisal Associates** | Company: _____ |
| Phone: **(860) 530-1643**     Fax: **(860) 530-1643** | Phone: _____     Fax: _____ |
| E-Mail: **dachanski@gmail.com** | E-Mail: _____ |
| Date of Report (Signature): **07/02/2025** | Date of Report (Signature): _____ |
| License or Certification #: **RCR.1993**     State: **CT** | License or Certification #: _____     State: _____ |
| Designation: **Certified Residential Appraiser** | Designation: _____ |
| Expiration Date of License or Certification: **04/30/2026** | Expiration Date of License or Certification: _____ |
| Inspection of Subject: ☐ Interior & Exterior  ☒ Exterior Only  ☐ None | Inspection of Subject: ☐ Interior & Exterior  ☐ Exterior Only  ☐ None |
| Date of Inspection: **07/02/2025** | Date of Inspection: _____ |

GP RESIDENTIAL

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

3/2007

**Addendum**

File No. 25-118SH.DAC

| Owner | Maldonado, Franklin | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 671 Exeter Rd | | | | | |
| City | Lebanon | County | New London | State | CT | Zip Code 06249 |
| Lender/Client | McCalla Raymer Leibert Pierce, LLC | | | | | |

**HYPOTHETICAL CONDITION and EXTRAORDINARY ASSUMPTION**

**USPAP Definition  (Effective January 1, 2024, through December 31, 2025)**

**EXTRAORDINARY ASSUMPTION:** an assignment-specific assumption as of the effective date regarding uncertain information used in an analysis which, if found to be false, could alter the appraiser's opinion or conclusions.  Comment: Uncertain information might include physical, legal, or economic characteristics of the subject property; or conditions external to the property, such as market conditions or trends; or the integrity of data used in an analysis.

The subject is viewed only from the street, with visibility limited to the exterior of the house; therefore, the extraordinary assumption is that visible sides of the house are consistent with the sides that are not visible from the street.   The use of extraordinary assumptions may affect the assignment results.

*SUMMARY SALES COMPARISON APPROACH*

In order to obtain comparable sales, I searched the Lebanon land records for the past year.  All of the comparable sales selected are closed sales, they are verified in the town land records and through the Multiple Listing Service (MLS).  They are the most similar to the subject in terms of size, utility, and marketability.  They are representative of the market and are reasonable purchase alternatives to the subject.  Equal emphasis has been placed on all comparable sales when reconciling my value opinion.

Square foot living area adjustments were made at $35.00 per square foot to all of the comparable sales for the above-grade living area.  The condition of the subject and the comparable sales are based on my exterior inspection from the street unless otherwise indicated, the Realtor's comments in the MLS datasheet, and the town Assessors data.  All sales are located in the subject's market area within three and a half miles from the subject and closed with the past nine months.

The adjustments made to the comparable sales are for the difference in utility or amenities that either the subject or the comparable sales may or may not have.  These adjustments are market-driven and reflect what a typical, informed purchaser would or would not pay for the added or decreased utility of the items adjusted, rather than the cost to reproduce those items.  All adjustments are rounded to the nearest $100.

## Subject Photo Page

| Owner | Maldonado, Franklin | | | | |
|---|---|---|---|---|---|
| Property Address | 671 Exeter Rd | | | | |
| City | Lebanon | County New London | | State CT | Zip Code 06249 |
| Lender/Client | McCalla Raymer Leibert Pierce, LLC | | | | |



### Subject Front

**671 Exeter Rd**

| Sales Price | N/A |
|---|---|
| Gross Living Area | 2,120 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | Average |
| View | Neighborhood |
| Site | 3.64 Acres |
| Quality | Average |
| Age | 37 (1988) |

MLS Image from 2020.
Sale is not visible from the
street, and the MLS image as
believed to be the most recent.



### Subject Street



### Subject View from Street

**Deed - Page 1**

Doc ID: 001220860002 Type: WAR

BK **326** PG **567-568**

## STATUTORY FORM WARRANTY DEED

Return to: Franklin Maldonado
671 Exeter Road
Lebanon, CT 06249

Janice J. Worth and James C. Worth of Waterford, Connecticut

for Three Hundred Forty-six Thousand Five Hundred and 00/100
($346,500.00) Dollars consideration paid grant to

Franklin Maldonado of Webster, Massachusetts

with WARRANTY COVENANTS

All that certain real property known as **671 Exeter Road, Lebanon,** Connecticut
more particularly bounded and described in Schedule "A" attached hereto and
made a part hereof.

Signed this 19th day of August, 2021

Witnessed by :

_____
Rene Wentworth

_____
Tim Wentworth

Janice J. Worth

James C. Worth

State of Connecticut    )
                        )    SS:    Lebanon    August 19, 2021
County of New London    )

Personally appeared, **Janice J. Worth and James C. Worth** who
acknowledged the signing of this instrument to be their free act and deed,
before me.

Tim Wentworth
Commissioner of the
Superior Court

CONVEYANCE TAX RECEIVED
TOWN: $866.25 STATE: $2,598.75

Mary Ellen Wieczorek

LEBANON, CT TOWN CLERK

## Schedule "A"

### 671 Exeter Road, Lebanon, CT

Shown as Lot 8 on a map marked "Buckingham Lebanon, Connecticut, Sheet 1 of 2 Scale 1"=100' Dated 04-11-78 Revised 05-09-78 05-31-78 Richard F. Mihok Associates Consulting Engineers Marlborough, Connecticut" on file in the Lebanon Land Records, bounded and described as follows: Lot 8: Beginning at an iron pin in the southerly line of Connecticut Route 207 marking the northwesterly corner of Lot 7 on said map, the line runs thence N 52 15' 50" E along said highway line a distance of 80.02 ft. to a point; thence the line runs N 42 25' 40" E along said highway line a distant of 96.03 ft. to a point; thence the line runs in the arc of a curve to the point; thence the line runs S 35 03' 40" E along Lot 9 as shown on said map a distance of 559.49 ft. to a point; thence the line runs S 04 20' 39" W along said Lot 9 a distance of 60.00 ft. to a point; thence the line runs S 81 20' 49" W along Lot 7 as shown on said map a distance of 390.00 ft.; thence the line runs N 10 21' 28" W along said Lot 7 a distance of 451.91 ft. to the point and place of beginning.

Subject to building lines, notes and notations on the subdivision map.

Subject to riparian rights of others in and to Pease Brook.

Taxes due on the grand list of August 1, 2020 and thereafter.

Any and all provisions of any ordinance, municipal regulation or public or private law, including but not limited to building, building line and zoning restrictions established by the Town of Lebanon.

Reference is made to a Special Warranty Deed from Secretary of Housing and Urban Development to Janice J. Worth and James C. Worth dated December 1, 1992 and recorded in Volume 150 at Page 630 of the Lebanon Land Records.

Received for Record at Lebanon, CT
On 08/27/2021 At 11:59.31 am
*Mary Ellen Wieczorek*



## Flood Map

| Owner | Maldonado, Franklin | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 671 Exeter Rd | | | | | | |
| City | Lebanon | | County | New London | State | CT | Zip Code | 06249 |
| Lender/Client | McCalla Raymer Leibert Pierce, LLC | | | | | | |



**MAP DATA**

FEMA Special Flood Hazard Area  Yes

Map Number: 09011C0038G

Zone: A

Map Date: July 18, 2011

FIPS: 09180

**MAP LEGEND**

- Areas inundated by 500-year flooding
- Areas inundated by 100-year flooding
- Velocity Hazard
- Protected Areas
- Floodway
- Subject Area

Powered by CoreLogic®

## Comparable Photo Page

| | |
|---|---|
| Owner | Maldonado, Franklin |
| Property Address | 671 Exeter Rd |
| City | Lebanon | County New London | State CT | Zip Code 06249 |
| Lender/Client | McCalla Raymer Leibert Pierce, LLC |



**Comparable 1**

219 Clarke Rd

MLS Image



**Comparable 2**

343 Goshen Hill Rd

MLS Image



**Comparable 3**

68 Burnham Rd

MLS Image

## Location Map

| Owner | Maldonado, Franklin | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 671 Exeter Rd | | | | | |
| City | Lebanon | County | New London | State | CT | Zip Code 06249 |
| Lender/Client | McCalla Raymer Leibert Pierce, LLC | | | | | |



# Assumptions, Limiting Conditions & Scope of Work

| Property Address: | 671 Exeter Rd | | City: Lebanon | | State: CT | Zip Code: 06249 |
|---|---|---|---|---|---|---|
| Client: | McCalla Raymer Leibert Pierce, LLC | Address: | 280 Trumbull St, 23 Floor, Hartford, CT 06103 | | | |
| Appraiser: | Dennis A. Chanski, SRA | Address: | P.O. Box 154, Hebron, CT 06248 | | | |

### STATEMENT OF ASSUMPTIONS & LIMITING CONDITIONS

- The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.
- The appraiser may have provided a sketch in the appraisal report to show approximate dimensions of the improvements, and any such sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size. Unless otherwise indicated, a Land Survey was not performed.
- If so indicated, the appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.
- The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.
- If the cost approach is included in this appraisal, the appraiser has estimated the value of the land in the cost approach at its highest and best use, and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used. Unless otherwise specifically indicated, the cost approach value is not an insurance value, and should not be used as such.
- The appraiser has noted in the appraisal report any adverse conditions (including, but not limited to, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property, or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property, or adverse environmental conditions (including, but not limited to, the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.
- The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.
- The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.
- If this appraisal is indicated as subject to satisfactory completion, repairs, or alterations, the appraiser has based his or her appraisal report and valuation conclusion on the assumption that completion of the improvements will be performed in a workmanlike manner.
- An appraiser's client is the party (or parties) who engage an appraiser in a specific assignment. Any other party acquiring this report from the client does not become a party to the appraiser-client relationship. Any persons receiving this appraisal report because of disclosure requirements applicable to the appraiser's client do not become intended users of this report unless specifically identified by the client at the time of the assignment.
- The appraiser's written consent and approval must be obtained before this appraisal report can be conveyed by anyone to the public, through advertising, public relations, news, sales, or by means of any other media, or by its inclusion in a private or public database.
- An appraisal of real property is not a 'home inspection' and should not be construed as such. As part of the valuation process, the appraiser performs a non-invasive visual inventory that is not intended to reveal defects or detrimental conditions that are not readily apparent. The presence of such conditions or defects could adversely affect the appraiser's opinion of value. Clients with concerns about such potential negative factors are encouraged to engage the appropriate type of expert to investigate.

The Scope of Work is the type and extent of research and analyses performed in an appraisal assignment that is required to produce credible assignment results, given the nature of the appraisal problem, the specific requirements of the intended user(s) and the intended use of the appraisal report. Reliance upon this report, regardless of how acquired, by any party or for any use, other than those specified in this report by the Appraiser, is prohibited. The Opinion of Value that is the conclusion of this report is credible only within the context of the Scope of Work, Effective Date, the Date of Report, the Intended User(s), the Intended Use, the stated Assumptions and Limiting Conditions, any Hypothetical Conditions and/or Extraordinary Assumptions, and the Type of Value, as defined herein. The appraiser, appraisal firm, and related parties assume no obligation, liability, or accountability, and will not be responsible for any unauthorized use of this report or its conclusions.

Additional Comments (Scope of Work, Extraordinary Assumptions, Hypothetical Conditions, etc.):

The Scope of Work for this appraisal assignment consists of me, Dennis A. Chanski, SRA, performing a visual inspection from the street only, researching the Multiple Listing Service (MLS) records for this type of property and researching the land records for the subject town and verifying the data presented in this report. The comparable sales presented are inspected from the street unless otherwise indicated, and sales data is verified through the MLS and the town land records.

APPRAISAL DEVELOPMENT AND REPORTING PROCESS:

This is an Appraisal Report which is intended to comply with the reporting requirements set forth under Standards Rule 2-2(b) of the Uniform Standards of Professional Appraisal Practice for an Appraisal Report. As such, it presents only summary discussions of the data, reasoning, and analyses that were used in the appraisal process to develop the appraiser's opinion of value. Supporting documentation that is not provided with the report concerning the data, reasoning, and analyses is retained in the appraiser's file. The depth of the discussion contained in this report is specific to the needs of the client and for the intended use stated in the report. The appraiser is not responsible for unauthorized use of this report.

To develop the opinion of value, the appraiser performed a limited appraisal process, as defined by the Uniform Standards of Professional Appraisal Practice.

The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the requirements of the Code of Professional Ethics & Standards of Professional Appraisal Practice of the Appraisal Institute, which include the Uniform Standards of Professional Appraisal Practice. The use of this report is subject to the requirements of the Appraisal Institute relating to review by its duly authorized representatives.

GP RESIDENTIAL    Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2AD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

Internal Order Progress Note 160 - Page 2 of 16
23-10327CT

## Certifications

File No.: 25-118SH.DAC

| | | | |
|---|---|---|---|
| Property Address: **671 Exeter Rd** | City: **Lebanon** | State: **CT** | Zip Code: **06249** |

Client: **McCalla Raymer Leibert Pierce, LLC**    Address: **280 Trumbull St, 23 Floor, Hartford, CT 06103**

Appraiser: **Dennis A. Chanski, SRA**    Address: **P.O. Box 154, Hebron, CT 06248**

### APPRAISER'S CERTIFICATION

**I certify that, to the best of my knowledge and belief:**
- The statements of fact contained in this report are true and correct.
- The credibility of this report, for the stated use by the stated user(s), of the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- I did not base, either partially or completely, my analysis and/or the opinion of value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property, or of the present owners or occupants of the properties in the vicinity of the subject property.
- Unless otherwise indicated, I have made a personal inspection of the property from the street that is the subject of this report.
- I have completed an appraisal on the subject property within the past three years per the request of the client for th purpose of foreclosure proceedings.

**Additional Certifications:**

As of the date of this report, I have completed the continuing education program of the Appraisal Institute. My state of Connecticut Certified Residential Appraiser license is current and the required continuing education is completed for the present licensing cycle.

**DEFINITION OF MARKET VALUE \*:**
Market value means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:
1. Buyer and seller are typically motivated;
2. Both parties are well informed or well advised and acting in what they consider their own best interests;
3. A reasonable time is allowed for exposure in the open market;
4. Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and
5. The price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.
\* This definition is from regulations published by federal regulatory agencies pursuant to Title XI of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) of 1989 between July 5, 1990, and August 24, 1990, by the Federal Reserve System (FRS), National Credit Union Administration (NCUA), Federal Deposit Insurance Corporation (FDIC), the Office of Thrift Supervision (OTS), and the Office of Comptroller of the Currency (OCC). This definition is also referenced in regulations jointly published by the OCC, OTS, FRS, and FDIC on June 7, 1994, and in the Interagency Appraisal and Evaluation Guidelines, dated October 27, 1994.

---

Client Contact: _____    Client Name: **McCalla Raymer Leibert Pierce, LLC**
E-Mail: _____    Address: **280 Trumbull St, 23 Floor, Hartford, CT 06103**

**APPRAISER**

**SUPERVISORY APPRAISER (if required)**
**or CO-APPRAISER (if applicable)**

Appraiser Name: **Dennis A. Chanski, SRA**
Company: **Speno Chanski Appraisal Associates**
Phone: **(860) 530-1643**    Fax: **(860) 530-1643**
E-Mail: **dachanski@gmail.com**
Date Report Signed: **07/02/2025**
License or Certification #: **RCR.1993**    State: **CT**
Designation: **Certified Residential Appraiser**
Expiration Date of License or Certification: **04/30/2026**
Inspection of Subject: ☐ Interior & Exterior    ☒ Exterior Only    ☐ None
Date of Inspection: **07/02/2025**

Supervisory or Co-Appraiser Name: _____
Company: _____
Phone: _____    Fax: _____
E-Mail: _____
Date Report Signed: _____
License or Certification #: _____    State: _____
Designation: _____
Expiration Date of License or Certification: _____
Inspection of Subject: ☐ Interior & Exterior    ☐ Exterior Only    ☐ None
Date of Inspection: _____

**GP RESIDENTIAL**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
Form GPRES2AD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

3/2007

# Exhibit R

**Title**

Foreclosure Worksheet

**Description**

Demonstrates valuation inconsistency and internal servicing conflict

**FORECLOSURE WORKSHEET**
JD-CV-77    Rev. 12-16

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ada.*

**STATE OF CONNECTICUT SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions**
*Complete this worksheet and submit it with the other document filed with the court on a Motion for Judgment of Foreclosure*

| Name of case *(First-named Plaintiff v. First-named Defendant)* | Docket number |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC v. MALDONADO, FRANKLIN | KNL-CV23-6062914-S |

List Names of Nonappearing Individual Defendants

1. Fair market value of property being foreclosed:     $419,000.00
   *The appraisal report (NOT merely the affidavit of the appraiser) MUST be dated within 120 days of the date of judgment, regardless of whether an initial judgment is being entered or judgment is being reopened.*

2. Updated debt as of July 14, 2025:     $419,727.30

3. Amount of Condominium Common Charges Fee with priority over plaintiff's lien, if any:     $0.00

4. List other encumbrances on the property prior to plaintiff's lien: *(Not including amount entered on Line 3)*     $0.00

5. Total debt plus encumbrances prior to plaintiff's lien: (Add lines 2 through 4)     $419,727.30

6. Equity: (Subtract line 5 from line 1. Include the exact amount of the equity even if there is a negative amount.)     ($727.30)

7. List the total amount of encumbrances subsequent to plaintiff's lien:     0.00

8. Attorney's fees (additional):     $12,178.00

9. Appraisal fee (additional):     $300.00

10. Title Search fee:     $0.00

## Answer the following questions

A. Is the United States a party to the action?   ☐ Yes   ☒ No

B. Is the owner of the equity in possession of the property?   ☒ Yes   ☐ No

C. Is the owner of the equity a nonappearing party?   ☐ Yes   ☒ No

D. Is the property (check all that apply):   ☒ Residential   ☐ Commercial   ☐ Other _____

E. Are you aware of another foreclosure pending on this property with this defendant or with anyone else?　　☐ Yes　　☒ No

Case name:_____

Docket number:_____

Has plaintiff's counsel been notified?　　☐ Yes　　☐ No

**Print Form**　　　　　　　　　　　　**Reset Form**

# Exhibit S

| Title | Description |
|-------|-------------|
| Securitization Evidence – Ginnie Mae REMIC Trust 2021-143 | Preliminary Bloomberg data, Flagstar transfer chain, or HUD pooled loan detail (to be supplemented if full dataset is obtained) |

# *PROPERTY SECURITIZATION ANALYSIS REPORT*$^{TM}$

*Prepared for:*

## FRANKLIN MALDONADO

*For Property Address*

**671 Exeter Road, Lebanon, Connecticut 06249**

*Prepared on:*

**July 05, 2024**

## SECTION 1:   TRANSACTION DETAILS
## BORROWER & CO-BORROWER:

| BORROWER | CO-BORROWER |
|---|---|
| FRANKLIN MALDONADO | NONE |
| **CURRENT ADDRESS** | **SUBJECT ADDRESS** |
| 671 EXETER ROAD, LEBANON, CONNECTICUT 06249 | 671 EXETER ROAD, LEBANON, CONNECTICUT 06249 |

## SECTION 2:   SECURITIZATION
## SECURITIZATION PARTICIPANTS:

| MORTGAGE | DATE | NOTE | DATE |
|---|---|---|---|
| GUARANTEED RATE, INC  MIN # 100196399030869695 | AUGUST 19, 2021 | GUARANTEED RATE, INC | AUGUST 19, 2021 |
| | | GINNIE MAE REMIC TRUST 2021-143 | CLOSING DATE: AUGUST 30, 2021 |

The Mortgage and the Note have taken two distinctly different paths. The Mortgage was never transferred. The $340,223.00 note may have been however pooled, sold, transferred with other loans and Mortgage and this pool of loans and Mortgages in this security offering of $500,000,000.

https://www.ginniemae.gov/investors/investor_search_tools/Pages/default.aspx

<mark>**COPY OF BORROWER'S MORTGAGE (PAGE 1)**
**Shows MERS MIN # 100196399030869695.**</mark>

After Recording Return To:
GUARANTEED RATE, INC.
4410 N. RAVENSWOOD AVE.
CHICAGO, ILLINOIS 60640
Loan Number: 213582079

———————————— [Space Above This Line For Recording Data] ————————————

FHA Case No:
061-5900721-703

## OPEN-END MORTGAGE DEED

**MIN:** 100196399030869695                                      **MERS Phone: 888-679-6377**

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 20. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A) **"Security Instrument"** means this document, which is dated   AUGUST 19, 2021                      , together with all Riders to this document.

(B) **"Borrower"** is   FRANKLIN MALDONADO, MARRIED MAN

Borrower is the mortgagor under this Security Instrument.

(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) **"Lender"** is   GUARANTEED RATE, INC.

Lender is a   DELAWARE CORPORATION                                             organized
and existing under the laws of     DELAWARE
Lender's address is   3940 N RAVENSWOOD, CHICAGO, ILLINOIS 60613

(E) **"Note"** means the promissory note signed by Borrower and dated   AUGUST 19, 2021          .
The Note states that Borrower owes Lender   THREE HUNDRED FORTY THOUSAND TWO HUNDRED TWENTY-THREE AND 00/100                         Dollars (U.S. $ 340,223.00           )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   SEPTEMBER 1, 2051        .

CONNECTICUT FHA OPEN-END MORTGAGE DEED - MERS
CTMTGZ2.FHA 12/12/17                                                                      ☆ DocMagic
Page 1 of 13

**COPY OF BORROWER'S NOTE (PAGE 1)**
**Shows MERS MIN # 100196399030869695 & Loan #, Address of Property,**
**Name of Lender, Loan Amount $340,223.00, Monthly Payment beginning October 1, 2021.**

## NOTE

MIN: 100196399030869695                          Loan Number: 213582079

Case Number: 061-5900721-703

AUGUST 19, 2021              Colchester              CONNECTICUT

[Date]                        [City]                  [State]

671 EXETER RD, LEBANON, CONNECTICUT 06249

[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 340,223.00          (this amount is called "Principal"), plus interest to the order of the Lender. The Lender is GUARANTEED RATE, INC., A DELAWARE CORPORATION

.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       3.125   %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.  PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1st   day of each month beginning on       OCTOBER 1         , 2021              . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest and other items in the order described in the Security Instrument before Principal. If, on       SEPTEMBER 1, 2051       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. BOX 0054 PALATINE, IL 60055-0054

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $  1,457.43                .

### 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my

MULTISTATE FHA FIXED RATE NOTE
USFHANTE 06/14/16                         Page 1 of 4                              ☆DocMagic

**MERS SEARCH RESULT ON MIN# 100196399030869695 (as of July 05, 2024)**

The loan is *registered* within the MERS database showing Flagstar Bank National Association as Servicer and Ginnie Mae as Investor.



**MERS** ServicerID

### 1 Record Matched Your Search

MIN: **1001963-9903086969-5**          Note Date: **08/19/2021**          MIN Status: **Inactive**

Servicer: Flagstar Bank, National Association          Phone: **(800) 945-7700**

**Troy, MI**

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

**MERS** ServicerID

### Investor

Select borrower type and enter borrower information to see Investor for MIN 1001963-9903086969-5.

◉ Investor for Individual Borrower

Your entries may be either upper or lower case.

Fields marked * are required.

Last Name*                    SSN*

MALDONADO                    —    —

☐ By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify the results with their loan servicer. *

[Submit]

○ Investor for Corporation/Non-Person Entity Borrower

Servicer: Flagstar Bank, National Association          Phone: **(800) 945-7700**

**Troy, MI**

Investor: **Guarantor - Ginnie Mae**

https://www.mers-servicerid.org/sis/common/results

## PARTIES/DEFENDANTS:



## $500,000,000

## Government National Mortgage Association

# GINNIE MAE®

### Guaranteed REMIC Pass-Through Securities
### and MX Securities
### Ginnie Mae REMIC Trust 2021-143

### J.P. Morgan        Mischler Financial Group, Inc.

**The date of this Offering Circular Supplement is August 24, 2021**

**Sponsor:** J.P. Morgan Securities LLC

**Co-Sponsor:** Mischler Financial Group, Inc.

**Trustee:** U.S. Bank National Association

**Tax Administrator:** The Trustee

**Closing Date:** August 30, 2021

**Distribution Date:** The 20th day of each month or, if the 20th day is not a Business Day, the first Business Day thereafter, commencing in December 2022.

## THE GINNIE MAE MULTIFAMILY CERTIFICATES

**General**

The Sponsor intends to acquire the Ginnie Mae Multifamily Certificates in privately negotiated transactions prior to the Closing Date and to sell them to the Trust according to the terms of a Trust Agreement between the Sponsor and the Trustee. The Sponsor will make certain representations and warranties with respect to the Ginnie Mae Multifamily Certificates.

**The Ginnie Mae Multifamily Certificates**

The Ginnie Mae Multifamily Certificates are guaranteed by Ginnie Mae pursuant to its Ginnie Mae I Program. Each Mortgage Loan underlying a Ginnie Mae Multifamily Certificate bears interest at a Mortgage Rate that is greater than the related Certificate Rate.

For each Mortgage Loan underlying a Ginnie Mae Multifamily Certificate, the difference between (a) the Mortgage Rate and (b) the related Certificate Rate is used to pay the servicer of the Mortgage Loan a monthly fee for servicing the Mortgage Loan and to pay Ginnie Mae a fee for its guarantee of the related Ginnie Mae Multifamily Certificate (together, the "Servicing and Guaranty Fee Rate"). The per annum rate used to calculate these fees for the Mortgage Loans in the Trust is shown on Exhibit A to this Supplement.

The Ginnie Mae Multifamily Certificates included in the Trust consist of (i) Ginnie Mae Construction Loan Certificates issued during the construction phase of a multifamily project, which are redeemable for Ginnie Mae Project Loan Certificates (the "Trust CLCs") and (ii) Ginnie Mae Project Loan Certificates deposited into the Trust on the Closing Date or issued upon conversion of a Trust CLC (collectively, the "Trust PLCs").

**The Trust CLCs**

Each Trust CLC is based on and backed by a single Mortgage Loan secured by a multifamily project under construction and insured by FHA pursuant to an FHA Insurance Program described under "THE GINNIE MAE MULTIFAMILY CERTIFICATES — FHA Insurance Programs" in the Multifamily Base Offering Circular. Ginnie Mae Construction Loan Certificates are generally issued monthly by the related Ginnie Mae Issuer as construction progresses on the related multifamily project and as advances are insured by FHA. Prior to the issuance of Ginnie Mae Construction Loan Certificates, the Ginnie Mae Issuer must provide Ginnie Mae with supporting documentation regarding advances and disbursements on the Mortgage Loan and must satisfy the prerequisites for issuance as described in Chapter 32 of the MBS Guide. Each Ginnie Mae Construction Loan Certificate may be redeemed for a pro rata share of a Ginnie Mae Project Loan Certificate that bears the same interest rate as the Ginnie Mae Construction Loan Certificate. The original maturity of a Ginnie Mae Construction Loan Certificate is at least 200% of the construction period anticipated by FHA for the multifamily project. The stated maturity of the Ginnie Mae Construction Loan Certificates may be extended after issuance at the request of the related Ginnie Mae Issuer with the prior written approval of Ginnie Mae. Prior to approving any extension request, Ginnie Mae requires

that the Contracted Security Purchaser, the entity bound under contract with the related Ginnie Mae Issuer to purchase all of the Ginnie Mae Construction Loan Certificates related to a particular multifamily project, consent to the extension of the term to maturity. Each Contracted Security Purchaser of the Trust CLCs and of any previously issued or hereafter existing Ginnie Mae Construction Loan Certificates relating to the Trust CLCs identified in Exhibit A to this Supplement (the "Related CLCs"), has waived its right and the right of all future holders of the Related CLCs, including the Trustee, as the assignee of the Sponsor's rights in the Trust CLCs, to withhold consent to any extension requests with respect to Trust CLCs or Related CLCs for which it is the Contracted Security Purchaser, provided that the length of the extension does not, in combination with any previously granted extensions related thereto, exceed the term of the underlying Mortgage Loan insured by FHA. The waiver effected by each Contracted Security Purchaser will effectively permit the related Ginnie Mae Issuer to extend the maturity of the Ginnie Mae CLCs in its sole discretion, subject only to the prior written approval of Ginnie Mae. Each Trust CLC will provide for the payment to the Trust of monthly payments of interest equal to a pro rata share of the interest payments on the underlying Mortgage Loan, less applicable servicing and guaranty fees. The Trust will not be entitled to receive any payments of principal collected on the related Mortgage Loan as long as the Trust CLC is outstanding. During such period any prepayments and other recoveries of principal (other than proceeds from the liquidation of the Mortgage Loan) or any Prepayment Penalties on the underlying Mortgage Loan received by the Ginnie Mae Issuer will be deposited into a non-interest-bearing escrow account (the "P&I Custodial Account"). Any such amounts will be held for distribution to the Trust (unless otherwise negotiated between the Ginnie Mae Issuer and the Contracted Security Purchaser) on the earliest of (i) the liquidation of the Mortgage Loan, (ii) at the related Ginnie Mae Issuer's option, either (a) the first Ginnie Mae Certificate Payment Date of the Ginnie Mae Project Loan Certificate following the conversion of the Ginnie Mae Construction Loan Certificate or (b) the date of conversion of the Ginnie Mae Construction Loan Certificate to a Ginnie Mae Project Loan Certificate, and (iii) the applicable Maturity Date. However, the Holders of the Securities will not receive any such amounts until the next Distribution Date and will not be entitled to receive any interest on such amounts, and the related WACR will be reduced accordingly.

At any time following the final endorsement of the underlying Mortgage Loan by FHA, prior to the Maturity Date and upon satisfaction of the prerequisites for conversion outlined in Chapter 32 of the MBS Guide, Ginnie Mae Construction Loan Certificates will be redeemed for Ginnie Mae Project Loan Certificates. The Ginnie Mae Project Loan Certificates will be issued at the identical interest rate as the Ginnie Mae Construction Loan Certificates. The aggregate principal amount of the Ginnie Mae Project Loan Certificates may be less than or equal to the aggregate amount of advances that has been disbursed and insured on the Mortgage Loan underlying the related Ginnie Mae Construction Loan Certificates. Any difference between the principal balance of the Ginnie Mae Construction Loan Certificates and the principal balance of the Ginnie Mae Project Loan Certificates issued at conversion will be disbursed to the holders of the Ginnie Mae Construction Loan Certificates as principal upon conversion

**The Trust PLCs**

Each Trust PLC will be based on and backed by one or more multifamily Mortgage Loans with an original term to maturity of generally no more than 40 years.

Each Trust PLC will provide for the payment to the registered holder of that Trust PLC of monthly payments of principal and interest equal to the aggregate amount of the scheduled monthly principal and interest payments on the Mortgage Loans underlying that Trust PLC, less applicable servicing and guaranty fees. In addition, each such payment will include any prepayments and other unscheduled recoveries of principal of, and any Prepayment Penalties on, the underlying Mortgage Loans to the extent received by the Ginnie Mae Issuer during the month preceding the month of the payment.

**The Mortgage Loans**

Each Ginnie Mae Multifamily Certificate represents a beneficial interest in one or more Mortgage Loans.

Ninety-four (94) Mortgage Loans will underlie the Ginnie Mae Multifamily Certificates, which as of the Cut- off Date, consist of fifty-three (53) Mortgage Loans that underlie the Trust PLCs (the "Trust PLC Mortgage Loans") and forty-one (41) Mortgage Loans that underlie the Trust CLCs (the "Trust CLC Mortgage Loans").

These Mortgage Loans have an aggregate balance of approximately $500,045,000 as of the Cut-off Date, after giving effect to all payments of principal due on or before that date, which consist of approximately $454,594,687 Trust PLC Mortgage Loans and approximately $45,450,313 Trust CLC Mortgage Loans. The Mortgage Loans have, on a weighted average basis, the other characteristics set forth in the Terms Sheet under "Certain Characteristics of the Ginnie Mae Multifamily Certificates and the Related Mortgage Loans Underlying the Trust Assets" and, on an individual basis, the characteristics described in Exhibit A to this Supplement. They also have the general characteristics described below. The Mortgage Loans consist of first lien and second lien, multifamily, fixed rate mortgage loans that are secured by a lien on the borrower's fee simple estate in a multifamily property consisting of five or more dwelling units or nursing facilities and insured by FHA or coinsured by FHA and the related mortgage lender. See "The Ginnie Mae Multifamily Certificates — General" in the Multifamily Base Offering Circular.

**FHA Insurance Programs**

FHA multifamily insurance programs generally are designed to assist private and public mortgagors in obtaining financing for the construction, purchase or rehabilitation of multifamily housing pursuant to the National Housing Act of 1934 (the "Housing Act"). Mortgage Loans are provided by FHA-approved institutions, which include mortgage banks, commercial banks, savings and loan associations, trust companies, insurance companies, pension funds, state and local housing finance agencies and certain other approved entities. Mortgage Loans insured under the programs described below will have such maturities and amortization features as FHA may approve, provided that

generally, the minimum mortgage loan term will be at least ten years and the maximum mortgage loan term will not exceed the lesser of 40 years and 75 percent of the estimated remaining economic life of the improvements on the mortgaged property. Tenant eligibility for FHA-insured projects generally is not restricted by income, except for projects as to which rental subsidies are made available with respect to some or all the units therein or to specified tenants.

## GINNIE MAE GUARANTY

The Government National Mortgage Association ("Ginnie Mae"), a wholly-owned corporate instrumentality of the United States of America within HUD, guarantees the timely payment of principal and interest on the Securities. The General Counsel of HUD has provided an opinion to the effect that Ginnie Mae has the authority to guarantee multiclass securities and that Ginnie Mae guaranties will constitute general obligations of the United States, for which the full faith and credit of the United States is pledged. See "Ginnie Mae Guaranty" in the Multifamily Base Offering Circular. Ginnie Mae does not guarantee the payment of any Prepayment Penalties.

### Distributions

Distributions on the Securities will be made on each Distribution Date, as specified under "Terms Sheet — Distribution Date" in this Supplement. On each Distribution Date for a Security, or in the case of the Certificated Securities, on the first Business Day after the related Distribution Date, the Distribution Amount will be distributed to the Holders of record as of the related Record Date. Beneficial Owners of Book-Entry Securities will receive distributions through credits to accounts maintained for their benefit on the books and records of the appropriate financial intermediaries. Holders of Certificated Securities will receive distributions by check or, subject to the restrictions set forth in the Multifamily Base Offering Circular, by wire transfer. See "Description of the Securities — Distributions" and "— Method of Distributions" in the Multifamily Base Offering Circular.

### Modification and Exchange

All or a portion of the Classes of REMIC Securities specified on the front cover may be exchanged for a proportionate interest in the related MX Class shown on Schedule I to this Supplement. Similarly, all or a portion of the related MX Class may be exchanged for proportionate interests in the related Classes of REMIC Securities. This process may occur repeatedly. Each exchange may be effected only in proportions that result in the principal and interest entitlements of the Securities received being equal to the entitlements of the Securities surrendered.

A Beneficial Owner proposing to effect an exchange must notify the Trustee through the Beneficial Owner's Book Entry Depository participant. This notice must be received by the Trustee not later than two Business Days before the proposed exchange date. The exchange date can be any Business Day other than the last Business Day of the month. The notice must contain the outstanding principal or notional balance of the Securities to be included in the exchange and the proposed exchange date. The notice is required to be delivered to the Trustee by email to USBGNMATeam@USBank.com or in writing at its Corporate Trust Office at U.S. Bank National Association, One Federal Street, 3rd Floor, Boston, MA 02110, Attention: Ginnie Mae REMIC Program Agency Group 2021-143. The Trustee may be contacted by telephone at (617) 603-6451 and by fax at (617) 603-6644.

## PLAN OF DISTRIBUTION

Subject to the terms and conditions of the Sponsor Agreement, the Sponsor has agreed to purchase all of the Securities if any are sold and purchased. The Sponsor proposes to offer the Regular and MX Classes to the public from time to time for sale in negotiated transactions at varying prices to be determined at the time of sale, plus accrued interest, if any, from (1) September 1, 2022 on the Fixed Rate Classes, (2) September 16, 2022 on the Group 1 Floating Rate and Inverse Floating Rate Classes and (3) September 20, 2022 on the Group 4, 5, 6, 10, 11 and 13 Floating Rate and Inverse Floating Rate Classes. The Sponsor may effect these transactions by sales to or through certain securities dealers. These dealers may receive compensation in the form of discounts, concessions or commissions from the Sponsor and/or commissions from any purchasers for which they act as agents. Some of the Securities may be sold through dealers in relatively small sales. In the usual case, the commission charged on a relatively small sale of securities will be a higher percentage of the sales price than that charged on a large sale of securities.

## INCREASE IN SIZE

Before the Closing Date, Ginnie Mae, the Trustee and the Sponsor may agree to increase the size of this offering. In that event, the Securities will have the same characteristics as described in this Supplement, except that (1) the Original Class Principal Balance (or original Class Notional Balance) and (2) the Aggregate Scheduled Principal Balances of each Class receiving principal distributions or interest distributions based upon a notional balance from the same Trust Asset Group will increase by the same proportion. The Trust Agreement, the Final Data Statement, the Final Schedules and the Supplemental Statement, if any, will reflect any increase in the size of the transaction.

## LEGAL MATTERS

Certain legal matters will be passed upon for Ginnie Mae by Hunton Andrews Kurth LLP and Burgher Gray LLP, for the Trust by Cleary Gottlieb Steen &amp; Hamilton LLP and Marcell Solomon &amp; Associates, P.C., and for the Trustee by Greenberg Traurig, LLP.

https://www.ginniemae.gov/investors/investor_search_tools/Pages/default.aspx

The document is not available on the SEC web site.  Following this section would normally be the "Assignment of Mortgage" type section of the Prospectus Supplement; but this security has no such verbiage.  Furthermore, there is no pooling and servicing agreement (PSA) that is publicly available.  Thus, extracts of the "Conveyance of Loans" type section (normally Section 2.01) from any such PSA is not available.





## PROSPECTUS SUPPLEMENT

Offering Circular Supplement
(To Multifamily Base Offering Circular dated
March 1, 2021)



# $500,000,000
# Government National Mortgage Association
# GINNIE MAE®

## Guaranteed Multifamily REMIC Pass-Through Securities and MX Securities
### Ginnie Mae REMIC Trust 2021-143

**The Securities**

The Trust will issue the Classes of Securities listed on the front cover of this offering circular supplement.

**The Ginnie Mae Guaranty**

Ginnie Mae will guarantee the timely payment of principal and interest on the securities. The Ginnie Mae Guaranty is backed by the full faith and credit of the United States of America. Ginnie Mae does not guarantee the payment of any Prepayment Penalties.

**The Trust and its Assets**

The Trust will own the Ginnie Mae Multifamily Certificates described on Exhibit A.

| Class of REMIC Securities | Original Principal Balance(3) | Interest Rate | Principal Type(4) | Interest Type(4) | CUSIP Number | Final Distribution Date(5) |
|---|---|---|---|---|---|---|
| AB | $ 40,000,000 | 1.25% | SEQ | FIX | 38381DZP8 | April 2053 |
| AC | 364,500,000 | 1.50 | SEQ | FIX | 38381DZQ6 | July 2057 |
| AD | 10,000,000 | 1.50 | SEQ | FIX | 38381DZR4 | March 2062 |
| AG(1) | 27,449,000 | 1.50 | PT | FIX | 38381DZS2 | October 2063 |
| AH(1)(2) | 25,000,000 | 1.65 | PT | FIX | 38381DZT0 | October 2063 |
| B | 23,000,000 | 1.75 | SEQ | FIX | 38381DZU7 | November 2061 |
| ZA(2) | 5,547,000 | 1.75 | SEQ | FIX/Z | 38381DZV5 | March 2062 |
| ZB(2) | 3,399,000 | 1.75 | SEQ | FIX/Z | 38381DZW3 | March 2062 |
| ZC(2) | 1,105,000 | 1.75 | SEQ | FIX/Z | 38381DZX1 | October 2063 |
| IO(2) | 500,000,000 | (6) | NTL(PT) | WAC/IO/DLY | 38381DZY9 | October 2063 |
| Residual | | | | | | |
| RR | 0 | 0.00 | NPR | NPR | 38381DZZ6 | October 2063 |

(1) These securities are not entitled to distributions of any Accrual Amounts. See "Terms Sheet — Allocation of Principal" in this Supplement.
(2) These Securities may be exchanged for MX Securities described in Schedule I to this Supplement.
(3) Subject to increase as described under "Increase in Size" in this Supplement. The amount shown for the Notional Class (indicated by "NTL" under Principal Type) is its original Class Notional Balance and does not represent principal that will be paid.
(4) As defined under "Class Types" in Appendix I to the Multifamily Base Offering Circular. The Class Notional Balance of the Notional Class will be reduced as shown under "Terms Sheet — Notional Class" in this Supplement.
(5) See "Yield, Maturity and Prepayment Considerations — Final Distribution Date" in this Supplement.
(6) See "Terms Sheet — Interest Rates" in this Supplement.

The securities may not be suitable investments for you. You should consider carefully the risks of investing in them.

See "Risk Factors" beginning on page S-7 which highlights some of these risks.

The Sponsor and the Co-Sponsor will offer the securities from time to time in negotiated transactions at varying prices. We expect the closing date to be August 30, 2021.

You should read the Base Offering Circular for Guaranteed Multifamily REMIC Pass-Through Securities, Chapter 31 and Chapter 32 of the Ginnie Mae Mortgage-Backed Securities Guide 5500.3, as amended, and this Supplement.

The securities are exempt from registration under the Securities Act of 1933 and are "exempted securities" under the Securities Exchange Act of 1934.

**J.P. Morgan**                    **Mischler Financial Group, Inc.**

The date of this Offering Circular Supplement is August 24, 2021.

## TERMS SHEET

This terms sheet contains selected information for quick reference only. You should read this Supplement, particularly "Risk Factors," and each of the other documents listed under "Available Information."

**Sponsor:** J.P. Morgan Securities LLC

**Co-Sponsor:** Mischler Financial Group, Inc.

**Trustee:** U.S. Bank National Association

**Tax Administrator:** The Trustee

**Closing Date:** August 30, 2021

**Distribution Date:** The 16th day of each month or, if the 16th day is not a Business Day, the first Business Day thereafter, commencing in September 2021.

**Composition of the Trust Assets:**

The Ginnie Mae Multifamily Certificates will consist of:

(i) 53 fixed rate Ginnie Mae Project Loan Certificates, which have an aggregate balance of approximately $454,594,687 as of the Cut-off Date and

(ii) 41 fixed rate Ginnie Mae Construction Loan Certificates, which have an aggregate balance of approximately $45,450,313 as of the Cut-off Date.

**Certain Characteristics of the Ginnie Mae Multifamily Certificates and the Related Mortgage Loans Underlying the Trust Assets[1]:**

The Ginnie Mae Multifamily Certificates and the related Mortgage Loans will have the following characteristics, aggregated on the basis of the applicable FHA insurance program:

| FHA Insurance Program | Principal Balance | Number of Trust Assets | Percent of Total Assets | Weighted Average Mortgage Interest Rate | Weighted Average Certificate Rate | Weighted Average Original Term to Maturity[2][3] (in months) | Weighted Average Remaining Term to Maturity[3] (in months) | Weighted Average Period from Issuance[2] (in months) | Weighted Average Remaining Lockout Period (in months) | Weighted Average Total Remaining Lockout and Prepayment Penalty Period (in months) |
|---|---|---|---|---|---|---|---|---|---|---|
| 207/223(f) | $ 321,664,876 | 55 | 64.55% | 2.640% | 2.399% | 404 | 403 | 1 | 0 | 113 |
| 223(f) | 72,422,524 | 12 | 14.48 | 3.291 | 3.040 | 404 | 403 | 0 | 4 | 123 |
| 223(d) to 223(a)(7) | 35,960,317 | 4 | 7.20 | 2.543 | 2.295 | 480 | 471 | 3 | 0 | 119 |
| 207/223(f) 223(a)(7) | 26,917,721 | 5 | 5.38 | 2.895 | 2.643 | 420 | 418 | 2 | 0 | 118 |
| 232/223(f) | 22,820,996 | 5 | 4.56 | 2.453 | 2.235 | 367 | 359 | 3 | 0 | 119 |
| 232/223(a)(7) | 9,614,471 | 1 | 1.90 | 2.900 | 2.650 | 365 | 364 | 1 | 0 | 119 |
| 232 223(a)(7) | 7,556,251 | 1 | 1.51 | 2.650 | 2.400 | 480 | 479 | 1 | 0 | 119 |
| 223(f) | 2,060,093 | 1 | 0.41 | 5.500 | 3.050 | 498 | 483 | 15 | 5 | 123 |
| 232 | 817,100 | 1 | 0.16 | 5.490 | 5.240 | 498 | 480 | 18 | 0 | 120 |
| 241 | 305,722 | 1 | 0.06 | 3.591 | 5.060 | 501 | 452 | 22 | 2 | 122 |
| **Total/Weighted Average:** | **$501,045,000** | **94** | **100.00%** | **2.744%** | **2.493%** | **419** | **417** | **2** | **1** | **120** |

(1)  As of August 1, 2021 (the "Cut-off Date"); includes Ginnie Mae Multifamily Certificates added to pay the Trustee Fee. Some of the columns may not foot due to rounding.

(2)  Based on the issue date of the related Ginnie Mae Multifamily Certificate.

(3)  Based on the assumption that each Ginnie Mae Construction Loan Certificate will convert to a Ginnie Mae Project Loan Certificate.

The information contained in this chart has been collected and summarized by the Sponsor based on publicly available information, including the disclosure documents for the Ginnie Mae Multifamily Certificates. See "The Ginnie Mae Multifamily Certificates — The Mortgage Loans" and Exhibit A to this Supplement.

https://www.ginniemae.gov/investors/investor_search_tools/Pages/default.aspx

# SECTION 3:    FORECLOSURE

### Recorded Events on the Loan Including Foreclosure Issues and Securitization

| Recorded Chain of Mortgage Possession | | Chain of Note Possession | |
|---|---|---|---|
| Date | Original Mortgage | Date | Note Holder |
| August 27, 2021 Instrument# 2021.1220870014 Official Records, New London County Connecticut | FRANKLIN MALDONADO (Borrower)<br><br>GUARANTEED RATE, INC (Lender)<br><br>MIN: 100196399030869695 | August 19, 2021 | GUARANTEED RATE, INC Lender<br><br>Principal Amount: $340,223.00<br><br>Case # 061-5900721-703 |
| Official Records, New London County Connecticut | **NO ASSIGNMENT OF MORTGAGE available for review.** <br> **Document must be filed and recorded before a proper Foreclosure can proceed.** | Closing Date: August 30, 2021 | GINNIE MAE REMIC TRUST 2021-143 Lender<br><br>Principal Amount: $340,223.00 |

*Only includes primary active loan.*
*Annotated DataTree Search included in Exhibit I.*

# REPORT SUMMARY

**Mortgage:**

- On August 19, 2021, FRANKLIN MALDONADO executed a negotiable promissory note and a security interest in the form of a MORTGAGE in the amount of $340,223.00. This document was filed in the Official Records of New London County, Connecticut. *The original lender of the promissory note is GUARANTEED RATE, INC. Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as the payee of the note, but is named as acting solely as a "nominee" for the lender as the beneficiary of the security interest Security Deed.*

**Securitization (The Note):**

- The NOTE based on the researched performed has been sold, transferred, assigned and securitized into the GINNIE MAE REMIC TRUST 2021-143 with a Closing Date of August 30, 2021.

**No Assignment of Mortgage:**

- No Assignment of Mortgage was recorded in the Official Records, New London County, Connecticut. Document must be filed and recorded before a proper Foreclosure can proceed. Examiner considers this a document of importance requiring rescission for rightful foreclosure to take place until actual purchase by relevant parties is verified.

## BLOOMBERG SEARCH SECTION

On **July 05, 2024**, a research of the Bloomberg online Database was performed at the request of **FRANKLIN MALDONADO** whose property address is noted herein above. The search was conducted using Bloomberg's terminal to reveal matching characteristics based on Original Amount: **$340,223.00**; Origination Date: **August 19, 2021**; Location of Property: **Connecticut**; Property Type: **Single Family Residence**; Occupancy: **Owner Occupied**; Zip Code **06249**. Examiner did, however, locate a REMIC TRUST that matches the characteristics for securitizing this loan, namely the **GINNIE MAE REMIC TRUST 2021-143** issued August 30, 2021.

This is also a Federal Housing Administration (FHA) loan. Ginnie Mae insures FHA and Department of Veterans Affairs (VA) loans. This provides an economic benefit to any note holder and represents a sale in an economic sense in that holder is reimbursed for losses up to a ceiling amount. Ginnie Mae is part of the Federal Government within the U.S. Department of Housing and Urban Development (HUD).

GINNIE MAE does not hold loans but raises capital from outside investors such as the trust identified above. Thus, funds that provide an economic benefit to holder in case of default come from investors

As with Fannie Mae and Freddie Mac, loan level detail is not available for Ginnie Mae MBS within Bloomberg and prospectuses and related investor information is not filed with the Securities and Exchange Commission.
http://www.ginniemae.gov/about/about.asp?Section=About

**Although GUARANTEED RATE, INC originated the loan, any subsequent purchaser may not have properly endorsed the subject note nor perfected the security interest in the note pursuant to the Connecticut Uniform Commercial Code.**

**Identification of exact Ginnie Mae securitized or corporate portfolio may be gotten through a Qualified Written Request, a Request for Information under Regulations X or Z, voluntary lender disclosure, a Freedom of Information Act request as applicable, or discovery through litigation.**

Screen shots of this trust from the Bloomberg System follow:

## DESCRIPTION OF SECURITY FROM BLOOMBERG
### Bond Summary



## SECURITY DESCRIPTION
### Group Summary



## SECURITY DESCRIPTION
### (No Comments Available)



Screen saved as C:\Users\patron\Desktop\GNR 2021-143\DES 2.png

GNR 2021-143 IO Mtge    Send                                    Page 3/3   Security Description

US CMBS-AGENCY        2.723(386)29   CUSIP 38381DZY9   Loan Level  ▾   Buy   Sell

1) Bond Summary   2) Group Summary   3) Comments

ORIGINAL COLLATERAL CHARACTERISTICS

TYPE: Commercial Mortgage Backed Securities.

1 2 9777 8600 Brazil 5511 2395 9000 Europe 44 20 7330 7500 Germany 49 69 9204 1210 Hong Kong 85
4565 8900     Singapore 65 6212 1000      U.S. 1 212 318 2000      Copyright 2024 Bloomberg F
                    SN 455411 EDT  GMT-4:00 G646-344-174 05-Jul-2024 11:10:41

## STRUCTURED FINANCE NOTES SCREEN
### Lists of the primary related parties to the transaction



## RATINGS HISTORY
### (No Data Available)



## VIEW ALL LOAN CLASSES SCREEN
This screen shows the splitting of the investment classes (9 classes shown)
**Fidelity Investment search for CUSIP# 38381DZP8 is shown below**



**SEARCH RESULT IN FIDELITY INVESTMENT FOR CUSIP# 38381DZP8**
**This screen shows the Trust is an Investment Bond actively Trading (as of 7/5/2024).**

**Fidelity** CUSTOMER SERVICE | PROFILE | OPEN AN ACCOUNT | VIRTUAL ASSISTANT | LOG OUT    🔍 Search or get a quote

Accounts & Trade          Planning & Advice          News & Research          Products          Why Fidelity

Trade    Welcome to the new Fixed Income Trading Experience. ℹ️

**Account**
Select an Account... ⌄

| Cusip | GOVT NATL MTG ASSN SER 2021-143 CL 3-AB 1.25000% 04/16/2053 | | | |
|---|---|---|---|---|
| | **Ask Price** | **Ask Yield** | **Ask Quantity(min)** | **Third Party Price** |
| 38381DZP8 | -- | -- | --(--) | 79.239 |

## GOVT NATL MTG ASSN SER 2021-143 CL 3-AB
1.25000% 04/16/2053

**Overview**    **Price & Performance**

| **Details** | | **Issuer Information** | |
|---|---|---|---|
| CUSIP | 38381DZP8 | Issue Date | 08/01/2021 |
| Pay Frequency | MONTHLY | Dated Date | 08/01/2021 |
| Coupon | 1.250 | First Coupon Date | 09/16/2021 |
| Maturity Date | 04/16/2053 | Next Coupon | 03/16/2024 |
| Moody's Rating | -- | Last Coupon | 04/16/2053 |
| S&P Rating | -- | Workout Date | 04/16/2053 |
| Issuer Events | NO | Original Issue Amount | $40,000,000.00 |
| Survivor Option | N/A | Issue Price | -- |
| Bond Type | Agency | | |
| Interest Accrual Date | 08/01/2021 | **Coupon Information** | |
| | | Coupon Type | FIXED |
| **Redemptive Features** | | Current Rate Effective Date | 08/26/2021 |
| Call Protection | View Schedule NO | Reset Frequency | TERM MODE |
| Continuously Callable | NO | Benchmark Reference | -- |
| Called Bonds | NO | Benchmark Formula | -- |
| | | Next Reset Date | -- |
| | | Next Reset Rate | -- |
| **Security Features** | | Minimum Rate | -- |
| Federally Taxable | YES | Maximum Rate | -- |
| Marginable | NO | Day Count Basis | 30/360 |
| Original Issue Discount [OID] | N/A | Trading Flat | NO |
| Default | NO | | |
| Current Factor | 0.00000000 | **Original Issuance** | |
| Current Factor Effective Date | 02/16/2024 | Delivery | BOOK ENTRY |
| Previous Factor | 0.90358127 | | |

https://fixedincome.fidelity.com/ftgw/fi/FIBondDetails?cusip=38381DZP8

**The loan is _registered_ within the MERS database showing Flagstar Bank National Association as Servicer and Ginnie Mae as Investor.**



https://www.mers-servicerid.org/sis/common/results

ξ For traditional lending prior to Securitization, the original Mortgage recording was usually the only recorded document in the Chain of Title. That is because banks kept the loans, and did not sell the loan, hence, only the original recording being present in the banks name.

The advent of Securitization, especially through "Private Investors" and not Fannie Mae or Freddie Mac, involved an entirely new process in Mortgage lending. With Securitization, the Notes and Mortgages were sold once, twice, three times or more. Using the traditional model would involve recording new Assignments of the Mortgage and Note as each transfer of the Note or Mortgage occurred. Obviously, this required time and money for each recording.

(The selling or transferring of the Note is not to be confused with the selling of Servicing Rights, which is simply the right to collect payment on the Note, and keep a small portion of the payment for Servicing Fees. Usually, when a homeowner states that their loan was sold, they are referring to Servicing Rights.)

ξ Securitizing a Loan

Securitizing a loan is the process of selling a loan to Wall Street and private investors. it is a method with many issues to be considered. The methodology of securitizing a loan generally followed these steps:

- A Wall Street firm would approach other entities about issuing a "Series of Bonds" for sale to investors and would come to an agreement. In other words, the Wall Street firm "pre-sold" the bonds.

- The Wall Street firm would approach a lender and usually offer them a warehouse Line of Credit. The Warehouse Credit Line would be used to fund the loan. The Warehouse Line would be covered by restrictions resulting from the initial Pooling & Servicing Agreement Guidelines and Mortgage Loan Purchase Agreement. These documents outlined the procedures for the creation of the loans and the administering of the loans prior to, and after, the sale of the loans to Wall Street.

- The Lender, with the guidelines, essentially went out and found "buyers" for the loans, people who fit the general characteristics of the Purchase Agreement. (Guidelines were very general and most people could qualify." The Lender would execute the loan and fund it, collecting payments until there were enough loans funded to sell to the Wall Street firm who could then issue the bonds.

- Once the necessary loans were funded, the lender would then sell the loans to the "Sponsor", usually either a subsidiary of the Wall Street firm, of a specially created Corporation of the lender. At this point, the loans are separated into "tranches" of loans, where they will be eventually turned into bonds.

- Next, the loans were "sold" to the "Depositor." This was a "Special Purpose Vehicle" designed with one purpose in mind. That was to create a "bankruptcy remote vehicle" where the lender or other entities are protected from what might happen to the loans, and/or the loans are "protected" from the lender. The "Depositor" would be, once again, created by the Wall Street firm or the lender.

- Then the "Depositor" would place the loans into the Issuing Entity, which is another entity created solely for the purpose of selling the bonds.

- Finally, the bonds would be sold, with a Trustee appointed to ensure that the bondholders received their monthly payments.

ξ GUARANTEED RATE, INC was a "correspondent lender" that originated Mortgage loans. These loans, in turn, based on the research performed have been sold and transferred into a "federally-approved securitization" trust named the GINNIE MAE REMIC TRUST 2021-143.

ξ The Note and Mortgage have taken two distinctly different paths. The Note based on the research performed have been have been securitized into the GINNIE MAE REMIC TRUST 2021-143.

ξ The loan was originally made to GUARANTEED RATE, INC and based on the research performed have been have been sold and transferred to GINNIE MAE REMIC TRUST 2021-143. There is no record of Assignments to either a Sponsor or Depositor as may be required by a Prospectus Agreement.

**Exhibit I**

# TRANSACTION HISTORY

## Transaction History Report

**671 Exeter Rd, Lebanon, CT 06249-1707**
APN: LEBA M:246 L:68

New London County Data as of: 06/24/2024

### Current Owner: Maldonado Franklin
Vesting: Individual(S)
2021 - Present

● Default

#### LIENS

| Date | Type | Verified | Amount | Borrower(s) | Lender | Loan Type | Type / Term | Rate | Document # |
|------|------|----------|--------|-------------|--------|-----------|-------------|------|------------|
| 08/01/2023 | Lis Pendens | | | Maldonado Franklin | Lakeview Loan Servicing L | | | | 2023.728 |
| 08/27/2021 | Trust Deed/Mortgage | | $340,223 | Maldonado Franklin | Guaranteed Rate Inc | Federal Housing Administration | Est / 30 Years | 2.80 0 | 2021.1220870014 |

#### CONVEYANCES

| Date | Rec Date | Verified | Price | Type | Title Company | Buyer | Seller | Document # |
|------|----------|----------|-------|------|---------------|-------|--------|------------|
| 08/19/2021 | 08/27/2021 | | $346,500 | | None Available | Maldonado Franklin | Worth Janice J James C | 2021.1220860002 |

### Prior Owner: Worth James / Worth Janice
1992 - 2021

#### LIENS

| Date | Type | Verified | Amount | Borrower(s) | Lender | Loan Type | Type / Term | Rate | Document # |
|------|------|----------|--------|-------------|--------|-----------|-------------|------|------------|
| 12/02/2010 | Trust Deed/Mortgage | | $213,000 | Worth James | Chelseagroton Svgs Bank | | / 18 Years | | 269.324 |
| 08/12/2008 | Trust Deed/Mortgage | | $215,000 | Worth James | Chelseagroton Svgs Bank | | Adj / 30 Years | 5.47 00 | 257.270 |
| 10/10/2003 | Trust Deed/Mortgage | | $122,000 | Worth James | Chelseagroton Svgs Bank | | / 15 Years | | 214.809 |
| 03/01/2002 | Trust Deed/Mortgage | | $126,000 | Worth James | Homeside Lending | | / 20 Years | | 196.598 |
| 12/04/1992 | Trust Deed/Mortgage | | $93,150 | Worth James / Worth Janice | Boston Five Mtg Corp | | | | |

#### CONVEYANCES

| Date | Rec Date | Verified | Price | Type | Title Company | Buyer | Seller | Document # |
|------|----------|----------|-------|------|---------------|-------|--------|------------|
| | 12/04/1992 | | $105,000 | | | Worth James / Worth Janice | | |



© 2024 First American Financial Corporation and/or its affiliates. All rights reserved. NYSE: FAF

PAGE 1 OF 1

Title information data source: Documents provided by DataTree.

1. FRANKLIN MALDONADO acquired a loan on the property on August 19, 2021 in the amount of $340,223.00. This primary active loan which was recorded on August 27, 2021 is the subject of this report.

2. No Assignment of Mortgage made since loan origination. All documents should be rescinded and the then notarized Assignment of Mortgage for equivalent value with verifiable proof of funds and note endorsement executed prior to Ginnie Mae acquisition should be recorded for rightful foreclosure to proceed in validating the real parties in interest and in compliance with Connecticut Uniform Commercial Code.

3. Foreclosure action dependent upon a valid Assignment of Mortgage to Ginnie Mae.

# Exhibit T

| Title | Description |
| --- | --- |
| Expert Witness Mortgage Securitization Auditor | Sworn affidavit, expert credentials, and curriculum vitae of Bertrand Falls establishing qualifications under Federal Rule of Evidence 702. The affidavit authenticates the REMIC tranche analysis and Bloomberg terminal data (Exhibit S), confirms mortgage securitization into Ginnie Mae REMIC Trust 2021-143, and supports the conclusions reached in the forensic reports. Includes a detailed summary of the expert's background in financial markets, securitization audits, and mortgage-backed trust tracking |

# BERTRAND FALLS

Expert Witness & Professional Services Provider

2090 Lawrenceville Suwanee Road No. 239

Suwanee GA 30024

Fax No. 877-398-5288

Phone Number: (678) 933-4978

bertrandfalls.correspondence@gmail.com

## CURRICULUM VITAE

SUMMARY OF QUALIFICATIONS

- Acts as expert witness pertaining to foreclosure defense and loan litigation.
- Signature Analysis Analyst
- Computer imaging algorithms analysis of images

- Processes loan origination within various federal and state qualifying standards including appraisals, insurance and post-closing requirements.

- Determines and arranges insurance coverage for life, health, property and casualty insurance.

- Facilitates meetings across multiple time zones, can travel on assignments and holds a valid Driver's License and a US Passport without travel restrictions.

- Builds business models for start-ups and small-scale business enterprises, provide detailed financial planning and reporting, cost estimates and valuations and support customized legal briefings and step-by-step business presentations.

- Leads and supports corporate business process management and produce manuals, tutorials and technical and performance reports.

- Possesses strong analytical, inter-personal and presentation, negotiating and communications skills.

- Coordinates in on-site and off-shore business processing operations.

  - Signature Acquisition is used for handwritten signature authentication.

  - Signature Analysis of single signature complexity to determine probability of forged signatures.

  - Signature Analysis helps determine the probability of handwritten signature pattern coherence.

  - Signature Acquisition of multiple handwritten signature comparison from one or more signatures.

  - Biometric matching, allowing for verification and identification of handwritten signature.

PROFESSIONAL PRACTICE

- Worked in the fields of real estate and loan brokering and origination, rate quotes and disclosures, title insurance, property description and property ownership details with North American Mortgage and Washington Mutual Bank (1993 to 2004), conducted seminars on various mortgage products and services, worked with compliance teams in identifying risks associated with loan exposures and in handling methods of identifying and placing property insurance coverage or complying with insurance requirements.

- Has experience in the field of information technology, more particularly on projects requirements and tools lists associated with AppExchange from Salesforce, Sandbox testing environments, SugarCRM and Salesforce CRM customer relationship management softwares, API testing tools, automation and integration with Microsoft SharePoint, Adobe FrameMaker and Microsoft R server, LexusNexis legal and business research and risk management applications, Microsoft Office 365 software for developer team collaborations and visual studio applications.

- Has experience as Community Loan Officer specializing in FHA- and VA-qualifying loans, RESPA and ALT-A requirements, conforming and non-conforming and prime and sub-prime loans, as Financial Portfolio Auditor conducting reviews of secondary market loans, as Loss Mitigation Supervisor in pre-foreclosure cases and as Post-Closing Auditor for processed loans which included electronic storage.

- Worked in the field of insurance as a licensed agent for life, health, property and casualty insurance with Equitable Life of Iowa, New York Life and MetLife (1985-2001).

EDUCATION & PROFESSIONAL TRAINING

- Since 2016 undergoing continuing education in Cisco Network, Windows Servers, HTML, XML, PHP and SQL Database Management, Microsoft Office 365, Azure, SharePoint, Adobe Suite, Salesforce, QuickBooks, LexisNexus and WordPress, operations compliance in OSHA Workplace, 6 Sigma, ISO 9000 and American Society for Quality, Data Mapping for Technical and Accounting, registrations for LLCs, corporations, trusts and UCC, D and B and EDGAR reporting.

- From 2004 to 2016 underwent seminars in Business, Estate and Litigation Valuation, Capital Markets and Financial Models, Payment

Processing, Merchant Accounts, EDI, ACH and Check 2 and Swift Protocols and Procedures.

- As a Liberal Arts Major (1980 to 1984), attended Oakwood University, Huntsville, Alabama and University of Houston and North Harris College, Houston, Texas.

- Completed 444 hours of certified insurance education.

## MILITARY SERVICE

- Served in the United States Navy (1984-1987) and was honorably discharged.

## OTHER INTERESTS

- Urban Ministries (1979 to the present)

- Photography

## Experience, Qualifications and Expertise of Affiant

## Bertrand Falls

I, Bertrand Falls and over the age of 21 and an expert on the subject matter of Mortgage Foreclosures Securitization Audits, Foreclosure Litigation Mortgage Fraud and Forensic Analyst of Mortgage Assignments and have over 20 years' experience in the Mortgage field.

I have knowledge in Foreclosure Litigation, asset-backed securitization, Foreclosure and loss mitigation I have studied in the areas of truth in lending(T I L A), (RESPA), the fair credit reporting act(FCRA), Uniform Commercial Code (UCC), the ORC 5301, 1109.75 Securitization, Rule 901 Authenticating or Identifying Evidence, Rule 902. Evidence that is self – authenticating. I am an expert it hand writing analysis and signature analysis.

I am proficient and knowledgeable in Foreclosure litigation, mortgage-backed securitization and how these issues find applicability in Judicial Foreclosure actions. In the course of my consultant work I have read and/or reviewed thousands of Mortgage loan related documents including, but not limited to: home loan disclosures, settlement statements, appraisals, underwriting and processing documents, mortgages, notes, Allonge, fraudulent assignments, Mortgage Electronic Registration Systems assignments, complaints, affidavits and trust documents such as pooling

and servicing agreements, prospectuses and prospectus supplements and securitization audits.

I perform, ongoing research into the securitization, sale and transfer aspects of Residential Mortgage loans and mortgage-backed securities and am proficient in applying that research to the particular facts in a given Foreclosure case.

I can testify as an expert witness in proceedings and depositions relative to my expert opinions filed in this case should that be requested or required.



This certificate is awarded to

**BERT FALLS**

In recognition for completing the required training and becoming a
Certified Risk Management Consultant
with

HARVARD™
RISK MANAGEMENT CORPORATION

Certification Date:
November 2016

Mark H. Riches
Mark H. Riches, CEO

Kristopher M. Evans
Kristopher M. Evans, National Marketing Director

# Professional Standards Award

## THIS CERTIFICATE OF ACHIEVEMENT IS AWARDED TO:

## BERTRAND FALLS

THIS AWARD IS GIVEN TO YOU FOR YOUR PURSUIT OF PROFESSIONAL STANDARDS. HEREWITH YOU ARE GRANTED BY YOUR ESTEEMED PEERS THE ACKNOWLEDGEMENT OF THE QUALITFY CURRICULUM OF YOUR PURSUIT TOWARDS THE CERTIFIED ISO MANAGER PROGRAM. THIS AWARD ENTITLES YOU TO RECEIVE ALL OF THE BENEFITS OF THE ISO INTERNATIONAL INSTRUCTOR COMMUNITY PER THE VALIDATION OF YOUR ACHIEVEMENTS AS STATED HEREIN.

## CERTIFICATION

### CONTINUING EDUCATION & SEMINARS:

BLOOMBERG TERMINAL TRAINING- BMC-MARKET CONCEPTS

FIGI-FINANCIAL INSTRUMENT GLOBAL IDENTIFIER

LEI-LEGAL ENTITY IDENTIFIER

THOMSON REUTERS-ONE SOURCE UNIVERSITY

SECURITIZATION FORENSIC AUDITING

LICENSED PROPERTY & CASUALTY ADJUSTER

IN TESTIMONY WHEREOF, PEER GROUP SETS FOR THIS CERTIFICATE IN ELECTRONIC FORM.
THIS DAY OF JANUARY 27TH, 2023  SATISFIES THE STANDARDS FOR PROFESSIONAL ADVANCEMENT.
BERTRANDFALLS.CORRESPONDENCE@GMAIL.COM

# AFFIDAVIT
## *of*
## Bert Falls, Mortgage Fraud Examiner

Here now comes the undersigned, Bert Falls, in this affiant statement regarding the attached Securitization Audit Report and Examiner Exhibits as described in detail in the following paragraphs. I am not an attorney and I do not intend this report to be construed as legal advice. However, I am qualified to render this statement based on my experience, qualifications and expertise as follows:

### EXPERIENCE, QUALIFICATIONS AND EXPERTISE OF AFFIANT

I, Bert Falls, over 21 years of age, an expert on the subject matter of mortgage foreclosures, securitization audits, foreclosure litigation, mortgage fraud and forensic analysis of mortgage assignments have over 20 years of experience in the mortgage field.

I have knowledge in asset-backed securitization, foreclosure and loss mitigation I have studied in the areas of the Truth in Lending (TILA), the Real Estate Settlement Procedures Act (RESPA), the Fair Credit Reporting Act (FCRA), the Uniform Commercial Code (UCC), the Ohio Revised Code Section 5301 (Conveyances, Encumbrances) and Section 1109.75 (Securitization) and the Federal Rules of Evidence Rule 901 (Authenticating or Identifying Evidence) and Rule 902 (Evidence that is Self-Authenticating). Computer algorithms may be utilized for handwriting and signature analysis.

1 | Affidavit of Mortgage Fraud Examiner

## VERIFICATION OF AFFIANT

I, Bert Falls, of legal age and of sound mind and competence, confirm and assert as correct, complete, and not misleading to the best of my information, understanding, knowledge and belief and subscribe on the herein verified Affidavit by me.

Affirmed by:

BERT FALLS, Fraud Examiner
5065 Sugarloaf Pkwy, # 6038
Lawrenceville, GA 30046
Fax No. (877) 398-5288
bertfalls.correspondence@gmail.com

**2** Affidavit of Mortgage Fraud Examiner

# Exhibit U

This exhibit formally references Claimant's verified international commercial claim, **Claim No. 70221670000132240795**, which has been served and lawfully recorded in accordance with international commercial procedures.

**Due to its private and ecclesiastical nature**, the full claim document is not attached here. However, **Claimant stands ready to produce it for in camera review** by the Court upon request.

This reference preserves jurisdictional notice and record integrity without publication into the public docket.

# Exhibit V

**Notice of Preservation of International Remedies**

Formal reservation of all private and international enforcement remedies, including administrative proceedings, commercial liens, and ecclesiastical declarations. Filed in parallel to this proceeding for lawful notice only

# Exhibit W

Title

Description

Incorporated Judicial Notice of
Liability

Incorporated in full at the beginning of this filing and
entered into the record pursuant to Practice Book §§ 1-
8 and 11-10. Serves as affidavit of record, unrebutted
under 28 U.S.C. § 1746(1), and not restated here to
avoid redundancy.

KNL-CV-23-6062914-S                             NEW LONDON SUPERIOR COURT

LAKEVIEW LOAN SERVICING, LLC                    STATE OF CONNECTICUT
v.
FRANKLIN MALDONADO                              July 28, 2025

## JUDICIAL NOTICE OF LIABILITY, COMMERCIAL VIOLATIONS, AND DEMAND FOR JUDICIAL RECORD ENTRY

**This Affidavit and Judicial Notice is entered in direct relation to Entry #149.00 (Motion to Vacate Void Judgment) as a factual enhancement pursuant to Connecticut Practice Book § 11-10.**

Submitted under penalty of perjury pursuant to 28 U.S.C. §1746(1), UCC §1-308, and Executive Order 13818.

Pursuant to Practice Book §§ 1-2a, 1-8, 1-9, 1-16, 10-12, 11-10, 17-4, and 17-20, this unrebutted notice must be treated as binding upon the record. Any further action in contradiction to the unrebutted facts and procedural demands herein constitutes judicial misconduct, violation of due process, and extra-judicial overreach.

The court is now formally requested to recognize and enter this Notice into the judicial record as a matter of right, not discretion, under §§ 1-8 and 11-10 and constitutional due process guarantees.

All facts, claims, and legal conclusions stated herein shall stand as admitted and binding unless each is rebutted point-by-point by the party to whom the claim is directed, under sworn affidavit and full commercial liability, pursuant to Practice Book § 11-10 and 28 U.S.C. § 1746(1).

## I.    INTRODUCTION AND NOTICE TO THE COURT

This filing constitutes lawful notice to the Court and all named parties of extensive legal violations, coordinated misconduct, and direct harm committed against MALDONADO'S FAMILIA GODTRUST and its Trustee. The purpose of this Notice is to memorialize the totality of wrongdoing for judicial record, constructive notice, and future remedy proceedings.

This Notice does **not** demand immediate adjudication. Rather, it serves as a preserved claim of record for enforcement, settlement, estoppel, or referral to higher jurisdictions. All rights reserved.

Page 1 of 9

## II.  NAMED PARTIES AND ASSIGNED LIABILITY (WITHOUT MONETARY FIGURES)

Each of the following individuals and entities are liable for specific acts of fraud, obstruction, constitutional violations, or commercial injury. This notice addresses their personal and institutional liability, regardless of job title, agency, or public/private classification:

### 1.  Lakeview Loan Servicing, LLC

a) Foreclosure fraud, billing deception, REMIC trust concealment, violation of UCC §3-203.

b) Harassment and unlawful collection tactics in violation of 15 U.S.C. §1692d (FDCPA – harassment or abuse).

c) Use of deceptive means to collect debt in violation of 15 U.S.C. §1692e.

d) Failure to provide proper validation of debt under 15 U.S.C. §1692g.

e) Trespass upon trust and estate jurisdiction by asserting claims without standing.

f) Attempted unlawful enforcement of a bifurcated and void note.

g) False representation of authority and failure to disclose material facts in violation of 18 U.S.C. §1001.

### 2.  M&T Bank Corporation

a) REMIC trust conspiracy, unlawful servicing participation, concealment of bifurcation.

b) Post-default retaliatory credit reporting in violation of 15 U.S.C. §§ 1681s-2(b), 1681i, and 1681e(b).

c) Attempted collection on an unverified, bifurcated obligation in violation of FDCPA, 15 U.S.C. §§ 1692e and 1692g(b).

d) Failure to produce original wet-ink Mortgage and the Promissory Note, violating UCC §3-309(b) and established case law (Carpenter v. Longan).

e) Sent misleading and coercive written statements by mail following lawful dispute, violating 18 U.S.C. §1341 (mail fraud).

### 3.  Flagstar Bank, FSB

a) Claimed authority through phantom assignment without lawful chain of title, in violation of UCC §3-203 and Carpenter v. Longan.

b) Failed to validate debt upon lawful demand, in violation of 15 U.S.C. §1692g(b) (FDCPA).

c) Engaged in harassment by dispatching agents to the private residence of the Trustee, despite lawful estoppel and notice to cease and desist, in violation of 15 U.S.C. §1692d.

Page 2 of 9

d) Retained negotiable instruments tendered for discharge and settlement without response or return, thereby committing unlawful conversion, breach of good faith, and trust trespass.

e) Trespassed upon a perfected private estate and trust jurisdiction without standing, causing substantial commercial and psychological harm.

f) Acted with knowledge of estoppel filings and unrebutted affidavits, demonstrating willful misconduct and intent to defraud.

### 4. Guaranteed Rate, Inc.

a) Engaged in origination fraud by knowingly concealing the intent to securitize the Promissory Note into a REMIC trust (Ginnie Mae 2021-143), thereby depriving the Trustee of informed consent and contractual clarity.

b) Failed to disclose the material nature of the loan's future transfer and conversion into a financial security, violating 15 U.S.C. §1641(g) and 12 C.F.R. §§ 1026.17 and 1026.39 (Regulation Z – TILA).

c) Withheld essential terms relating to assignment, creditor identity, and financial risk, voiding the contract under TILA and rendering the transaction commercially deceptive and unconscionable.

d) Violated the Trustee's right to full disclosure under federal consumer protection laws, contributing to downstream fraud, bifurcation, and trust trespass.

### 5. Kenneth J. Pollock *(formerly of Mancuso Carey LLC, now at Chesson & Schweickert)*

- Participated in fraudulent mortgage execution, failed to disclose trust transfer risk, breach of fiduciary duty.

### 6. Martin L. Caine IV, James Pocklington, Benjamin T. Staskiewicz, Chardynēa J. Crossdale *(McCalla Raymer Leibert Pierce, LLC)*

- Filed false pleadings, interfered with trust assets, obstructed judicial process, acted under false capacity.

### 7. Judge Spallone

- Adjudicated under color of law, in direct violation of 18 U.S.C. §242, by willfully depriving the claimant of constitutional rights, including due process and access to a fair tribunal. Violated civil and constitutional protections after being placed on lawful notice. Acted in direct violation of Article VI, Clause 2 of the U.S. Constitution and deprived the claimant of meaningful access to a neutral tribunal.

8. **Trial Court Clerk and Case Manager**

a.  Willfully participated in **transcript tampering** in violation of **18 U.S.C. §§ 1512 and 1519**, including alteration or omission of critical hearing statements and judicial admissions from the official court record.

b.  **Unlawfully blocked and delayed lawful filings**, including objections and judicial notices, despite timely submission and verification under Practice Book §§ 11-10 and 60–2, thereby obstructing due process.

c.  **Published private and sensitive information** (including trust data and personal identifiers) into the public docket without redaction or consent, in direct violation of **constitutional privacy protections** and administrative standards of confidentiality.

d.  **Engaged in procedural suppression under color of law**, selectively advancing Plaintiff's filings while ignoring or misrouting Defendant's timely motions—constituting bias, bad faith, and abuse of clerical discretion.

e.  Acted outside the scope of ministerial duty by enforcing de facto procedural outcomes, creating unlawful defaults, and contributing to the enforcement of a void judgment in violation of both **Connecticut Practice Book §§ 17-4, 17-20**, and federal protections under the **Fifth and Fourteenth Amendments**.

9. **Connecticut Appellate Court Judges – Alvord, Clark, and Eveleigh- per curiam decision without due process**

a.  As the assigned panel in appellate case **AC 47815**, Judges Alvord, Clark, and Eveleigh were placed under oath during oral argument and were presented with unrebutted judicial notices, sworn affidavits, and formal records of procedural fraud, constitutional violations, and commercial injury originating in the trial court.

b.  The panel issued a **per curiam affirmance without opinion**, despite having full jurisdictional authority and all necessary facts before them. This silent disposition disregarded violations of due process, judicial estoppel, and binding federal protections, and failed to address affidavits that stood unrebutted under law.

c.  **Critically, opposing counsel for the plaintiff expressly stated on the record that their client was not a holder in due course, but merely a holder** — a fatal legal concession which destroyed any standing to enforce the note under UCC § 3-301. Despite this admission, the panel affirmed the lower court's ruling, disregarding established commercial law and the perfected rebuttal entered by the Claimant.

d.  Their omission, issued post-notice and post-oral invocation of the Supremacy Clause, constitutes **constructive ratification of lower court fraud** and **dereliction of judicial duty**, in violation of **Article VI, Clause 2** of the U.S. Constitution, and raises serious concerns under **18 U.S.C. § 242, 42 U.S.C. § 1983**, and **Uniform Commercial Code §§ 3-301 and 3-203**.

e. Their silence and refusal to apply controlling law is now being used by trial court officials and private attorneys as a **tool of procedural malfeasance**, granting unjust legitimacy to unlawful proceedings and compounding systemic harm to both constitutional and commercial rights of the Claimant.

### 10. Judge Thomas Cecil

Willfully coached Plaintiff's counsel on refiling strategy during the July 16, 2025 hearing, violating judicial neutrality and due process. Ignored written objections on record (Entry #143.00), failed to rule on Motion to Vacate (#149.00), and proceeded under color of law. Violated Canon 2.2, 2.4(B), and 2.6(A), and contributed to the denial of constitutional protections under the Supremacy Clause.

## III.    VIOLATIONS OF LAW AND JURISPRUDENCE

The named parties have collectively and individually violated the following statutes and case precedents:

### 1. Federal Statutory Violations

a)   **18 U.S.C. § 241** – Conspiracy against rights
b)   **18 U.S.C. § 242** – Deprivation of rights under color of law by judicial or administrative actors
c)   **42 U.S.C. § 1983** – Civil rights violation by public actors
d)   **18 U.S.C. § 1001** – False statements or representations
e)   **18 U.S.C. § 1341** – Mail fraud
f)   **18 U.S.C. §§ 1512, 1519** – Tampering with a witness, evidence, or record
g)   **15 U.S.C. § 1641(g)** – TILA transfer violations (failure to notify borrower)
h)   **15 U.S.C. § 1631** – Failure to disclose material credit terms
i)   **12 C.F.R. § 1026.17(a)(1)** – Regulation Z: Requirement to disclose credit terms at or before closing
j)   **12 C.F.R. § 1026.39(b)** – Regulation Z: Disclosure of post-closing loan transfers
k)   **15 U.S.C. § 1681s-2(b)** – Duty to investigate disputes (FCRA)
l)   **15 U.S.C. § 1681i** – Failure to reinvestigate consumer disputes (FCRA)
m)   **15 U.S.C. § 1681e(b)** – Reporting inaccurate credit data with negligence (FCRA)
n)   **15 U.S.C. § 1692d** – Harassment or abuse in debt collection (FDCPA)
o)   **15 U.S.C. § 1692e** – False/misleading collection practices (FDCPA)
p)   **15 U.S.C. § 1692g(b)** – Failure to validate disputed debt (FDCPA)

2. **TILA Violations** – 15 U.S.C. § 1641(g)
   15 U.S.C. § 1641(g) – Mandatory written disclosure of transfer of mortgage ownership to borrower within 30 days.

3. **Commercial Code Violations (UCC)**

   a) UCC §1-201(b)(21): Definition of holder in due course
   b) UCC §3-203: Transfer of instrument
   c) UCC §3-309(b): Enforcement of lost instrument
   d) UCC §9-203: Enforceability of security interest

4. **Constitutional Violations**

   a) Fifth Amendment: Procedural due process
   b) Sixth Amendment: Right to confront accuser or adverse witness, violated by the absence of a verified injured party or competent affiant with firsthand knowledge
   c) Fourteenth Amendment: Equal protection under the law
   d) Article VI, Clause 2: Supremacy Clause

5. **Judicial Code of Conduct Violations** (Canon Law for Judges)

   a. **Canon 2.2** – A judge shall uphold and apply the law.
   b. **Canon 2.4(B)** – A judge shall not convey that others are in a special position to influence the judge.
   c. **Canon 2.6(A)** – A judge shall ensure the right to be heard is preserved.

6. **Forgery / Fraud on the Court – 18 U.S.C. § 1001**

   a. **18 U.S.C. § 1001** – False statements, concealment, or fraudulent documents knowingly used in any matter within jurisdiction of U.S. government or courts.

7. **Judicial and Appellate Case Law**

   a) **Trinsey v. Pagliaro**, 229 F.Supp. 647 (E.D. Pa. 1964) – No attorney affidavit can substitute for facts
   b) **Carpenter v. Longan**, 83 U.S. 271 (1872) – Note and mortgage must remain together
   c) **Yvanova v. New Century Mortgage Corp.**, 62 Cal.4th 919 (2016) – Borrower has standing to challenge void assignments
   d) **Johnson v. Zerbst**, 304 U.S. 458 (1938) – Waiver of constitutional rights must be knowing, intelligent, and voluntary

### 8. Executive Order 13818 – Relevant Sections Triggered

a.  **Section 1(a)(ii)(A):**

Blocks property and interests in property of any foreign person (or U.S. person under Magnitsky authority) determined by the Secretary of the Treasury, in consultation with the Secretary of State and the Attorney General:

**"to be responsible for or complicit in, or to have directly or indirectly engaged in— corruption, including the misappropriation of state assets, the expropriation of private assets for personal gain, corruption related to government contracts or the extraction of natural resources, or bribery."**

## IV.    PRESERVED STANDING & JURISDICTIONAL ASSERTION

Trustee Franklin Maldonado© stands in his proper capacity as:
a)  Private American National
b)  Trustee of MALDONADO'S FAMILIA GODTRUST
c)  Secured Party via perfected UCC filings: UCC-1 #0005136101; UCC-3 Assignments #0005163088, #0005282014
d)  Affiant in DOJ Case No. 596182-VNZ
e)  Claimant under ICC Claim #70221670000132240795. **This private commercial claim is lawfully administered under international enforcement protocols and may be submitted in camera upon judicial demand.**
f)  FOIA Complainant in HUD Case #25-FI-HQ-02286
g)  Sanctions Reporting Party under **OFAC Query No. OFAC-2025-006966**, formally submitted and acknowledged pursuant to Executive Order 13818. The referral confirms Treasury oversight and serves as federal notice of ongoing commercial corruption, due process violations, and systemic abuse under color of law.

All affidavits, notices, and claims referenced herein remain unrebutted and perfected as a matter of law.

## V.    NOTICE TO COURT AND ALL PARTIES

This Notice shall be:

a)  Judicially noticed by the Court under Practice Book §§ 1-8, 11-10, and 10-12
b)  Entered as constructive notice to all named parties
c)  Used to support future filings, sanctions, estoppel actions, and federal enforcement proceedings

This filing is not a motion or request for adjudication but a **formal preservation of standing, violation record, and notice of intent to pursue lawful remedy** if resolution or correction is not achieved.

Pursuant to Practice Book §§ 1-8 and 1-16, any refusal to enter or acknowledge this judicial notice would constitute a furtherance of injustice and compel immediate federal escalation under Executive Order 13818 and 18 U.S.C. §§ 241–242.

Affirmed under lawful authority and entered for judicial record, under seal and oath,


By:_____

By: Franklin: Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: aramaldo08@gmail.com


Affix stamp or Seal here


## CERTIFICATE OF SERVICE

Pursuant to Practice Book § 10-12. I hereby certify that a copy of the foregoing **Master Notice of Liability, Commercial Violations, and Demand for Judicial Record Entry** was served in accordance with Connecticut Practice Book § 10-12 by electronic delivery and/or facsimile transmission, on this 28 day of July, 2025, to the following recipients:

**STATE OF CONNECTICUT**
**Superior Court – Office of the Clerk**
70 Huntington Street
New London, CT 06320-6113
Fax: (860) 442-7703

Page 8 of 9

**LAKEVIEW LOAN SERVICING, LLC**
Counsel: McCalla Raymer Leibert Pierce, LLC
Juris No.: 101589
280 Trumbull Street, 23rd Floor
Hartford, CT 06103
Phone: (860) 808-0606
Fax: (860) 524-5602
Email: cindy.germano@mccalla.com

**COMMITTEE OF SALE**
Attorney Jason B. Burdick
Juris No.: 430295
107 State Street
New London, CT 06320
Phone: (860) 443-7014
Fax: (860) 443-7015
Email: jburdick@messiermassad.com

Affirmed under lawful authority and entered for judicial record, under seal and oath.

By: _____

By: Franklin:Maldonado©
Trustee, MALDONADO'S FAMILIA GODTRUST
Secured Party / Private American National
c/o 671 Exeter Road, Lebanon, Connecticut [06249]
Tel: 959-223-7573
Email: aramaldo08@gmail.com

Affix stamp or Seal here